UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273-CR-HUCK

UNITED STATES OF AMERICA )
)
       Plaintiff, )
)
v. )
)
ARIEL HERNANDEZ, )
)
       Defendant. )
_____)

FILED BY 2000 OCT -6 PM 4:38
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

### DETENTION ORDER

Before the Court is the government's motion to detain defendant ARIEL HERNANDEZ prior to trial and until the conclusion thereof pursuant to 18 U.S.C. § 3142(e). Having heard evidence and considered the factors enumerated in Section 3142(g), the Court finds that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Accordingly, the Court hereby orders that the defendant be detained prior to trial and until the conclusion thereof under the provisions of 18 U.S.C. § 3142(i).

### FINDINGS OF FACT

1. The defendant is charged with conspiring to violate the Racketeer Influenced and Corrupt Organizations Act (RICO) in violation of 18 U.S.C. § 1962(d) (Count 1), Bank Fraud in violation of 18 USC § 1344 (Counts 2-16), Conspiracy to Commit Murder in Aid

of Racketeering in violation of 18 USC § 1959(a)(5) (Count 17), Murder in Aid of Racketeering in violation of 18 USC § 1959(a)(1)) (Count 18) and Uttering Counterfeit Checks in violation of 18 USC § 513 (Count 21).

    2. Based on the Indictment of the Grand Jury, the Court finds that the defendant is charged with a crime of violence that has as an element thereof, the use, attempted use, or threatened use of force against the person or property of another as required by 18 U.S.C. § 3142(f)(1)(A). See 18 U.S.C. § 3156(a)(1)(4).

    3. The weight of the evidence against the defendant **HERNANDEZ** is substantial. In the instant case, the government conducted a two-year investigation utilizing not only cooperating witnesses but also electronic monitoring comprised both of court authorized wire-interceptions and consensual recordings. According to the government's proffer, on Saturday, March 20, 1999, sometime after 5:20 a.m. but before 3:43 p.m., **HERNANDEZ** murdered Jeanette Smith age 26, a dancer at a nearby strip club called Thee Dollhouse, in room 121 of the Olympia Villager Lodge Motel in Sunny Isles, Florida.

    A few days before Smith's murder, **HERNANDEZ's** co-defendant **FREDERICK J. MASSARO** told a cooperating source that orders came down from up north to take care of some girl, a dancer, who was an

informant for the FBI[1].

At approximately 3:43 p.m. on March 20, 1999, a court authorized interception recorded **HERNANDEZ** notifying **MASSARO** from the Olympia Villager Lodge Motel that a murder got messy and that he needed help in getting rid of the body[2]. Subsequently intercepted conversations recorded **MASSARO** and **HERNANDEZ** planning the disposal of Smith's body[3] and subsequently, the cover-up of **MASSARO's** involvement[4]. According to the government's proffer, the

---

[1] According to the government there is no evidence that Smith was an FBI informant; however, the government proffered that Smith was involved with the counterfeit check scheme.

[2] **HERNANDEZ:** "Listen, uh, things gotta little messy yesterday. Remember that, uh, detective from the thing?" **MASSARO:** "From what thing?" **HERNANDEZ:** "The homicide". **MASSARO:** "Yeah" **HERNANDEZ:** "Well, the thing is this I just, I, I tied up the loose ends and I got a package I gotta get rid of." **MASSARO:** Uh huh. **HERNANDEZ:** "What should I do?" **MASSARO:** "I don't know I'll talk to you in person."

[3] On Saturday, March 20, 1999, at approximately 5:13 p.m. **MASSARO** called the Village Olympia. **MASSARO** asked for room 121 and spoke to **HERNANDEZ** and asked are you ready, you're all dressed and everything? **HERNANDEZ** said yeah. At approximately 6:34 p.m., **MASSARO** called and spoke to **ADAM SILVERMAN** and told him "I need the truck for a while. Bring it to the store. Could you leave now please?"

[4] On April 1, 1999, after **HERNANDEZ** was arrested and while he was in the Broward County jail, he called **MASSARO** and told him that he was "taking the whole rap." **HERNANDEZ** thereupon stated the following: "The story that's laid out in the press is the story that me and Jerry came up with that way nobody will be incriminated ... Because the way it was explained to the police, it was an accidental fucking some rough sex shit, but the only problem is they're not gonna find no sperm or DNA or anything like that in the girl from me. So that's when, when, when, we get to that case, when we get to that point, we'll fucking see what

medical examiner's report indicated that Smith died as the result of asphyxiation due to strangulation. While she was alive, her cricoid cartilage was fractured, her lips were bruised and lacerated, her tongue was lacerated, she received blunt head trauma, anal trauma with acute hemorrhage and lacerations and bruises along the right jaw line, chin and both legs.

4. Based on the above, the Court finds by clear and convincing evidence that the defendant poses a danger to the community and no condition or combination of conditions would reasonably assure that safety of any other person or the community.

Accordingly, the Court hereby ORDERS:

(a) That defendant **HERNANDEZ** be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That defendant **HERNANDEZ** be afforded reasonable opportunity for private consultation with counsel; and

---

we're going to do."

4

(c) That on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant **HERNANDEZ** is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Miami, Florida, this 6th day of October, 2000.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

cc: AUSA Jeffrey H. Sloman
    Jeffrey Weinkle, Esq.