

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6273-CR-HUCK

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

ARIEL HERNANDEZ, et al.,

    *Defendant.*
_____/

**MOTION TO SEVER THE TRIAL OF ALL CO-DEFENDANTS
OR IN THE ALTERNATIVE
MOTION IN LIMINE TO PRECLUDE
INTRODUCTION OF STATEMENTS MADE BY CO-DEFENDANTS AFTER
ARIEL HERNANDEZ WAS NO LONGER A MEMBER OF THE CONSPIRACY**

THE DEFENDANT, ARIEL HERNANDEZ, by and through the undersigned counsel, requests that this court grant the defendant a severance on the grounds that he will suffer prejudice as a result of the introduction of evidence of co-defendant statements in the form of electronically intercepted telephone calls. In the alternative, Mr. Hernandez seeks an Order In Limine which precludes introduction of co-defendant statements after March 28, 1999, and in support thereof states:

    1. The Defendant is charged in a 25 Count Indictment as follows:

| | |
|---|---|
| Count 1: | RICO Conspiracy - 18 USC 1962(d) |
| Counts 2-16: | Bank Fraud - 18 USC 1344 |
| Count 17: | Conspiracy to Commit Murder in Aid of Racketeering (18 USC 1959(a)(5) |
| Count 18: | Murder in Aid of Racketeering - (18 USC 1959(a)(1)) |



*United States v. Ariel Hernandez*
CASE NO. 00-6273-CR-HUCK

        Count 21:           Uttering Counterfeit Checks - (18 USC 513)

Mr. Hernandez's alleged involvement is in the form of creating and/or using counterfeit checks and in committing or participating in the murder of Jeannette Smith.

**Factual Background**

2. On or about March 18, 1999, U.S. District Court Judge, William P. Dimitrouleas entered an Order Authorizing the Interception of Wire Communications. Subsequently, Judge Dimitrouleas entered Orders on April 20, 1999 and May 20, 1999 authorizing the continued interception of wire communications.

3. On or about March 21, 1999 the Broward County Sheriff's Office (BSO) began an investigation into the death of Jeannette Smith, whose body had been located near mile marker 31 on Alligator Alley.

4. On March 26, 1999 BSO was notified by a Miami-Dade Homicide Detective that the Federal Bureau of Investigation (FBI) was working a case involving wire taps and had intercepted a call pertaining to a possible homicide. BSO detectives contacted FBI agents and learned the nature of the subject call(s), and as a result began to target Ariel Hernandez as the subject of their investigation. On or about March 27, 1999 BSO Detectives obtained an Arrest Warrant for Ariel Hernandez. Mr. Hernandez was arrested on March 28, 1999 at the apartment he shared with his girlfriend.

5. Immediately following his arrest, Mr. Hernandez was transported to the BSO office where he was interviewed first, by BSO detectives and then by FBI agents. During these interviews, Mr. Hernandez gave statements to both BSO Detectives and FBI Agents outlining his involvement, his

*United States v. Ariel Hernandez*
CASE NO. 00-6273-CR-HUCK

knowledge of the charged events and interd-alia, identifying many subjects both charged and uncharged. Subsequently, through counsel, arrangements were made for the Defendant to be further interviewed by the FBI. Pursuant to a limited grant of immunity, the Defendant was again interviewed by the FBI on or about April 8, 1999.[1]

6. It has since be learned that prior to Mr. Hernandez's arrest, members of the alleged conspiracy determined that Mr. Hernandez had withdrawn from the alleged conspiracy and gave orders for his assassination. The gravamen of a conspiracy is the agreement itself and the conspiracy is said to continue so long as the agreement is in effect and the participants are endeavoring to achieve a common goal. The efforts of Mr. Hernandez's alleged co-conspirators to assassinate him is perhaps the best evidence of the termination of a common goal or plan and therefore, Mr. Hernandez was no longer a member of the conspiracy as of the date that his alleged co-conspirators plotted his murder. It is respectfully submitted, that to hold otherwise, would require this Court to reach the illogical conclusion that Mr. Hernandez, being responsible for the reasonably foreseeable actions of his co-conspirators, would have continued to be a part of the same conspiracy that was now conspiring to effectuate his murder. This fact alone, even without Mr. Hernandez having made statements to law enforcement, must be deemed as a termination of Mr. Hernandez's alleged membership in the criminal conspiracy charged in the Indictment.

7. Moreover, it is abundantly clear that Mr. Hernandez, following his arrest on State Murder Charges gave at least three statements to law enforcement during which he disclosed his full

---

[1] At the time, Mr. Hernandez was represented by privately retained counsel. The undersigned was not involved in this matter until appointed pursuant to the Criminal Justice Act.

<u>United States v. Ariel Hernandez</u>
CASE NO. 00-6273-CR-HUCK

knowledge of the fraudulent check scheme and the murder of Jeannette Smith.

8. The Defendant submits that his alleged membership in the charged conspiracy terminated at the earlier of either:

    a) The co-conspirators plot to assassinate him, or

    b) His statement(s) to law enforcement on March 28, 1999.

### **MEMORANDUM OF LAW**

Summarizing the law regarding coconspirator statements, the Eleventh Circuit, in <u>United States v Beale</u>, 921 F.2d 1412 (11th Cir. 1995) stated:

> Federal Rule of Evidence 801(d)(2)(E) provides that a statement is not hearsay if it is offered against a party and was made "by a coconspirator of a party during the course and furtherance of the conspiracy." These statements are admissible, however, only if a preponderance of the evidence shows: (1) the existence of a conspiracy; (2) the participation of the defendant and the declarant in the conspiracy; and, (3) that the declarant made the statement during the course and in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(E); <u>United States v. Turner</u>, 871 F.2d 1574, 1581 (11th Cir.), cert. denied, 493 U.S. 997, 110 U.S. 552, 107 L.Ed.2d 548 (1989).

The law regarding withdrawal from a conspiracy, as stated in <u>United States v. Starrett</u>, 55 F.3D 1525, 1550, (11th Cir. 1995) requires that:

> To establish the affirmative defense of a withdrawal from the CONSPIRACY, the defendant has the substantial burden of proving: (1) that he has taken affirmative steps, inconsistent with the objectives of the CONSPIRACY, to disavow or to defeat the objectives of the CONSPIRACY; and (2) that he made a reasonable effort to communicate those acts to his co-conspirators *or that he disclosed the scheme to law enforcement authorities.* See LeQuire, 943 F.2d at 1564; United States v. Finestone, 816 F.2d 583, 589 (11th Cir.), cert. denied, 484 U.S. 948, 108 S.Ct. 338, 98 L.Ed.2d 365 (1987). "A mere cessation of activity in the CONSPIRACY is not sufficient to establish withdrawal." Id. (Emphasis added).

<u>United States v. Ariel Hernandez</u>
CASE NO. 00-6273-CR-HUCK

Therefore, it is conceded that the alleged conspirator must do more than simply cease activity; there must also be affirmative action, either by making a reasonable effort to communicate his withdrawal to his coconspirators or disclosing the scheme to law enforcement authorities. In the instant case, it is uncontroverted that the Defendant disclosed the scheme to law enforcement authorities. Even if not completely candid with officers from BSO the Defendant's statements to FBI, with the exception of admitting to the actual act of murder, are substantially in conformance with the allegations of the Indictment.

The defendant is mindful of the general rule that a coconspirator's incarceration, by itself, will not establish withdrawal from conspiracy. However, this defendant has taken additional steps to effectuate his withdrawal. Not only did he make a full confession to the authorities, but, the alleged coconspirators attempted to have him assassinated.

<u>United States v. Nerlinger</u>, 862 F.2d 967 (2nd Cir. 1988) clearly and unequivocally stated the law regarding coconspirator statements made after the defendant has withdrawn from the conspiracy:

> As the language of the rule indicates, once a party withdraws from a conspiracy subsequent statements by a coconspirator do not fall within this exception. *See 4 Weinstein's Evidence* ¶ 801(d)(2)(E)[01], at 801-248-49 (1988; se also *United States v. Abou-Saada*, 785 1, 8 (1st Cir.), cert. denied, 477 U.S. 908, (1986) (additional citations omitted).

In the matter at bar, the evidence is clear, during Mr. Hernandez's statements to police, he gave full and complete statements in which he answered virtually all questions and detailed his own involvement. He then described other indicted and unindicted individuals by name and identified photographs of them as well as giving what information he possessed regarding their criminal activities. There is no evidence that he did anything after his withdrawal on March 28, 1999 to assist

*United States v. Ariel Hernandez*
CASE NO. 00-6273-CR-HUCK

the others allegedly involved in the conspiracy and to thereby reenter said conspiracy.

In <u>United States v Beale</u>, 921 F.2d 1412 (11th Cir. 1995), the Court was faced with the issue of whether the declarant was still a part of the conspiracy at the time Beale was a member of the same conspiracy. Beale argued that there had, in fact been multiple conspiracies, and that he was not involved in the conspiracy when the statement was made. In finding that there had actually been one continuing conspiracy rather than multiple conspiracies as argued by Beale, the Court found that:

> In proposing the robbery to [one co-defendant], BEALE stated that they did not need [the remaining co-defendants], thereby suggesting that BEALE did not intend to share the proceeds from the robbery with the organization. ***But at the same time, BEALE gave no indication that he had broken completely with the organization nor did he indicate that he intended to do so in the future. Absent withdrawal, BEALE remained a part of the conspiracy.*** See United States v. Roper, 874 F.2d 782, 787 (11th Cir.), cert. denied, 493 U.S. 867, 110 S.Ct. 189, 107 L.Ed.2d 144 (1989). ***Withdrawal must be shown by affirmative acts.*** Id. We note that the instant case is distinguishable from Koopman, 757 F.2d at 905. In that case, the declaring terminated his involvement in the conspiracy before the defendant even joined. In the instant case, although BEALE was excluded from the [offense] because of a dispute with [one of the excluded co-defendants], he received a share of the proceeds from [other co-defendants]. BEALE continued to communicate with members of the conspiracy and to receive proceeds from the organization's robberies. <u>Beale</u>, Id. at 1423. (Emphasis added).

In contrast with the defendant in <u>Beale</u>, Id., Mr. Herandez gave a full confession to the authorities, did not share in any proceeds of the conspiracy's alleged activities after his withdrawal and had no participation in any of the alleged coconspirators criminal acts after March 28, 1999.

Predicated upon the above and foregoing, and having established that the defendant, Ariel Hernandez, was not a member of the alleged conspiracy after his arrest and withdrawal on March 28, 1999 it is respectfully submitted that he is entitled to a severance from the remaining co-defendants or in the alternative an Order In Limine precluding the Government from introducing into

*United States v. Ariel Hernandez*
CASE NO. 00-6273-CR-HUCK

evidence in any joint trial with Ariel Hernandez the statements of any alleged co-defendants made after March 28, 1999, including, but not limited to any statements obtained by way of interview, wiretap or body bug.

The undersigned has attempted to contact AUSA Larry Levicchio regarding the Government's position with regard to this Motion, however, he was not available for comment.

WHEREFORE, the Defendant respectfully moves this Honorable Court to sever trial of all Co-defendant's or in the alternative enter its Order in Limine to precluding introduction of statements made by co-defendants after the earlier of either the plot to assassinate him or his statements to law enforcement on March 28, 1999

Respectfully submitted,

JEFFREY D. WEINKLE, ESQ.
FBN: 271934

United States v. Ariel Hernandez
CASE NO. 00-6273-CR-HUCK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed/delivered this __2nd__ day of __March__, 20 __01__ to: United States Attorney's Office, AUSA LARRY LaVECCIO, 99 N.E. 4th Street, Miami, FL 33132; and to:

Richard Houlihan, Esq.
Suite 310
300 Aragon Avenue
Coral Gables, FL 33134
(Attorney for Trentacosta)

Fred Haddad, Esq.
101 NE Third Avenue
Suite 202
Ft. Lauderdale, FL 33301
(Attorney for Massaro)

Samuel D. Deluca
3451 John f. Kennedy Blvd.
Jersey City, New Jersey 07307
(Attorney for Ruggiero)

Donald Spadero, Esq.
1000 S. Federal Highway
Suite 103
Ft. Lauderdale, FL 33316
(Attorney for Chiusano)

Michael Smith, Esq.
633 SE 3rd Street
Suite 4F
Ft. Lauderdale, Fl
(Attorney for Silverman)

Alejandro Taquechel, Esq.
Suite 238
3750 W. 16th Avenue
Hialeah, FL 33012
(Attorney for Carlos Garcia)

Thomas Almon, Esq.
321 NE 26th Street
Miami, FL 33137
(Attorney for Monico)

Manuel Gonzalez, Esq.
782 NW Le Jeune Road
Suite 440
Miami, FL 33126
(Attorney for Banks)

JEFFREY D. WEINKLE, ESQ.
1035 NW 11th Avenue
Miami, FL 33136-2911
Tel: 305-373-4445
Fax: 305-545-8514

JEFFREY D. WEINKLE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6273-CR-HUCK

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

ARIEL HERNANDEZ, et al.,

    *Defendant,*
_____/

### ORDER ON DEFENDANT'S
### MOTION TO SEVER THE TRIAL OF ALL CO-DEFENDANTS ETC.

THIS CAUSE having come on to be heard on the Defendant's Motion to Sever the Trial of All Co-defendants Etc., and the Court having heard argument of counsel and being otherwise fully advised in the premises, it is hereby:

ORDERED AND ADJUDGED that:

1. The Defendant's Motion to Sever the Trial of All Co-defendants Etc. is hereby _____.

DONE AND ORDERED in Miami, Dade County, Southern District of Florida, this _____ day of _____, 20_____.

                                                    PAUL C. HUCK
                                                   U.S. DISTRICT COURT JUDGE

Copies furnished to:
Jeffrey D. Weinkle, Esq.
All other counsel of record