UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6273-CR-HUCK

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

ARIEL HERNANDEZ, et al.,

    *Defendant,*
_____/

## MOTION FOR A PRE-TRIAL JAMES HEARING
## AND IN THE ALTERNATIVE
## TO ADHERE TO THE PREFERRED ORDER OF PROOF
## AND MEMORANDUM OF LAW

THE DEFENDANT, **ARIEL HERNANDEZ,** by and through the undersigned counsel, pursuant to United States v. James, 590 F.2d 575 (5th Cir. 1979), and Federal Rule of Evidence 104(a), respectfully moves this Honorable Court to conduct a James hearing for the purpose of determining whether hearsay statements of alleged co-conspirators are admissible in evidence against the Defendant, and in the alternative, to require the Government to proceed in accord with the "preferred order of proof" set forth in James, Id., and in support of said Motion would state that:

    1. The Defendant is charged in a 25 Count Indictment as follows:

| | |
|---|---|
| Count 1: | RICO Conspiracy - 18 USC 1962(d) |
| Counts 2-16: | Bank Fraud - 18 USC 1344 |
| Count 17: | Conspiracy to Commit Murder in Aid of Racketeering (18 USC 1959(a)(5) |
| Count 18: | Murder in Aid of Racketeering - (18 USC 1959(a)(1)) |
| Count 21: | Uttering Counterfeit Checks - (18 USC 513) |



*United States v. Ariel Hernandez*
*CASE NO. 00-6273-CR-HUCK*

2. Counsel believes that the Government may attempt to introduce statements at the time of trial which were allegedly made by co-defendants and unindicted co-conspirators; and that such statements would be inadmissible unless founded upon a viable predicate of admissibility.

3. The undersigned recognizes that motions for a "James Hearing" are frequently filed and as a matter of course and that these motions are often not granted. However, this case is perhaps distinct from many other cases in that many of the co-defendant and co-conspirator statements are in the form of intercepted telephone calls and it has been estimated that these telephone interceptions total approximately 30,000 to 40,000 calls. Of these, the Government has already prepared approximately 200 transcripts of telephone calls it may seek to introduce. Of course, the Government has also represented that it does not intend to be limited to those 200 calls simply by virtue of the fact that they are the only transcripts that have been prepared thus far.

4. It is respectfully submitted that failure to conduct a James Hearing prior to introduction of these intercepted calls may well lead to the improper introduction into evidence of telephone calls which do not meet the criteria of the co-conspirator hearsay exception.

5. Conducting a James Hearing prior to trial will alleviate the necessity to conduct a James type of inquiry each and every time that the Government seeks to introduce one of the calls.

## MEMORANDUM OF LAW

Well settled principles of criminal law require that where the Government intends to introduce into evidence the hearsay statements of an alleged co-conspirator through a conspirator witness, three factors must first be proved by substantial independent evidence to the satisfaction of the trial court judge: The existence of a conspiracy; The statement was made during the course of and in

2

*United States v. Ariel Hernandez*
*CASE NO. 00-6273-CR-HUCK*

furtherance of the conspiracy; and the declarant and the Defendant were members of the conspiracy. Anderson v. United States, 417 U.S. 211 (1974), United States v. James, 590 F.2d at 578, United States v. Oliva, 497 f.2d 130 (5th Cir. 1974) and Federal Rules of Evidence 104(a).

To arrive at an appropriate finding of admissibility of co-conspirator hearsay, the Court may utilize one of three avenues. It may, outside the presence of the jury, conduct a hearing either in advance of or at trial, to determine whether the Government has presented substantial independent evidence to carry its burden. Alternatively, the Court may require the Government to structure its case in chief in such a manner so that hearsay is not introduced until the three pre-requisites outlined above are proved by non-hearsay. Finally, the Court may allow the Government to introduce hearsay at its pleasure "subject to connection". United States v. James, 590 F.2d at 581. However, if the court proceeds "subject to connection", a failure by the Government to establish the pre-requisites compels the Court to strike the hearsay and give curative instructions and grant a mistrial. Id at 582.

The warnings inherent in the James decision were unmistakable. While the court did not specifically require a pre-trial hearing to determine the admissibility of co-conspirator statements, the implication was clear that justice is better served by preliminary determination and a preferred order of proof:

> Both because of the 'danger' to the defendant if the statement is not connected and because of the inevitable serious waste of time, energy and efficiency when a mistrial is required in order to obviate such danger, <u>we conclude that the present procedure warrants the statement of preferred order of proof in such a case</u>. The district court should whenever reasonably practical, require the showing of a conspiracy and of the connection of the defendant with it <u>before</u> admitting declarations of a co-conspirator. If it determines that it is not reasonably practical to require the showing to be made before

3

*United States v. Ariel Hernandez*
CASE NO. 00-6273-CR-HUCK

> admitting the evidence the court may admit the statement subject to being connected up. Id at 582. (Emphasis added).

The "better practice", acknowledged in both the Eleventh and the Fifth Circuits to require the Government to prove the conspiracy first and then allow introduction of hearsay. United States v. Figueroa, 720 F.2d 1239 (11th Cir. 1983); United States v. Monaco, 702 F.2d 860 (11th Cir. 1983); United States v. Alvarez, 696 f.2d 1307 (11th Cir. 1983); United States v. Stratton, 649 F.2d 1066 (5th Cir. 1981); United States v. Bell, 648 f.2d 212 (5th Cir. 1981).

As the Court in United States v. Ricks, 639 F.2d at 1309 **, observed:

> It appears that trial judges in this circuit are continuing to make use of pre-trial, extra-jury hearings commenced as a result of the panel opinion and that they take at least two forms. Sometimes the "James hearing" will be limited to the government's proof of the predicate facts. See United States v. Sarmiento-Perez, 633 F.2d 1092, 1097 n.3 (5th Cir. 1980). When found to be substantial, the trial can proceed without the clumsiness of bifurcated testimony from individual witnesses. Other times, such hearing develops all evidence pro and con, supporting or attacking the proposition that the predicate facts exist so the judge can make a preponderance determination and avoid the danger of inadvertent mistrial. See United States v. L'Hoste, 409 F.2d 796, 799 (5th Cir. 1980). Trial judges may elect one or the other of these proceedings according to their own perception of the dangers of proceeding without them, and being mindful of the teaching of James that the improper admission of hearsay to the prejudice of the defendant can rarely be eliminated by curative or cautionary instructions. See also United States v. Miller, 664 F.2d 826 (11th Cir. 1981).

All parties are then satisfied. the Defendant is protected from the prejudice of inadmissible hearsay; the Court is better able to provide a fair trial and to promote efficiency by eliminating the risk of a mistrial and/or of interruptions during trial to determine the admissibility of such hearsay;

<u>United States v. Ariel Hernandez</u>
CASE NO. 00-6273-CR-HUCK

and the Government learns what evidence is admissible and can thus prepare and present an orderly case in chief.

WHEREFORE, in furtherance of the best interests of fairness and efficiency for all concerned, the Defendant respectfully moves this Honorable Court to conduct a pre-trial determination of the admissibility of co-conspirator hearsay. In the alternative, the Court should require a strict adherence to the preferred order of proof.

The undersigned has attempted to contact AUSA Larry Levicchio regarding the Government's position with regard to this Motion, however, neither was available for comment.

WHEREFORE, the Defendant respectfully moves this Honorable Court to enter its Order

Respectfully submitted,

JEFFREY D. WEINKLE, ESQ.
FBN: 271934

*United States v. Ariel Hernandez*
CASE NO. 00-6273-CR-HUCK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed/delivered this __2nd__ day of __March__, 20__01__ to: United States Attorney's Office, AUSA LARRY LaVECCIO, 99 N.E. 4th Street, Miami, FL 33132; and to:

| | |
|---|---|
| Richard Houlihan, Esq.<br>Suite 310<br>300 Aragon Avenue<br>Coral Gables, FL 33134<br>(Attorney for Trentacosta) | Fred Haddad, Esq.<br>101 NE Third Avenue<br>Suite 202<br>Ft. Lauderdale, FL 33301<br>(Attorney for Massaro) |
| Samuel D. Deluca<br>3451 John f. Kennedy Blvd.<br>Jersey City, New Jersey 07307<br>(Attorney for Ruggiero) | Donald Spadero, Esq.<br>1000 S. Federal Highway<br>Suite 103<br>Ft. Lauderdale, FL 33316<br>(Attorney for Chiusano) |
| Michael Smith, Esq.<br>633 SE 3rd Street<br>Suite 4F<br>Ft. Lauderdale, Fl<br>(Attorney for Silverman) | Alejandro Taquechel, Esq.<br>Suite 238<br>3750 W. 16th Avenue<br>Hialeah, FL 33012<br>(Attorney for Carlos Garcia) |
| Thomas Almon, Esq.<br>321 NE 26th Street<br>Miami, FL 33137<br>(Attorney for Monico) | Manuel Gonzalez, Esq.<br>782 NW Le Jeune Road<br>Suite 440<br>Miami, FL 33126<br>(Attorney for Banks) |

JEFFREY D. WEINKLE, ESQ.
1035 NW 11th Avenue
Miami, FL 33136-2911
Tel: 305-373-4445
Fax: 305-545-8514

JEFFREY D. WEINKLE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6273-CR-HUCK

UNITED STATES OF AMERICA,

*Plaintiff,*

vs.

ARIEL HERNANDEZ, et al.,

*Defendant,*
_____/

## ORDER ON DEFENDANT'S
## MOTION FOR A PRE-TRIAL JAMES HEARING, ETC.

THIS CAUSE having come on to be heard on the Defendant's Motion for a Pre-trial James Hearing, Etc., and the Court having heard argument of counsel and being otherwise fully advised in the premises, it is hereby:

ORDERED AND ADJUDGED that:

1. The Defendant's Motion for a Pre-trial James Hearing, Etc. is hereby _____.

DONE AND ORDERED in Miami, Dade County, Southern District of Florida, this _____ day of _____, 20_____.

_____
PAUL C. HUCK
U.S. DISTRICT COURT JUDGE

Copies furnished to:
Jeffrey D. Weinkle, Esq.
All other counsel of record