UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6273-CR-HUCK



UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

ARIEL HERNANDEZ, et al.,

    *Defendant,*
_____/

## MOTION FOR DISCLOSURE OF RULE 404 EVIDENCE AND MEMORANDUM OF LAW

THE DEFENDANT, **ARIEL HERNANDEZ,** by and through the undersigned counsel, respectfully moves this Honorable Court for entry of an Order requiring the Government to disclose to the Defendant whether or not the Government will rely on evidence of other crimes, wrongs, or facts of the Defendant to prove motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident and to further disclose the identity of the witnesses through whom such evidence will be presented at trial.

## MEMORANDUM OF LAW

In the instant case, if the Government intends to use evidence pursuant to Rule 404(b), Federal Rules of Evidence, or acts and statements prior to and after the time period set forth in the indictment, there should be a disclosure of such evidence to the Defendant and to the Court. It is clear that evidence of crimes or wrongs not charged in the Indictment, is inadmissible at trial unless it falls within one of the exceptions to the general rule. Rule 404(b), Federal Rules of Evidence. As the Court pointed out in U.S. v. Goodwin, 492 F.2d 1141 (5th Cir. 1974), there are exceptions to the general rule that evidence of the commission of independent crimes is not admissible against the



*United States v. Ariel Hernandez*
CASE NO. 00-6273-CR-HUCK

Defendant on trial. Obviously, pursuant to Rule 404(b) such evidence is, at times, permissible, however, there must first be plain, clear and convincing proof of the commission of the other similar offenses by the accused. Also, it must be shown that the prosecution actually needs such probative evidence to be introduced during trial. Therefore, it is necessary for the Defendant, ARIEL HERNANDEZ, to be apprized of whether the Government intends to use rule 404(b) evidence so that proper motions can be directed to test the admissibility of such evidence. U.S. v. Alejandro, 527 F.2d 423 (5th Cir. 1976). See also EU.S. v. Adderly, 529 F.2d 1178 (5th Cir. 1976). The reason for disclosure seems logical, since it will be necessary in any event for a preliminary examination of such evidence prior to trial to determine if such evidence is admissible.

In U.S. v. Baum, 482 F.2d 1325 (2d Cir. 1973), the Second Circuit reversed a conviction for possession of stolen property where a pretrial motion to reveal the identity of a Government witness was denied, and the witness testified at trial that the Defendant had previously received stolen goods unrelated to the particular goods set forth in the Indictment. In so ruling, the Court stated:

> Confronted for the first time with the accusation of prior criminal conduct and the identity of the accuser, the Defendant had little or no opportunity to meet the impact of this attack in the midst of trial. This precarious predicament was precipitated by the prosecutor. The failure to reveal Greenhalgh's identity until he was presented as a witness confronted the trial judge with he hard choice of interruption of the trial or denial to the defense of a reasonable opportunity of meeting the severe impact of this aspect of the prosecutor's evidence. 482 F.2d at 1331-32.

Accordingly, the Court ordered a new trial so that the Defendant could be provided a "full opportunity to meet the critical and damaging proof of an offense not presented against him in the Indictment. See also U.S. v. Roybal, 566 F.2d 1109 (9th Cir. 1977).

2

*United States v. Ariel Hernandez*
CASE NO. 00-6273-CR-HUCK

    The Defendant submits that failure to require pre-trial disclosure of the nature of the 404(b) evidence and the witnesses by which it is to be presented constitutes a denial of the Defendant's Fifth Amendment right to due process of law and the Defendant's Sixth Amendment right to the effective assistance of counsel

    The undersigned has contacted AUSA Jeffrey Sloman and AUSA Larry Levicchio regarding the Government's position with regard to this Motion, who have stated that the Government has not objection to granting this Motion.

    WHEREFORE, the Defendant, ARIEL HERNANDEZ, moves for disclosure of all evidence to be introduced by the Government as extrinsic evidence, along with the identities of those persons through whom the Government will seek to produce such evidence.

                                        Respectfully submitted,

                                        JEFFREY D. WEINKLE, ESQ.
                                        FBN: 271934

United States v. Ariel Hernandez
CASE NO. 00-6273-CR-HUCK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed/delivered this __2nd__ day of __March__, 20__01__ to: United States Attorney's Office, AUSA LARRY LaVECCIO, 99 N.E. 4th Street, Miami, FL 33132; and to:

Richard Houlihan, Esq.
Suite 310
300 Aragon Avenue
Coral Gables, FL 33134
(Attorney for Trentacosta)

Fred Haddad, Esq.
101 NE Third Avenue
Suite 202
Ft. Lauderdale, FL 33301
(Attorney for Massaro)

Samuel D. Deluca
3451 John f. Kennedy Blvd.
Jersey City, New Jersey 07307
(Attorney for Ruggiero)

Donald Spadero, Esq.
1000 S. Federal Highway
Suite 103
Ft. Lauderdale, FL 33316
(Attorney for Chiusano)

Michael Smith, Esq.
633 SE 3rd Street
Suite 4F
Ft. Lauderdale, Fl
(Attorney for Silverman)

Alejandro Taquechel, Esq.
Suite 238
3750 W. 16th Avenue
Hialeah, FL 33012
(Attorney for Carlos Garcia)

Thomas Almon, Esq.
321 NE 26th Street
Miami, FL 33137
(Attorney for Monico)

Manuel Gonzalez, Esq.
782 NW Le Jeune Road
Suite 440
Miami, FL 33126
(Attorney for Banks)

JEFFREY D. WEINKLE, ESQ.
1035 NW 11th Avenue
Miami, FL 33136-2911
Tel: 305-373-4445
Fax: 305-545-8514

JEFFREY D. WEINKLE