UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6273-CR-HUCK



UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

ARIEL HERNANDEZ, et al.,

    *Defendant,*

_____/

## MOTION TO SEVER COUNTS 17 and 18
## and
## TO STRIKE ALLEGATIONS OF THE MURDER OF JEANNETTE SMITH

THE DEFENDANT, ARIEL HERNANDEZ, by and through the undersigned counsel, pursuant to Rules 8(a) of the Fed. R. Crim. P., respectfully moves this Honorable Court for entry of an Order severing Counts 17 and 18 from the instant indictment and striking allegations of the murder of Jeannette Smith from the Indictment, and in support thereof would state:

1. The Defendant is charged in a 25 Count Indictment as follows:

| | |
|---|---|
| Count 1: | RICO Conspiracy - 18 USC 1962(d) |
| Counts 2-16: | Bank Fraud - 18 USC 1344 |
| Count 17: | Conspiracy to Commit Murder in Aid of Racketeering (18 USC 1959(a)(5) |
| Count 18: | Murder in Aid of Racketeering - (18 USC 1959(a)(1)) |

2. The issues raised by this Motion address allegations contained in Counts 1, 17 and 18 and pertain to the allegations that Ariel Hernandez participated either alone or in concert with others in the murder of Jeannette Smith.



*United States v. Ariel Hernandez*
CASE NO. 00-6273-CR-HUCK

3. It is significant to note at the outset that simultaneously with the prosecution of the instant matter, Mr. Hernandez is also the Defendant in a State Prosecution for First Degree Murder which allegations arise out of precisely the same homicide alleged in the instant Indictment.[1] Those charges are predicated upon a prosecution theory of Felony Murder, that is, that Jeannette Smith was killed during the course of a Sexual Battery. Contrasted with the State prosecution, the instant Indictment alleges that Ms. Smith was murdered in order to further the interests of the alleged criminal enterprise. At the very least, these two cases are based upon inconsistent theories of prosecution.

4. It appears from the investigation, discovery and pleadings to-date, Ms. Smith's body had been located in the Everglades and a homicide investigation was initiated. Additionally, the FBI had obtained a number of wiretap authorizations targeting certain individuals. During the course of these wiretaps, the Agents overheard what they believed to be a discussion that might be related to a homicide. This information was passed on to local law enforcement authorities. Subsequent investigation led to the issuance of an Arrest Warrant for First Degree Murder against Ariel Hernandez, the Defendant herein. The State of Florida subsequently obtained an Indictment for First Degree Murder which was predicated upon a felony murder theory with the underlying felony being sexual battery.

5. As noted above, the instant Federal Indictment alleges that the death of Ms. Smith was the result of a planned murder in order to further or protect the interests of a criminal enterprise.

---

[1] *State v. Ariel Hernandez*, Case No. 98-21110 CF, In The 17th Judicial Circuit, In And For Broward County, Florida.

*United States v. Ariel Hernandez*
CASE NO. 00-6273-CR-HUCK

6. The body of physical and testimonial evidence developed during the investigation into the death of Ms. Smith which is in the possession of the State and Federal Prosecutions has supported the State allegations of felony murder since approximately March of 1999. If in fact, Ms. Smith's demise came about as a result of the commission of a sexual battery and not as a result of a planned execution to further the interests of a racketeering enterprise, then the homicide is in no way related to the remaining allegations of this Indictment and Counts 17 and 18 have been improperly joined.

### **MEMORANDUM OF LAW**

Rule 8(a) of the Federal Rules of Criminal Procedure, provides:

> Two or more may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, **are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.**

Thus, rule 8(a) permits the government to charge a particular defendant with two or more offenses in the same indictment only if the offenses meet certain distinct criteria.

The defendant is mindful that the government's theory of prosecution differs from that of the State prosecutors. However, the actual evidence pertaining to the death of Ms. Smith indicates that she was killed during or in the course of committing a Sexual Battery. The remaining counts of the instant Indictment are predicated upon the actions of a criminal enterprise and those acting on its behalf. This being the case, then the murder of Jeannette Smith and the remaining counts are not of same or similar character, not based on connected transactions and not part of a common scheme or plan.

3

<u>United States v. Ariel Hernandez</u>
*CASE NO. 00-6273-CR-HUCK*

The defendant concedes that where the facts of various counts are so closely connected that proof of one offense is necessary to establish another offense, then the offenses are properly joined.

However, in the matter at bar, it will not be necessary, nor would it be proper for the Government to prove that the underlying felony, to-wit: Sexual Battery, is in any way connected to the remaining offenses charged by this Indictment. Continued joinder of Counts 17 and 18 is prejudicial to this Defendant and is being used solely as a vehicle by which the Government will seek to introduce prejudicial and non-relevant sensational allegations murder, sexual abuse and/or "non-traditional" sexual conduct. Such evidence would serve only as an attack on the Defendant's character and to prejudice the jury against the Defendant, rather than to prove any relevant issue to be litigated at this trial.

Even if this Court determines that evidence of the alleged murder of Jeannette Smith does have some probative value, its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or may mislead the jury and is inadmissible under Rule 403 Fed. R. Evid.

The undersigned has attempted to contact AUSA Jeffrey Sloman and AUSA Larry Levicchio regarding the Government's position with regard to this Motion, however, neither was available for comment.

4

<u>United States v. Ariel Hernandez</u>
CASE NO. 00-6273-CR-HUCK

WHEREFORE, the Defendant respectfully moves this Honorable Court to enter its Order severing Counts 17 and 18 and striking the allegations pertaining to the alleged murder of Jeannette Smith.

                                             Respectfully submitted,

                                             JEFFREY D. WEINKLE, ESQ.
                                             FBN. 271934

*United States v. Ariel Hernandez*
CASE NO. 00-6273-CR-HUCK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed/delivered this __2nd__ day of __March__, 20__01__ to: United States Attorney's Office, AUSA LARRY LaVECCIO, 99 N.E. 4th Street, Miami, FL 33132; and to:

Richard Houlihan, Esq.
Suite 310
300 Aragon Avenue
Coral Gables, FL 33134
(Attorney for Trentacosta)

Fred Haddad, Esq.
101 NE Third Avenue
Suite 202
Ft. Lauderdale, FL 33301
(Attorney for Massaro)

Samuel D. Deluca
3451 John F. Kennedy Blvd.
Jersey City, New Jersey 07307
(Attorney for Ruggiero)

Donald Spadero, Esq.
1000 S. Federal Highway
Suite 103
Ft. Lauderdale, FL 33316
(Attorney for Chiusano)

Michael Smith, Esq.
633 SE 3rd Avenue
Suite 4F
Ft. Lauderdale, Fl 33301
(Attorney for Silverman)

Alejandro Taquechel, Esq.
Suite 238
3750 W. 16th Avenue
Hialeah, FL 33012
(Attorney for Carlos Garcia)

Thomas Almon, Esq.
321 NE 26th Street
Miami, FL 33137
(Attorney for Monico)

Manuel Gonzalez, Esq.
782 NW Le Jeune Road
Suite 440
Miami, FL 33126
(Attorney for Banks)

JEFFREY D. WEINKLE, ESQ.
1035 NW 11th Avenue
Miami, FL 33136-2911
Tel: 305-373-4445
Fax: 305-545-8514

JEFFREY D. WEINKLE