

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6273-CR-HUCK

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ARIEL HERNANDEZ, et al.,

Defendant,

_____/

## EX-PARTE
## MOTION TO FOR APPROVAL OF INVESTIGATIVE FEES AND COSTS

THE DEFENDANT, **ARIEL HERNANDEZ,** by and through the undersigned counsel,

respectfully moves this Honorable Court for entry of an Order approving investigative fees and costs,

and in support thereof would state:

1. The undersigned represents the Defendant by appointment pursuant to the Criminal Justice

Act.

2.   The Defendant is charged in a 25 Count Indictment as follows:

| | |
|---|---|
| Count 1: | RICO Conspiracy - 18 USC 1962(d) |
| Counts 2-16: | Bank Fraud - 18 USC 1344 |
| Count 17: | Conspiracy to Commit Murder in Aid of Racketeering (18 USC 1959(a)(5) |
| Count 18: | Murder in Aid of Racketeering - (18 USC 1959(a)(1)) |
| Count 21: | Uttering Counterfeit Checks - (18 USC 513) |

3.  The Defendant could receive the Death Penalty for the acts alleged in Count 18 which is

predicated upon a prosecution theory that the killing of Jeannette Smith was done as a planned



*United States v. Ariel Hernandez*
*CASE NO. 00-6273-CR-HUCK*

execution to eliminate a witness.[1]

4. The Defendant is also facing charges of First Degree Murder now pending in State Court. Those charges, unlike the charges before this Court are predicated upon a prosecution theory of Felony Murder, that is, that Jeannette Smith was killed during the course of a Sexual Battery.

5. While there has to-date, been a free exchange of information between the Defendant's attorneys in the State Case and the undersigned, their investigation is by no means complete. Further, the direction of the investigation in the State proceedings is designed to meet allegations of Sexual Battery while the issues to be litigated in this case are far broader in their scope. As will be seen from the Defendant's charges in this case, the issues include much broader facts and circumstances which have led to charges of RICO, Bank Fraud, Murder, etc.

6. It is essential that the undersigned obtain the services of a qualified, experienced investigator in or der to properly prepare Mr. Hernandez's defense. The undersigned requests that the Court appoint Robert Lockhart to assist in the investigation this case. Mr. Lockhart has extensive experience as a criminal investigator outlined in greater detail in the attached Resume. (Exhibit 1).

7. During the course of the investigation, Mr. Lockhart's services will include:

    a. Investigation of the allegations in the Indictment, including the allegations that Mr. Hernandez was working on behalf of a "Crew" as part of the Gambino Crime Family.

    b. Review of the extensive wiretap and body bug conversations.

    c. Investigation of the Government witnesses and informants. This will include

---

[1] As of this writing, the Government has not yet determined whether it will seek the Death Penalty.

*United States v. Ariel Hernandez*
*CASE NO. 00-6273-CR-HUCK*

investigation into the backgrounds of each of the witnesses and possible motives they

may have for fabrication of testimony.

d. Preparation to meet the Government's evidence to the effect that the Defendant is

involved with Organized Crime.

8. It is anticipated that the time that is needed to investigate the foregoing matters will require

Mr. Lockhart to expend between 400 and 500 hours on this case for a total of $16,000 to $20,000.

This is exclusive of any investigation and experts that may become necessary should the Government

elect to seek the Death Penalty.

WHEREFORE, the Defendant respectfully moves this Honorable Court to enter its Order

approving the investigative fees requested herein at the approved Eleventh Circuit rate for

investigators and to permit interim billing of investigative fees at $1,000.00 increments.

DATED this 2 day of *MARCH*, 2001.

Respectfully submitted,

JEFFREY D. WEINKLE, ESQ.
1035 NW 11th Avenue
Miami, FL 33136-2911
Tel: 305-373-4445
Fax: 305-545-8514

JEFFREY D. WEINKLE
FBN: 271934

# ROBERT A. LOCKHART
30400 SW 193 Avenue
Homestead, Florida 33030

Home (305) 248-3558
Beep (305) 277-0610

## EDUCATION:

**Bachelor of Science Degree - Criminal Justice - (1976)**
Minor studies in Business Administration and Accounting
Florida International University, Miami, Florida

**Associate of Arts Degree - Liberal Arts - (1974)**
Miami Dade Community College, Miami, Florida

**Graduate - Southern Police Institute - (1991)**
Administrative Officers Course - 85th Session
University of Louisville, Louisville, Kentucky

## EXPERIENCE:

**Private Investigator,** Owner and Chief Investigator of L & S Investigations, Inc, a Private Investigative Agency, licensed by the State of Florida. Responsible for conducting Criminal and Civil Investigations for private attorneys, including State and Federal appointed cases. February 1, 1994 to Present.

**Special Deputy U.S. Marshal, Court Security Officer,** Responsible for providing security for the U.S. District Court, Southern District of Florida. Includes armed in court security for Federal Judges and Juries, building security for the Federal Court Houses in Miami, and operation of a control center where prisoners awaiting trial are maintained. October 23, 1995 to Present.

**Sales Consultant:** Flamingo Ford, New Car Department, Homestead, Florida. October 1, 1993 to February 1, 1994  Resigned to form new business.

**Teaching:** Part time instructor at Miami-Dade Community College, School of Criminal Justice. Currently teaching Introduction To Criminal Justice. Also substitute teach at local public schools in South Dade. August 1993 to 1996.

## DEPARTMENT:

All Law Enforcement experience was with the Metro-Dade Police Department (MDPD). This department has 3,400 plus personnel and is responsible for providing police services in the unincorporated areas of Dade County, Florida. Dade County has a constant population of approximately 3 Million citizens and tourists and includes 26 different police agencies.

**Commander,** General Investigations Unit, MDPD Northside Station, July 20, 1990 to October 30, 1992.

Northside Station is in a densely populated, predominately black, tri-ethnic, inter-city community, bordering on the Northwest corner of the City of Miami.

**Responsibilities:** Command and direct the activities of thirty-two (32) sworn and six (6) non-sworn personnel investigating burglaries, thefts, frauds, kidnappings, auto thefts, child abuse, domestic violence, aggravated batteries, weapons violations, and miscellaneous drug violations.

**Additional Responsibilities:** Management and reporting of Crime Statistics for the district, manning a Robbery Intervention Detail, and supporting a Tactical Narcotics Team.

Served as the Alternate Executive Officer for the Northside Station, staffed with two-hundred and twenty-five (225) sworn and non-sworn personnel. This included assignment of personnel and administration of discipline, including recommendations of suspensions and terminations.

## Significant Awards and Accomplishments:

* Recipient of the 1992 National Association of Counties (NACo) award for developing a Field Training Program for detectives.

* Unit selected as the departments "OUTSTANDING UNIT" for the third quarter of 1992.

* Conceived, developed, and implemented a Rapid Response to Burglary Program to improve service and help reduce an increasing burglary rate.

* Developed and managed a $50K and $290K Law Enforcement Trust Fund (LETF) grant to conduct covert burglary surveillance's.

**Platoon Commander, MDPD, Kendall Station - October 1988 to July 1990.**

Kendall District is a heavily populated, predominately Hispanic, tri-ethnic community ten miles Southwest of Miami.

**Responsibilities:** Commander of a seventy (70) person uniformed patrol force, conducting initial investigations into all crimes occurring within the district, traffic law enforcement and special operations.

<u>**Significant Accomplishments**</u>:

* Selection as the District's Field Training Coordinator and management of the Field Training Program for newly assigned police officers during their first twelve months in the field.

* Planned and implemented the Traffic Management and Security Plan for the first Metro-Dade Marathon and Kendall Pride Parade.

**Police Sergeant:** July 1975 to October 1988

**Responsibility:** Supervisory control of 7-10 person uniform and investigative squads.

**Assignments:**

Supervisor, Child Exploitation Unit
Supervisor, Habitual Offender Unit (Gang Unit)
Administrative Sergeant, Transit Section
Squad Sergeant, General Investigative Unit
Squad Sergeant, Warrants Bureau
Squad Sergeant, Uniform Patrol

<u>**Significant Accomplishments:**</u>

* Preparation and management of a $3.2 million dollar budget.

* Developed first "Street Gang" data base for department

* Direct contribution to writing Florida Youthful Offender Law

**Police Officer:** October 1967 to July 1975 - Various uniformed and investigative assignments within the department

**Military:**

Enlisted, United States Air Force, from February 1963 to January 1967. Awarded the **"BRONZE STAR"**, with a combat **"V"** device while serving in Southeast Asia.

United States Coast Guard Reserve from December 1975 to 1993. Commissioned Officer (Ensign) 1980, last assigned as Executive Officer of a thirty-five (35) person unit. Retired as a Lieutenant Commander, 1994

**Professional Associations:**

Dade County Police Benevolent Association (PBA)

Southern Police Institute Alumni Association (SPIAA)

Reserve Officers Associations (ROA) military

Past Chairman, Supervisory Committee - Dade County Employees Federal Credit Union

**References:**  Available upon request.

CJA 31 DEATH PENALTY PROCEEDINGS: EX PARTE REQUEST FOR AUTHORIZATION AND VOUCHER EXPERT AND OTHER SERVICES (Rev. 5/99)

| 1. CIR./DIST./ DIV. CODE FLSDC | 2. PERSON REPRESENTED *Ariel Hernandez* | | VOUCHER NUMBER | |
|---|---|---|---|---|
| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER *00-6273 CR HUCK* | 5. APPEALS DKT./DEF. NUMBER | | 6. OTHER DKT. NUMBER |

| 7. IN CASE/MATTER OF (Case Name) *USA vs Ariel Hernandez* | 8. TYPE PERSON REPRESENTED ☒ Adult Defendant ☐ Appellant ☐ Other ☐ Habeas Petitioner ☐ Appellee | 9. REPRESENTATION TYPE ☐ D1 28 U.S.C. § 2254 Habeas (Capital)  ☐ D3 28 U.S.C. § 2255 (Capital) ☒ D2 Federal Capital Prosecution  ☐ D4 Other (Specify) |
|---|---|---|

10. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section) If more than one offense, list (up to five) major offenses charged, according to severity of offense.
*18: 1962, 1959, 513*

## REQUEST AND AUTHORIZATION FOR EXPERT SERVICES

11. ATTORNEY'S STATEMENT

As the attorney for the person represented, who is named above, I hereby affirm that the services requested are necessary for adequate representation. I hereby request:
☒ Authorization to obtain the service. Estimated Compensation and Expenses: $ *16,000.~20,000.00*   OR
☐ Approval of services already obtained to be paid for by the United States pursuant to the Criminal Justice Act. (See Instructions)

Signature of _____    Date *3/02/01*

☒ Panel Attorney   ☐ Retained Attorney   ☐ Pro-Se   ☐ Legal Organization

ATTORNEY'S NAME (First Name, M.I., Last Name, including any suffix), AND MAILING ADDRESS
*Jeffrey D. Weinkle, Esq.*
*1035 NW 11th Avenue*
*Miami, FL 33136*   Telephone Number: *305 373-4445*

| 12. DESCRIPTION OF AND JUSTIFICATION FOR SERVICES (See Instructions) *INVESTIGATIVE SERVICES FOR TRIAL AND SENTENCING* | 13. TYPE OF SERVICE PROVIDER |
|---|---|

13. TYPE OF SERVICE PROVIDER

| | | | |
|---|---|---|---|
| 01 | ☒ Investigator | 15 | ☐ Other Medical |
| 02 | ☐ Interpreter/Translator | 16 | ☐ Voice/Audio Analyst |
| 03 | ☐ Psychologist | 17 | ☐ Hair/Fiber Expert |
| 04 | ☐ Psychiatrist | 18 | ☐ Computer (Hardware/Software/Systems) |
| 05 | ☐ Polygraph | | |
| 06 | ☐ Documents Examiner | 19 | ☐ Paralegal Services |
| 07 | ☐ Fingerprint Analyst | 20 | ☐ Legal Analyst/Consultant |
| 08 | ☐ Accountant | 21 | ☐ Jury Consultant |
| 09 | ☐ CALR (Westlaw/Lexis, etc.) | 22 | ☐ Mitigation Specialist |
| 10 | ☐ Chemist/Toxicologist | 23 | ☐ Duplication Services |
| 11 | ☐ Ballistics | 24 | ☐ Other (Specify) |
| 13 | ☐ Weapons/Firearms/Explosive Expert | | (See Instructions) |
| 14 | ☐ Pathologist/Medical Examiner | | |

14. COURT ORDER   Financial eligibility of the person represented having been established to the Court's satisfaction, the authorization requested in Item 11 is hereby granted

_____
Signature of Presiding Judicial Officer or By Order of the Court

_____    _____
Date of Order          Nunc Pro Tunc Date
Repayment or partial repayment ordered from the person represented for this service at time of authorization.
☐ YES   ☐ NO

15 STAGE OF PROCEEDING   Check the box which corresponds to the stage of the proceeding during which the work claimed at Item 16 was performed even if the work is intended to be used in connection with a later stage of the proceeding. CHECK NO MORE THAN ONE BOX. Submit a separate voucher for each stage of the proceeding.

CAPITAL PROSECUTION
a. ☒ Pre-Trial   e. ☐ Appeal
b. ☐ Trial   f. ☐ Petition for the U.S. Supreme Court Writ of Certiorari
c. ☐ Sentencing
d. ☐ Other Post Trial

HABEAS CORPUS
g. ☐ Habeas Petition
h. ☐ Evidentiary Hearing
i. ☐ Dispositive Motions
j. ☐ Appeal

k. ☐ Petition for the U.S. Supreme Court Writ of Certiorari

OTHER PROCEEDING
l. ☐ Stay of Execution
m. ☐ Appeal of Denial of Stay
n. ☐ Petition for Writ of Certiorari to the U.S. Supreme Court Regarding Denial of Stay
o. ☐ Other

## CLAIM FOR SERVICES AND EXPENSES | FOR COURT USE ONLY

| 16. SERVICES AND EXPENSES (Attach itemization of services with dates) | AMOUNT CLAIMED | MATH/TECHNICAL ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|
| a. Compensation | | | |
| b. Travel Expenses (lodging, parking, meals, mileage, etc.) | | | |
| c. Other Expenses | | | |
| **GRAND TOTALS (CLAIMED AND ADJUSTED):** | | | |

17. PAYEE'S NAME (First Name, M.I., Last Name, including any suffix), AND MAILING ADDRESS

TIN: _____

Telephone _____

CLAIMANT'S CERTIFICATION FOR PERIOD OF SERVICE _____ TO _____
CLAIM STATUS   ☐ Final Payment   ☐ Interim Payment Number _____   ☐ Supplemental Payment
I hereby certify that the above claim is for services rendered and is correct, and that I have not sought or received payment (compensation or anything of value) from any other source for these services.

Signature of _____    Date _____

18. CERTIFICATION OF ATTORNEY   I hereby certify that the services were rendered for this case.

Signature of _____    Date _____

## APPROVED FOR PAYMENT — COURT USE ONLY

| 19. TOTAL COMPENSATION | 20. TRAVEL EXPENSES | 21. OTHER EXPENSES | 22. TOTAL AMOUNT APPROVED/CERTIFIED |
|---|---|---|---|

23. ☐ Either the cost (excluding expenses) of these services does not exceed $300, or prior authorization was obtained; OR
☐ In the interest of justice the Court finds that timely procurement of these necessary services could not await prior authorization, even though the cost (excluding expenses) exceeds

_____    _____    _____
Signature of Presiding Judicial Officer    Date    Judge/Mag. Judge Code

| 24. TOTAL COMPENSATION | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMOUNT APPROVED |
|---|---|---|---|

28. FOR REPRESENTATIONS COMMENCED AND APPELLATE PROCEEDINGS IN WHICH AN APPEAL IS PERFECTED ON OR AFTER APRIL 24, 1996,
A. Total compensation and expense payments approved to date (include amounts withheld for interim payments) for investigative, expert and other services for this representation is $ _____
B. Payment approved (compensation and expenses) in excess of the statutory threshold for investigative, expert and other services under 21 U.S.C. § 848(q)(10)(B).

_____    _____    _____
Signature of Chief Judge, Court of Appeals (or Delegate)    Date    Judge Code