UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6273-CR-HUCK

FILED BY _____

01 MAR 30 PM 2: 13

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

UNITED STATES OF AMERICA,

   *Plaintiff,*

vs.

ARIEL HERNANDEZ, et al.,

   *Defendant.*

_____/

## MOTION TO SUPPRESS INTERCEPTED WIRE COMMUNICATIONS

THE DEFENDANT, **ARIEL HERNANDEZ,** by and through undersigned counsel, pursuant to Rules 12 of the Federal Rules of Criminal Procedure, moves this court to suppress as evidence at the time of trial in the above-styled cause all intercepted wire communications (Wiretaps), and as grounds for this motion the defendant states:

### EVIDENCE TO BE SUPPRESSED

1  All intercepted wire communications

### FACTUAL BACKGROUND

2. The defendant adopts his previously filed Motion to Strike Government's Discovery Response for Failure to Provide True and Accurate Copies of Intercepted Wire Communications and to Order Production of "Line Sheets" as if more fully set forth herein as his factual predicate for this Motion to Suppress

<u>United States v. Ariel Hernandez</u>
CASE NO. 00-6273-CR-HUCK

## MEMORANDUM OF LAW

### Authenticity of Wiretaps

Rule 901(a) of the Federal Rules of Evidence states:

> The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

It is submitted that the factual description set forth in the Motion to Strike, etc. clearly demonstrates that the Wiretaps are not true and accurate copies of the actual wiretaps. Moreover, it is suggested that the defendant has established that the evidence is <u>not</u> sufficient to support a finding that the Wiretaps, as provided to the defendant, is a true and accurate copy of the original.

The issues raised by Rule 901(a) address the issue of authentication of the questioned evidence, and it is this rule that the defendant relies upon. The defendant acknowledges that the complained of discrepancies may also give rise to arguments directed to the weight of the evidence, however, the Rule 901(a) clearly defines authentication as a "condition precedent" to the admissibility of the evidence. The issue of the weight to be given to the evidence need not be reached, since the Government is presently unable to meet this initial condition precedent.

### Wiretaps Intercepted After the Expiration of the Authorization and Extensions

As a separate ground for suppression, the defendant asserts that those calls identified in Exhibit 3 of his previously filed and incorporated Motion to Strike Government's Discovery Response for Failure to Provide True and Accurate Copies of Intercepted Wire Communications and to Order Production of "Line Sheets" which on their face show that they were recorded on dates outside of the time periods of the initial authorization and the extensions thereto should be

<u>United States v. Ariel Hernandez</u>
CASE NO. 00-6273-CR-HUCK

suppressed.

    WHEREFORE, the Defendant respectfully moves this Honorable Court to enter its Order suppressing the Intercepted Wire Communications from trial and all hearings in this cause.

    Respectfully submitted,

JEFFREY D. WEINKLE, ESQ.
FBN: 271934

<u>United States v. Ariel Hernandez</u>
CASE NO. 00-6273-CR-HUCK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed/delivered this 29 day of March, 2001 to: United States Attorney's Office, AUSA LARRY LaVECCIO, 99 N.E. 4th Street, Miami, FL 33132; and to:

Richard Houlihan, Esq.
Suite 310
300 Aragon Avenue
Coral Gables, FL 33134
(Attorney for Trentacosta)

Fred Haddad, Esq.
One Financial Plaza
Suite 2612
Ft. Lauderdale, Fl 33394
(Attorney for Massaro)

Samuel D. Deluca
3451 John f. Kennedy Blvd.
Jersey City, New Jersey 07307
(Attorney for Ruggiero)

Donald Spadero, Esq.
1000 S. Federal Highway
Suite 103
Ft. Lauderdale, FL 33316
(Attorney for Chiusano)

Michael Smith, Esq.
633 SE 3rd Street
Suite 4F
Ft. Lauderdale, Fl
(Attorney for Silverman)

Alejandro Taquechel, Esq
Suite 238
3750 W 16th Avenue
Hialeah, FL 33012
(Attorney for Carlos Garcia)

Thomas Almon, Esq
321 NE 26th Street
Miami, FL 33137
(Attorney for Monico)

Manuel Gonzalez, Esq.
782 NW Le Jeune Road
Suite 440
Miami, FL 33126
(Attorney for Banks)

JEFFREY D. WEINKLE, ESQ.
1035 NW 11th Avenue
Miami, FL 33136-2911
Tel: 305-373-4445
Fax: 305-545-8514

*[signature]*
JEFFREY D. WEINKLE

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6273-CR-HUCK

UNITED STATES OF AMERICA,

   *Plaintiff,*

vs.

ARIEL HERNANDEZ, et al.,

   *Defendant.*
_____/

### ORDER ON DEFENDANT ARIEL HERNANDEZ'S
### MOTION TO SUPPRESS INTERCEPTED WIRE COMMUNICATIONS

THIS CAUSE having come on to be heard on the Defendant's Motion to Suppress Intercepted Wire Communications, and the Court having heard argument of counsel and being otherwise fully advised in the premises, it is hereby:

ORDERED AND ADJUDGED that:

1. The Defendant's Motion to Suppress Intercepted Wire Communications is hereby _____.

DONE AND ORDERED in Miami, Dade County, Southern District of Florida, this _____ day of _____, 20_____.

_____
PAUL C. HUCK
U.S. DISTRICT COURT JUDGE

Copies furnished to:
Jeffrey D. Weinkle, Esq.
All other counsel of record