UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 006-6273-CR-HUCK/BROWN

NIGHT BOX
FILED

MAY 3 0 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES OF AMERICA,

PLAINTIFF,

v.

ANTHONY TRENTACOSTA, et al.,

DEFENDANTS.

_____/

GOVERNMENT'S RESPONSE TO DEFENDANT HERNANDEZ'
MOTION FOR A PRE-TRIAL JAMES HEARING

COMES NOW the United States of America, by and through the undersigned Assistant

United States Attorney, and files this Response in opposition to defendant Hernandez' motion for

a pretrial hearing pursuant to United States v. James, 590 F.2d 575 (5th Cir.) (en banc), cert.

denied, 99 S.Ct. 2836 (1979) (DE 184).

In his Motion, the defendant urges this Court to conduct a pretrial hearing to determine

the admissibility of coconspirator hearsay statements. Within this Motion, the defendant

incorrectly asserts that, in determining by a preponderance of the evidence whether a conspiracy

existed, whether the defendant was a member of the conspiracy and whether the offered

statements were made in the course thereof, the Court must make such findings independent of

the offered statements themselves.[1] While this was a view which was widely adopted by the

Courts of Appeals at the time that James was decided, it was laid to rest by the Supreme Court in

_____

[1] The defendant asserts, at page 3 of his Motion, that the aforesaid three "pre-requisites"
must be "proved by non-hearsay."

1987. In <u>Bourjaily v. United States</u>, 107 S.Ct. 2775 (1987), the Court specifically held that a trial court, "in making a preliminary factual determination under Rule 801(d)(2)(E), may examine the hearsay statements sought to be admitted." <u>Id</u>. at 2781. This is because "there is little doubt that a co-conspirator's statements could themselves be probative of the existence of a conspiracy and the participation of both the defendant and the declarant in the conspiracy." <u>Id</u>. Thus, contrary to defendant's assertions, this Court, in determining the admissibility of coconspirator statements, may consider the substance of the statements themselves, along with independent evidence, to determine whether the requisite factual basis has been met. <u>United States v. Van Hemelryck</u>, 945 F.2d 1493, 1498-99 (11th Cir. 1991); <u>United States v. Allison</u>, 908 F.2d 1531, 1533 (11th Cir. 1990), <u>cert. denied</u>, 111 S.Ct. 1681 (1991).

The defendant concedes that it is not necessary that a <u>James</u> hearing be held pretrial. In fact where, as here, the court will be required, in making its initial findings, to review all of the hearsay statements themselves, in conjunction with all of the other relevant evidence to be presented at trial in support of the conspiracy charges, conducting a pretrial <u>James</u> hearing is disfavored. The Eleventh Circuit stated as much, in a similar case, when it upheld the denial of such a pretrial hearing and found that "under the circumstances a <u>James</u> hearing would in essence have required trying the case twice to show the admissibility of [a coconspirator's] statements, and would itself have wasted the judicial resources <u>James</u> was designed to conserve." <u>United States v. Lippner</u>, 676 F.2d 456, 464 (11th Cir. 1982). <u>See also</u> <u>United States v. Walker</u>, 720 F.2d 1527, 1537 (11th Cir. 1983) ("By permitting the trial judge to admit coconspirator hearsay subject to later proof that a conspiracy did in fact exist, the <u>James</u> Court demonstrated that it did not intend to eliminate the traditional discretion of the trial court in this regard."), <u>cert. denied</u>,

104 S.Ct. 1614 (1984); United States v. Dago, 813 F.Supp. 736, 742 (D.Col. 1992) (Trial court, in its discretion and power to control the order of proof, may admit coconspirator statements conditioned on the government later satisfying the requisite elements under Rule 801(d)(2)(E)), affirmed, 28 F.3d 113 (10th cir. 1994), 33 F.3d 63 (10th Cir. 1994); United States v. Van Hemelryck, supra., 945 F.2d at 1498 ([T]his determination [as to the existence of a conspiracy] need not be made prior to trial. 'The district court has discretion to admit the statements subject to proof of these three requirements during the course of the trial.'"). Accord, United States v. Fernandez, 797 F.2d 943, 945 (11th Cir. 1986), cert. denied, 107 S.Ct. 3230 (1987); United States v. Norton, 755 F.2d 1428, 1431 (11th Cir. 1985).

Wherefore, based upon the above and foregoing, the government respectfully suggests that the defendant's motion should properly be denied, as to follow the procedure which he suggests would, in this conspiracy prosecution, result in an unnecessary duplication of the presentation of proof at trial.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By:  _____
LAWRENCE D. LaVECCHIO
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 305405
299 East Broward Boulevard
Fort Lauderdale, Florida 33394
954/356-7255/ 356-7230 - fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered

by U.S. mail to the following on this 30th day of May 2001.

Richard K. Houlihan, Esq. **(for Anthony Trentacosta)**
300 Aragon Avenue, Ste. 310
Coral Gables, Florida 33134

William D. Matthewman, Esq. **(for Ariel Hernandez)**
2300 Glades Rd., Suite 340 - West Tower
Boca Raton, Florida 33431

Fred Haddad, Esq. **(for Frederick J. Massaro)**
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394

Christopher A. Grillo, Esq. **(for Frederick J. Massaro)**
1 East Broward Blvd., #700
Ft. Lauderdale, Florida 33301

Samuel D. DeLuca, Esq. **(for Francis Ruggiero)**
3451 John F. Kennedy Blvd.
Jersey City, New Jersey 07307

Jeffrey Weinkle, Esquire **(for Ariel Hernandez)**
1035 NW 11th Avenue
Miami, Florida 33136

Donald Spadaro, Esquire **(for Julius B. Chiusano)**
1000 S. Federal Highway, Suite 103
Fort Lauderdale, Florida 33316

Michael G. Smith, Esquire **(for Adam Todd Silverman)**
633 SE 3rd Avenue, Suite 4F
Fort Lauderdale, Florida 33301

Albert Z. Levin, Esquire **(for Carlos Garcia)**
888 Brickell Avenue, Sixth Floor
Miami, Florida 33131

Thomas Almon **(for Charles P. Monico)**
321 NE 26th Street
Miami, Florida 33137

Manuel Gonzalez, Esquire **(for Anthony R. Banks)**
782 NW Le Jeune Road, Suite 440
Miami, Florida 33126

LAWRENCE D. LaVECCHIO
Assistant United States Attorney

4