UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273-CR-HUCK/BROWN

**NIGHT BOX FILED**

MAY 3 0 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES OF AMERICA,          :

PLAINTIFF,          :

v.          :

ANTHONY TRENTACOSTA, et. al.,          :

DEFENDANTS.          :

---

**GOVERNMENT'S RESPONSE TO DEFENDANT HERNANDEZ' MOTION TO STRIKE GOVERNMENT'S DISCOVERY RESPONSE FOR FAILURE TO PROVIDE TRUE AND ACCURATE COPIES OF INTERCEPTED WIRE COMMUNICATIONS AND TO ORDER PRODUCTION OF "LINE SHEETS"**

The United States of America, by and through the undersigned Assistant United States

Attorney, hereby files its response to defendant Ariel Hernandez' Motion to Strike Government's

Discovery Response for Failure to Provide True and Accurate Copies of Intercepted Wire

Communications and to Order Production of "Line Sheets" (DE 221).[1]

I.   Simultaneously with this Response, the government is providing all defendants with those portions of the "lines sheets" which set forth the relevant data.

In the case at bar, the intercepted conversations were recorded utilizing a digital system

---

[1]The defendant's motion is styled as a "Motion to Strike." In fact, the defendant's motion complains about the quality of the materials which have been provided in discovery. Therefore, there exists no pleading or other document for the Court to "strike." Rather, the defendant's motion is more accurately described as one which seeks the production of additional discovery.

1

possessing properties which are far superior to those previously utilized in law enforcement. This system, known as the Voice Box system, allows for the digital recording and retrieval of intercepted communications through compact disks by employing a computer media player. By utilizing this system, individual conversations may specifically be retrieved and played without having to be located through the trial and error approach associated with the magnetic tape systems which were utilized previously.

The gist of the defendant's complaint is that, in retrieving intercepted communications through the computer program, he has been unable to determine the exact date and time on which a conversation occurred due to the fact that the only date listed in the computer files is a "date modified" column, and that the dates and times stated therein clearly do not reflect the actual date and time that the call was intercepted. The defendant is correct.

The Voice Box system places call data in memory, then writes the data to a magneto optical disk. The system holds call data in memory, and doesn't download it to the magneto optical disk until instructed to do so by computer command.[2] In the instant case, call data was written to the magneto optical disk up to two weeks after the call was recorded in memory. When the call data is written to the magneto optical disk from the memory, a wave file is created, and the file creation date will reflect the date and time that the call data was transferred to the magneto optical disk, not the date and time which the call was received and recorded into memory. Thereafter, the work copy

---

[2]"Call data" is described as the digitized intercepted communication; the call number; the recorded information concerning the date and time that the call was placed; identifying information concerning the telephone number called (on outgoing calls) or the telephone number from which the call was placed (on incoming calls), when such information was captured; and the notes of the monitoring agents which were being made on the computer terminal simultaneously with the interception.

magneto optical disk is ultimately utilized to duplicate the compact disks which previously have been provided by the government in discovery. When the call synopses (which were made by the monitoring agent simultaneously with the interception) are modified on the line sheets (as, for example, when a previously unidentified participant in an intercepted conversation has been subsequently identified), the system modifies the synopsis file and creates a link to the wave file, which modifies the wave file date. Thus, the "date modified" column bears no logical relationship to the date and time on which a call was intercepted.

In order to remedy this confusion, the government is providing herewith, to all defense counsel, copies of those portions of the computer-generated "line sheets" which set forth the call number; call date; call type (incoming or outgoing); number called (if outgoing and if captured) or number calling (if incoming and if captured); start time of the call; and stop time of the call.[3] The documents are being provided with reference to all telephone lines during the entire time that electronic surveillance was being employed. This is a rather large amount of documents, numbering approximately three hundred pages.

By providing the aforesaid documents, the government has provided the defendant with all of the documentation necessary for him to verify the correct date and time of each intercepted conversation. Moreover, this documentation lays to rest any assertion that the wave files have been altered, either intentionally or inadvertently, or that the compact disks containing the intercepted communications are somehow inaccurate.

_____

[3]Contrary to the assertions at page 10 of the defendant's Motion, the accuracy of this information does not "require an assumption that the individual monitoring the calls was accurate in making the Line Sheet entries." The printouts being provided by the government at this time reflecting the time, date, length, etc. of the intercepted calls was recorded automatically by the Voice Box system.

II. The defendant is not entitled to the agents' notes and summaries of intercepted conversations.

In addition to the "line sheet" data setting forth the relevant information which the defendant

requires in order to determine the dates and times of the intercepted communications (which the

government is providing as set forth hereinabove), the defendant is also seeking those portions of

the line sheets which set forth the monitors' notes and summaries of intercepted communications.

The government respectfully submits that, for the reasons set forth below, this portion of the

defendant's Motion should properly be denied.

Rule 16(a)(2), Fed. R. Crim. P., provides as follows:

> Except as provided in paragraphs (A), (B), (D), and (E) of subdivision
> (a)(1), this rule does not authorize the discovery or inspection of
> reports, memoranda, or other internal government documents made
> by the attorney for the government or other government agents in
> connection with the investigation or prosecution of the case, or of
> statements made by government witnesses or prospective government
> witnesses except as provided in 18 U.S.C. § 3500.[4]

The government respectfully submits that the contested material sought by the defendant pursuant

---

[4]At this point, it is beyond cavil that Jencks Act material may not be ordered disclosed pretrial. United States v. Liuzzo, 739 F.2d 541, 544 (11th Cir. 1984) ("If logic were not persuasive enough to convince us that [Jencks Act material] was not subject to pretrial discovery by the defense, precedent succeeds in precluding such discovery."); United States v. Jimenez, 613 F.2d 1373, 1378 (5th Cir. 1980) (Jencks Act "delays disclosure of the witness' report or statement until conclusion of the witness' direct examination"); United States v. Murphy, 569 F.2d 771, 773 (3d Cir) ("The blunt command of the [Jencks Act] together with the unequivocal legislative history has led to unbroken precedent in the Courts of Appeal denying to district courts the power to compel production of the statements of government witnesses until conclusion of direct examination at the trial."), cert. denied, 435 U.S. 955 (1978); United States v. Haldeman, 559 F.2d 31, 77 n.111 (D.C.Cir. 1976) ("The [Jencks] Act supplies the only avenue to the materials it encompasses, and 'statements of a government witness made to an agent of the Government which cannot be produced under the terms of [the Jencks Act], cannot be produced at all.'" [quoting Palermo v. United States, 360 U.S. 343, 349 (1959)]), cert. denied, 431 U.S.933 (1977). See also, United States v. Tarantino, 846 F.2d 1384, 1414-1415 (D.C.Cir.), cert. denied, 488 U.S. 867 (1988).

4

to discovery clearly fall within the above proscription. The documentation which the defendant seeks

is comprised of notes made by the monitoring agents at the time that interceptions of

communications were occurring.  They contain summaries of communications, as well as mental

impressions of the agents conducting the investigation. Hence, they clearly fall within the definition

of "reports, memoranda, or other internal government documents."

In an analogous circumstance, the Fifth Circuit has held that a government agent's reports

summarizing the contents of tape recordings which were to be offered against a defendant, and which

were made covertly under one-party consent, were not discoverable prior to trial. The court held as

follows:

> [B]ecause under the Jencks Act the agent's written report of
> the contents of the calls qualified as a "statement" by a prospective
> government witness, the prosecutor could not be required to give the
> appellees a copy of the report until after the agent testified at trial. 18
> U.S.C. § 3500 (a), (e)(1).

United States v. Campagnuolo, 592 F.2d 852, 864 (5th Cir. 1979).

Where, as here, the government has voluntarily disclosed a large volume of discovery

materials (e.g. tape recordings, intercept applications, search warrant applications, transcripts, those

portions of the monitors' logs setting forth the relevant data concerning each intercepted

conversation, etc.), the defendant's argument urging discovery of the monitors' notes becomes even

less compelling. In United States v. Sklaroff, 323 F. Supp. 296 (S.D. Fla. 1971), a nine defendant,

twenty-three count case based upon evidence derived through wiretaps and search warrants, the

Court found as follows:

> The substantial and voluntary compliance by Government counsel
> to Movant's requests for discovery does not leave many issues
> upon which the Court must rule. Some but not all of Movants have

.

asked inspection of interoffice airtels, memoranda, surveillance
notes, logs, books, and workpapers relating to their investigation
compiled by and in the possession of the Government. The
Government opposes this motion as being expressly excluded from
pretrial discovery and inspection by Rule 16(b), F. R. Crim. P., as
being internal Government documents. The Court sustains the
Government's objection to pre-trial discovery and inspection of
internal Government documents. United States v. Johnson, N.D.Ill.
1969, 298 F. Supp. 58; United States v. Barber, D.Del. 1969, 297
F. Supp. 917; United States v. Battaglia, 7 Cir. 1969, 410 F.2d. 279,
cert. denied, 396 U.S. 848, 90 S.Ct. 73, 24 L.Ed.2d 97; United
States v. Zirpolo, D.N.J. 1968, 288 F. Supp. 993; United-States v.
Westmoreland, S.D.Ind. 1967, 41 F.R.D. 419, and Clay v. United
States, 5 Cir. 1968, 397 F.2d 901, vacated on other grounds, 394
U.S. 310, 89 S.Ct. 1163, 22 L.Ed.2d 297.

Id. at 309.  Under the same circumstances, in United States v. Nakashian, 635 F.Supp 761

(S.D.N.Y. 1986), the court stated the following:

Defendant's motion for production of memoranda, logs or notes
related to wiretapping, eavesdropping or other surveillance by the
government is denied.  Such internal government documents
developed by the prosecution are specifically exempted from
discovery.  Fed.R.Crim.P. 16(a)(2); see also United States v.
Spagnuolo, 549 F.2d 705, 712-713 (9th Cir. 1977); Payden, 613
F.Supp. At 820; United States v. Smith, 405 F.Supp. 144, 145
(E.D.Pa. 1975).

Id. at 775, order rev'd on other grounds, 820 F.2d 549 (2d Cir. 1987).  Similarly, surveillance reports

have long been held to be internal government documents, made by government agents in connection

with the case and, thus, not discoverable. United States v. Smith, 405 F. Supp. 144 (E.D.Pa. 1975);

United States v. Sklaroff, supra..  See also, United States v. Mann, 61 F.3d 326, 330 (5th Cir. 1995)

(agents' reports are internal government documents and are therefore "exempted from discovery");

United States v. Roach, 28 F.3d 729, 734 (8th Cir. 1994) ("The government is entitled to refuse

discovery of reports or other memoranda prepared by government attorneys and agents in connection

with an investigation or prosecution").

CONCLUSION

WHEREFORE, based upon the aforesaid facts and citations of authority, the government

submits that, by providing the defendant with the additional discovery materials described

hereinabove, it has satisfied all of those concerns set forth in the defendant's Motion, and the

defendant will have received all of the electronic surveillance materials which he has requested and

which he is entitled to receive pursuant to discovery herein.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By:

LAWRENCE D. LaVECCHIO
Assistant U.S. Attorney
Fla. Bar No. 0305405
500 E. Broward Blvd., 7th Floor
Ft. Lauderdale, Florida 33394
(954) 356-7255/(954) 356-7230 - fax