UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273-CR-HUCK/BROWN

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.

**ANTHONY TRENTACOSTA, et al.,**

      Defendants.
_____/

GOVERNMENT'S RESPONSE TO DEFENDANT HERNANDEZ' MOTION
FOR DISCOVERY AND SUPPRESSION OF CO-CONSPIRATORS' STATEMENTS

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and files this response in opposition to the defendant Hernandez' Motion for Discovery and Suppression of Co-conspirator's Statements and Memorandum of Law (DE 187).

In his Motion, the defendant seeks discovery of "all reports, summaries, memoranda of interviews and statements of all persons who could be co-conspirators of the defendant," asserting that "[t]he statements of co-conspirators are discoverable under Rule 16, F.R.Cr.P., since they would be admissible against Defendant as if they were his own words ..., " citing United States v. Thevis, 84 F.R.D. 47 (N.D.Ga. 1980). The defendant fails to advise this Court that the Eleventh Circuit has specifically and unequivocally rejected this argument, stating the following:

> The appellants argue that they were entitled to receive the statements Ali [a co-conspirator] made to the government. They urge us to read Fed.R.Crim.P. 16(a)(1)(A) and Fed.R.Evid. 801(d)(2)(E) in *pari materia*. Combining these two rules, they reason that because the appellants could be held vicariously liable for statements made by conspirator Ali, Ali's statements would be essentially their own admissions.
>          * * *

>    The Fourth Circuit had led the way on this issue, holding that defendants were entitled to discover coconspirator's statements under Rule 16(a)(1)(A). *United States v. Jackson*, 757 F.2d 1486, 1491 (4th Cir.), *cert. denied*, 474 U.S. 994, 106 S.Ct. 407, 88 L.Ed.2d 358 (1985). However, the Fourth Circuit sitting *en banc* recently reconsidered that issue and concluded that Rule 16(a)(1)(A) was not intended to apply to coconspirators' statements. *United States v. Roberts*, 811 F.2d 257, 258 (4th Cir. 1987) (*en banc*); *see also United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), *cert. denied*, ___ U.S. ___, 106 S.Ct. 1214, 89 L.Ed.2d 326 (1986) (did not rule directly on the matter due to harmless error finding, but deemed the interpretation of Rule 16(a)(1)(A) a "novel claim"); 8 J. Moore, *Moore's Federal Practice*, 16.04(1) at 16-54 (2d ed. Nov. 1986 Rev.) (statements of coconspirators not available to defendant under Rule 16)
>    <u>We agree with the Fourth Circuit that Rule 16(a)(1)(A) does not apply to coconspirator's statements</u>.

United States v. Orr, 825 F.2d 1537, 1541 (11th Cir. 1987) (emphasis supplied).

WHEREFORE, the government respectfully requests that, in light of the aforesaid, the Court deny the defendant Hernandez' motion seeking discovery of co-conspirators' statements.[1]

>                    Respectfully submitted,
>
>                    GUY A. LEWIS
>                    UNITED STATES ATTORNEY
>
> By:   _____
>                    LAWRENCE D. LaVECCHIO
>                    Assistant United States Attorney
>                    Florida Bar No. 0305405
>                    500 E. Broward Blvd., Suite 700
>                    Fort Lauderdale, Florida 33394
>                    Tel: (954) 356-7255/356-7230 - fax

---

[1] Insofar as the defendant Hernandez' Motion also seeks a pretrial determination as to the admissibility of co-conspirator statements, he advances the same arguments as those presented in defendant Hernandez' Motion for a Pre-trial James Hearing (DE 184). To that extent, the government relies upon its previously filed Response to that Motion (DE 263).

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by U.S. mail to the following on this 8th day of June 2001.

Richard K. Houlihan, Esq. **(for Anthony Trentacosta)**
300 Aragon Avenue, Ste. 310
Coral Gables, Florida 33134

Fred Haddad, Esq. **(for Frederick J. Massaro)**
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394

Samuel D. DeLuca, Esq. **(for Francis Ruggiero)**
3451 John F. Kennedy Blvd.
Jersey City, New Jersey 07307

Jeffrey Weinkle, Esquire **(for Ariel Hernandez)**
1035 NW 11th Avenue
Miami, Florida 33136

Donald Spadaro, Esquire **(for Julius B. Chiusano)**
1000 S. Federal Highway, Suite 103
Fort Lauderdale, Florida 33316

Michael G. Smith, Esquire **(for Adam Todd Silverman)**
633 SE 3rd Avenue, Suite 4F
Fort Lauderdale, Florida 33301

Albert Z. Levin, Esquire **(for Carlos Garcia)**
888 Brickell Avenue, Sixth Floor
Miami, Florida 33131

Thomas Almon **(for Charles P. Monico)**
321 NE 26th Street
Miami, Florida 33137

Manuel Gonzalez, Esquire **(for Anthony R. Banks)**
782 NW Le Jeune Road, Suite 440
Miami, Florida 33126

William D. Matthewman, Esq. **(for Ariel Hernandez)**
2300 Glades Rd., Suite 340 - West Tower
Boca Raton, Florida 33431

Christopher A. Grillo, Esq. **(for Frederick J. Massaro)**
1 East Broward Blvd., #700
Ft. Lauderdale, Florida 33301

LAWRENCE D. LaVECCHIO
Assistant United States Attorney