### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

#### CASE NO. 00-6273-CR-HUCK

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ARIEL HERNANDEZ.

        Defendant.

_____/

### MOTION FOR INSTRUCTIONS FROM COURT TO COUNSEL
### APPOINTED AS "LEARNED COUNSEL" UNDER 18 U.S.C. 3005

Undersigned counsel, William D. Matthewman, hereby files this Motion for Instructions From Court to Counsel Appointed As "Learned Counsel" Under 18 U.S.C. 3005, and would show as follows:

1.      Undersigned counsel, William D. Matthewman, Esq., was appointed by this Court as "learned counsel" under 18 U.S.C. 3005, as the government had indicted the Defendant Ariel Hernandez for a capital crime and the death penalty was a potential sanction.

2.  After extensive work on this case by undersigned counsel, including but not limited to meeting with the client and reviewing discovery, the preparation of a mitigation memorandum/letter, attendance at meetings with U.S. Attorney Guy Lewis and other members of the local U.S. Attorney's Office, and participation in the meeting of the Department of Justice Death Penalty Review Committee located in Washington, D.C., undersigned counsel was pleased to learn that the Attorney General recently decided not to authorize this case as a death penalty prosecution.

3.  In light of the fact that this case will not be a death penalty case, undersigned counsel requests instructions from this Court as to whether he is discharged from further



representation of Defendant Ariel Hernandez, or whether this Court intends to keep

undersigned counsel on this case as cocounsel with Jeffrey Weinkle, Esq. Under Section

6.02B(2) of the CJA Guidelines, a copy of which is attached, this Court has the discretion to

terminate undersigned counsel's appointment or continue undersigned counsel's

appointment.

4. Undersigned counsel also advises this Court that he expects not to be able to attend

the Status Conference set for June 21, 2001 at 4:00 p.m. as he is required to be outside this

district on another case.

WHEREFORE, undersigned counsel requests that this Honorable Court issue its

Order instructing counsel as to his further role, if any, in this case, and that this Court take all

further action deemed just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. mail

this <u>12th</u><sup>t</sup> day of June, 2001 to all counsel as specified below on the attached service list.

Respectfully Submitted,

William D. Matthewman, Esq., of
Seiden, Alder, Rothman, Petosa &
 Matthewman, P.A.
2300 Glades Road, Suite 340-W
Boca Raton, Fla. 33431
Phone: 561-416-0170
Fax: 561-416-0171

And

44 West Flagler Street
Suite 1700, Courthouse Tower
Miami, Fla. 33130
Phone: 305-577-3707
Fax: 305-373-6658

By: William D. Matthewman
William D. Matthewman
Florida Bar No. 3727

Service List
USA v. Ariel Hernandez
Case No.: 00-6273-CR-Huck

Jeffrey D. Weinkle
1035 N.W. 11TH Avenue
Miami, FL 33136-2911

Richard Houlihan, Esquire
300 Aragon Avenue, Suite 310
Coral Gables, FL 33134

AUSA Lawrence Lavecchio
AUSA Jeffrey Sloman
United States Attorney's Office
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Fl 33394-3000

Fred Haddad, Esquire
One Financial Plaza, Suite 2612
Fort Lauderdale, FL 33394

Samuel D. Deluca, Esquire
3451 John F. Kennedy Boulevard
Jersey City, NJ 07307

Donald Spadero, Esquire
1000 S. Federal Highway, Suite 103
Fort Lauderdale, FL 33316

Michael Smith, Esquire
633 SE 3rd Avenue, Suite 4F
Fort Lauderdale, FL 33301

Arturo Taquechel, Esquire
3750 W. 16th Avenue, Suite 238
Hialeah, FL 33012

Thomas Almon, Esquire
321 NE 26th Street
Miami, FL 33137

Manuel Gonzalez, Esquire
782 NW LeJeune Road, Suite 440
Miami, FL 33126

proceedings, applications for stays of execution, competency proceedings, proceedings for executive or other clemency, and other appropriate motions and proceedings.

6.02    <u>Compensation of Appointed Counsel in Capital Cases</u>.

    A.    <u>Inapplicability of CJA Hourly Rates and Compensation Maximums</u>.

        (1)    <u>Hourly Rates</u>. Pursuant to 21 U.S.C. § 848(q)(10)(A), **with respect to federal death penalty cases and federal capital habeas corpus proceedings commenced, and appellate proceedings in which an appeal is perfected, on or after April 24, 1996,** the presiding judicial officer shall set the hourly compensation rate for appointed counsel in an amount not to exceed $125 per hour for in-court and out-of-court time (unless raised by the Judicial Conference in accordance with section 848(q)(10)(A)).

            **For capital cases commenced, and appellate proceedings in which an appeal was perfected, before April 24, 1996,** in accordance with 21 U.S.C. § 848(q)(10) prior to that provision's amendment by the Antiterrorism Act, an attorney appointed to represent a defendant charged with a federal capital crime or seeking to vacate or set aside a death sentence in a proceeding under section 2254 or 2255 of title 28, U.S.C., shall be compensated at a rate and in an amount determined exclusively by the presiding judicial officer to be reasonably necessary to obtain qualified counsel to represent the defendant, without regard to CJA hourly rates or compensation maximums.

        (2)    <u>Inapplicability of Compensation Maximums</u>. There is neither a statutory case compensation maximum for appointed counsel nor provision for review and approval by the chief judge of the circuit of the case compensation amount in capital cases.

    B.    <u>Attorney Compensation Recommendation</u>.

        (1)    In the interest of justice and judicial and fiscal economy, and in furtherance of relevant statutory provisions regarding qualifications of counsel in capital cases (see paragraph 6.01 C), presiding judicial officers are urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided.



**EXHIBIT**

**A**

In consideration of the potential for wide disparity in compensation paid to attorneys in federal death penalty cases and in federal capital habeas corpus proceedings, and for overburdening the Defender Services appropriation, it is recommended that presiding judicial officers limit the hourly rate for attorney compensation to between $75 and $125 per hour for in-court and out-of-court time. **With respect to federal death penalty cases and federal capital habeas corpus proceedings commenced, and appellate proceedings in which an appeal is perfected, on or after April 24, 1996,** the rate of compensation shall not exceed $125 per hour for in-court and out-of-court time (unless revised by the Judicial Conference in accordance with 21 U.S.C. § 848(q)(10)(A)).

(2)    If, following the appointment of counsel in a case in which a defendant was charged with an offense that may be punishable by death, it is determined that the death penalty will not be sought, the court may consider the question of the number of counsel needed and the rate of compensation needed for the duration of the proceeding. After considering whether the number of counsel initially appointed is necessary to ensure effective representation or to avoid disruption of the proceeding, the court may continue such appointments or make an appropriate reduction. After considering the need to compensate appointed counsel fairly, taking into account the commitment of time and resources appointed counsel has made and will continue to make, the court may continue to pay the rate previously approved or prospectively reduce such rate.

C.    Interim Payments to Counsel.  It is urged that the court permit interim payment of compensation in capital cases.  (See generally paragraph 2.30 B concerning interim payments to counsel in death penalty cases.)

D.    Forms.  Claims for compensation and reimbursement of expenses for attorneys furnishing services in death penalty proceedings should be submitted on CJA Form 30, "Death Penalty Proceedings: Appointment of and Authority to Pay Court Appointed Counsel."

E.    Review of Vouchers.  Absent extraordinary circumstances, judges should act upon panel attorney compensation claims within 30 days of submission.

F.    Case Budgeting in Federal Capital Habeas Corpus Proceedings and Federal Death Penalty Cases.  Courts are encouraged to require appointed counsel to submit a proposed initial litigation budget for court approval that will be subject to modification in light of facts and developments that emerge as the