*00-6273.os*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6273 CR HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ARIEL HERNANDEZ, et al.,

    Defendants.

_____/



## ORDER DENYING MOTION TO SEVER
## AND ALTERNATIVE MOTION IN LIMINE

**This Cause** is before the Court on Defendant Ariel Hernandez' Motion Sever the Trial of all Co-Defendants or in the Alternative Motion in Limine to Preclude Introduction of Statements Made by Co-Defendants After Ariel Hernandez was no Longer a Member of the Conspiracy (D.E. 183). The Court having reviewed the Motion and the Response, **FINDS** as follows:

Defendant argues that he is entitled to a severance because he withdrew from the RICO conspiracy alleged in Count 1 of the Indictment, or in the alternative, argues that statements made by co-conspirators after his alleged withdrawal should be excluded from trial, and cannot be admitted pursuant to Fed.R.Evid. 801(d)(2)(E).[1]

In order to establish that he withdrew from the alleged conspiracy, Defendant must prove: (1) that he has taken affirmative steps, inconsistent with the objectives of the conspiracy, to disavow or to defeat the objectives of the conspiracy; and (2) that he made a reasonable effort to communicate

---

[1] Fed.R.Evid. 801(d)(2)(E) provides that a statement is not hearsay if it is offered against a party and was made "by a coconspirator of a party during the course and in furtherance of the conspiracy."

1

those acts to his co-conspirators or that he disclosed the scheme to law enforcement authorities. United States v. Starrett, 55 F.3d 1525, 1550 (11th Cir.1995). In support of his withdrawal argument, Defendant points to his cooperation with law enforcement officers after his arrest, including his oral statements. Defendant also argues that prior to his arrest, members of the alleged conspiracy gave orders for his assassination, thus indicating the fact of his withdrawal from the alleged conspiracy.

As noted in Starrett, withdrawal is an affirmative defense which must be proven at trial. The Government states that it is unaware of any cases in which the court has mandated a severance based upon such grounds, and Defendant has not cited any such cases. With respect to the Defendant's cooperation, the Government notes that the Defendant's statements were inconsistent, with Defendant at one point maintaining that the death of Jeanette Smith was an accident which occurred during a sexual encounter with her, and at another denying any role in the death, and instead asserting that Ms. Smith was murdered by two Colombian males.[2] The Government additionally proffers evidence that on March 29, 1999 and April 1, 1999, Defendant placed telephone calls from the Broward County Jail to one of the alleged co-conspirators, during which Defendant assured the co-conspirator that "he was taking 'the whole rap'" and that he was using the sex act story "so that no one else will get incriminated." Because Defendant's affirmative defense of withdrawal is a factual issue which must be determined at trial, this Court finds that Defendant is not entitled to a severance.

For the same reasons, Defendant is not entitled at this time to an order excluding any statements of co-conspirators. If evidence is presented at trial that Defendant withdrew from the conspiracy, a limiting instruction may be given to the jury concerning the use of any subsequent co-

---

[2]The Court additionally notes that with respect to the statements, Defendant has filed a motion to suppress, alleging that the statements were made involuntarily.

2

conspirator statements in the case against Defendant.

Accordingly. it is hereby **ORDERED AND ADJUDGED** that Defendant Ariel Hernandez' Motion Sever the Trial of all Co-Defendants to in the Alternative Motion in Limine to Preclude Introduction of Statements Made by Co-Defendants After Ariel Hernandez was no Longer a Member of the Conspiracy is hereby **DENIED**.

**DONE AND ORDERED** this 8th day of August, 2001 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:  Honorable Paul C. Huck
Lawrence D. LaVecchio, Esq. (AUSA)
Richard Houlihan, Esq.
Fred Haddad, Esq.
Samuel D. DeLuca, Esq.
Jeffrey Weinkle, Esq.
Donald Spadaro, Esq.
Michael G. Smith, Esq.
Albert Z. Levin, Esq.
Manuel Gonzales, Esq.
Thomas Almon, Esq.