*00-6273.ow*



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6273 CR HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ARIEL HERNANDEZ, et al.,

    Defendants.

_____/

## ORDER DENYING MOTION TO SEVER COUNTS 17 AND 18 AND TO STRIKE ALLEGATIONS OF THE MURDER OF JEANNETTE [sic] SMITH

**This Cause** is before the Court on Defendant Ariel Hernandez' Motion Sever Counts 17 and 18 and to Strike Allegations of the Murder of Jeannette Smith (D.E. 188). The Court having reviewed the Motion and the Response, **FINDS** as follows:

### I.  Facts

Count 1 of the twenty five (25) count indictment charges nine Defendants, including Hernandez, with RICO Conspiracy. Counts 2 through 16 charge Defendants Frederick Massaro, Hernandez and Julius Bruce Chiusano with fraud. Count 17 charges Defendants Massaro and Hernandez with conspiracy to murder Jeanette Smith in aid of racketeering. Count 18 charges Defendants Massaro and Hernandez with murder of Jeanette Smith in aid of racketeering. Count 19 charges Defendants Adam Todd Silverman, Charles Patrick Monico and Anthony Raymond Banks with assisting Defendants Massaro and Hernandez "in order to hinder and prevent their apprehension, trial and punishment." Count 21 charges Defendants Frederick Massaro, Hernandez and Chiusano with making and uttering counterfeit securities.[1]

_____

[1]Count 20 charges Defendants Massaro and Carlos Garcia with conspiracy to murder Defendant Hernandez. Count 22 charges Defendants Massaro and Francis Ruggiero with making

1

Defendant argues that Counts 17 and 18, which allege that Defendant conspired to commit murder, and did commit the murder of Jeanette Smith in aid of racketeering, are misjoined with the other counts. Fed.R.Crim.P. 8(a) provides:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connecting together or constituting part of a common scheme or plan.

Defendant argues that the murder and murder conspiracy counts are misjoined because "the actual evidence pertaining to the death of Ms. Smith indicates that she was killed during or in the course of committing a Sexual Battery." Defendant thus argues that these counts are not of the same or similar character as the remaining counts in the indictment. In support of his argument, Defendant notes that "the State of Florida ... obtained an indictment for First Degree Murder which was predicated upon a felony murder theory with the underlying felony being sexual battery."

Regardless of the nature of the State's prosecution, the Indictment in this case alleges that Defendant Hernandez and Defendant Massaro conspired to commit murder, and did commit murder, "for the purpose of gaining entrance to and maintaining and increasing their positions in the enterprise, that is, the South Florida crew of the Gambino Crime Family, which was engaged in racketeering activity...." Indict., Count 17, ¶ 4; Count 18, ¶ 4. Accordingly, the counts are properly joined with the RICO Conspiracy and other racketeering activity counts of the Indictment. What the evidence at trial will prove is a matter left for the jury.[2]

---

"extortionate extensions of credit." Count 23 charges Defendants Massaro, Ruggiero, Silverman and Garcia with using "extortionate means to collect and attempt to collect extensions of credit." Count 23 charges Defendant Massaro with possessing goods stolen from an interstate shipment of property. Count 25 charges Defendant Massaro with possessing a firearm in and affecting commerce.

[2]Furthermore, the Court notes that the two positions are not mutually exclusive. The killing of Ms. Smith during the course of a sexual battery does not necessarily preclude the killing being in furtherance of racketeering activity.

Defendant alternatively argues that "[e]ven if the court determines that evidence of the alleged murder of Jeannette [sic] Smith does have some probative value, its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or may mislead the jury and is inadmissible under Rule 403 Fed.R.Evid." It should be noted that the "evidence" which concerns Defendant apparently relates to his position that the death occurred during a sexual battery. However, such an allegation is not made in the indictment - rather, it is a position being taken by Defendant. The relief Defendant seeks, according to the title of his motion, is that allegations of the murder of Ms. Smith be stricken from the Indictment. The allegations contained in the Indictment concerning the murder and the associated conspiracy track the elements of the statutory offense, and do not add any prejudicial material which should be stricken.[3]

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Ariel Hernandez' Motion Sever Counts 17 and 18 and to Strike Allegations of the Murder of Jeannette Smith is hereby **DENIED**.

**DONE AND ORDERED** this _8th_ day of August, 2001 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:   Honorable Paul C. Huck
      Lawrence D. LaVecchio, Esq. (AUSA)
      Richard Houlihan, Esq.
      Fred Haddad, Esq.
      Samuel D. DeLuca, Esq.
      Jeffrey Weinkle, Esq.
      Donald Spadaro, Esq.
      Michael G. Smith, Esq.
      Albert Z. Levin, Esq.
      Manuel Gonzales, Esq.
      Thomas Almon, Esq.

---

[3]To the extent that Defendant seeks that "evidence" be excluded pursuant to Fed.R.Evid. 403, he has failed to adequately describe the evidence he seeks to exclude such that this Court is able to make a determination of the evidence's probative, versus prejudicial, value.

3