00-6273.on

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6273 CR HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ARIEL HERNANDEZ et. al.

    Defendant.
_____/

### ORDER ON PENDING MOTIONS

This Cause is before the Court on Defendant Hernandez' Motion for a Pre-Trial James Hearing and in the Alternative to Adhere to the Preferred Order of Proof (D.E. 184) and Motion for Discovery and Suppression of Co-Conspirator's Statements (D.E. 187). The Court having reviewed the motions and the responses and being otherwise fully advised, it is **ORDERED AND ADJUDGED** as follows:

    1. In Defendant's Motion for Discovery, he requests that the Court order the Government to provide him with "copies of all reports, summaries memoranda [sic] of interviews, and statements of all persons who could be considered to be co-conspirators of the defendant, indicted and unindicted, which statements could be offered into evidence pursuant to Rule 801(d)(2)(E), F.R. Evid.." Defendant argues that these statements are discoverable under Fed.R.Crim.P. 16 because they would be admissible against the Defendant as if they were his own words if a conspiracy in fact existed. In United States v. Orr, 825 F.2d 1537, 1541 (11th Cir. 1987), the Eleventh Circuit specifically rejected this argument. Accordingly, the Motion for Discovery is **DENIED**. To the

extent the Motion seeks suppression of co-conspirator statements, the Motion is hereby **DENIED** without prejudice based on the Court's ruling below.

2.    In his Motion for a Pre-Trial James Hearing and in the Alternative to Adhere to the Preferred Order of Proof, Defendant requests that this Court hold a pre-trial hearing pursuant to United States v. James, 590 F.2d 575 (5th Cir. 1979), to determine whether hearsay statements of alleged co-conspirators are admissible in evidence against Defendant pursuant to Fed.R.Evid. 801(d)(2)(E). Defendant concedes that the Court is not required to hold a James hearing prior to trial, but argues that in this case it is appropriate because "many of the co-defendant and co-conspirator statements are in the form of intercepted telephone calls and it has been estimated that these telephone interceptions total approximately 30,000 to 40,000 calls."

In order for the Government to introduce the hearsay statements of an alleged co-conspirator through a conspirator witness, three factors must be proven: (1) the existence of a conspiracy; (2) that the statement was made during the course of and in furtherance of the conspiracy; and (3) that the declarant and the defendant were members of the conspiracy. James, 590 F.2d at 578. This may be established in one of three ways: (1) the Court may, outside the presence of the jury, conduct a hearing either in advance of or at trial; (2) the Court may require the Government to structure its case in chief in such a manner that hearsay is not introduced until the three prerequisites have been established by non-hearsay, or (3) the Court may allow the Government to introduce hearsay "subject to connection." Id. at 581. If the Court proceeds pursuant to the third option, and the Government fails to establish the prerequisites, the Court must strike the hearsay and give curative instructions, or, if instructions will not be sufficient to cure the prejudice, declare a mistrial. Id. at 581-82.

The James Court also declared a "preferred order of proof" in a case in which the

Government seeks to "connect up" the hearsay evidence - the government's independent proof of the conspiracy should be introduced first, and then a determination made as to whether that evidence permits reliance on the hearsay exception. Id. at 582. Defendant is incorrect, however, in his argument that the Court may not take the alleged "hearsay" statements into consideration in making the initial determination as to whether a conspiracy existed. Although at the time of the James decision, the view was that the hearsay statements could not be considered as evidence of the conspiracy, in Bourjaily v. United States, 483 U.S. 171 (1987), the Supreme Court held that a trial court "in making a preliminary factual determination under Rule 801(d)(2)(E) may examine the hearsay statements sought to be admitted." Id. at 181.

In United States v. Lippner, 676 F.2d 456 (11th Cir. 1982), the Eleventh Circuit emphasized that a pretrial James hearing is not required in all cases, and that in fact where "under the circumstances a James hearing would in essence have required trying the case twice to show the admissibility of [the co-conspirator's] statements, and would itself have wasted the judicial resources James was designed to conserve," the lower court's decision not to hold a pretrial James hearing was proper. Id. at 464; see also, United States v. Fernandez, 797 F.2d 943, 945 (11th Cir. 1986) (stating that "[t]he district court has discretion to admit the statements subject to proof of these three requirements during the course of the trial.")

This Court finds that because of the magnitude of co-conspirator statements involved in this case, holding a pretrial James hearing would require, in essence, another trial, which would be against the interests of judicial economy. Accordingly, Defendant's Motion for a Pre-Trial James Hearing is hereby **DENIED**. This Court defers to the District Judge the Defendant's Alternative

Motion to Adhere to the Preferred Order of Proof

**DONE AND ORDERED** this 21st day of August, 2001 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc: Honorable Paul C. Huck
Lawrence D. LaVecchio, Esq. (AUSA)
Richard Houlihan, Esq.
Fred Haddad, Esq.
Samuel D. DeLuca, Esq.
Jeffrey Weinkle, Esq.
Donald Spadaro, Esq.
Michael G. Smith, Esq.
Albert Z. Levin, Esq.
Manuel Gonzales, Esq.
Thomas Almon, Esq.