UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273-CR-HUCK/BROWN

*NIGHT BOX FILED*

*AUG 2 3 2001*

*CLARENCE MADDOX*
*CLERK, USDC / SDFL / MIA*

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| PLAINTIFF, | : |
| v. | : |
| ANTHONY TRENTACOSTA, et al., | : |
| DEFENDANTS. | : |

GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANTS MASSARO'S
AND HERNANDEZ' MOTIONS FOR BRADY MATERIAL

The United States of America, by and through the undersigned Assistant United States

Attorney, hereby files its supplemental response to defendants Frederick J. Massaro's and Ariel

Hernandez' motions for Brady material.[1]

A.  Defendant Massaro's Motion For Accelerated Disclosure of Brady, Jenks [SIC], Kyle,
    Agurs Related Materials (DE 164).

Insofar as this Motion only seeks production of those materials required to be disclosed under

_____

[1]On or about June 15, 2001, the government filed a Response (DE 278) which addressed
those issues raised in the following motions: Request by Ariel Hernandez For Specific Brady
Material and Memorandum of Law and For Immediate Disclosure (DE 191); Request by
Frederick J. Massaro For Specific Brady Material and Memorandum of Law and For Immediate
Disclosure; Potential Death Case (DE 156); and Motion For Accelerated Disclosure of Brady,
Jenks [SIC], Kyle, Agurs Related Materials (DE 164).  The instant Supplemental Response is
being filed in conformity with the Court's Order of August 2, 2001 requiring same.

1

the Standing Discovery Order, and given that the government has since complied with that request,

and will continue to so comply as such information is brought to the attention of the undersigned,

as detailed within the government's initial Response herein and the attachment thereto (DE 278), the

government respectfully submits that the defendant's Motion should properly be denied as moot.

B. Request by Frederick J. Massaro For Specific Brady Material and Memorandum of Law
and For Immediate Disclosure; Potential Death Case (DE 156).

The government has provided, and/or will provide, information in its possession which is

of the type described in the defendant's requests numbered 1, 2, 4, 6, 8, 10(c), 10(d), 11, 12, 13(2),

15 and 16. The government's objections to providing information of the type described in the

defendant's remaining requests are as follows:

Request number 3: The government does not object to providing information concerning a

witness' usage of alcohol and/or drugs which may have affected his ability to perceive the events

which are the subject matter of his testimony. However, evidence of prior general drug usage by a

witness need not be disclosed, as a witness' use of drugs may not be used to attack his general

credibility. See, United States v. Sellers, 906 F.2d 597, 602 (11th Cir. 1990), and cases cited therein.

Therefore, insofar as the defendant seeks information outside these parameters, his request exceeds

the scope of the government's Brady obligations.

Request number 5: The government does not object to providing information concerning

indications of deception by any government witness during the administration of a polygraph

examination. To the extent that the defendant seeks information concerning whether a witness

submitted to a polygraph examination, and information concerning a witness' having passed a

polygraph examination, his request exceeds the scope of the government's Brady obligations insofar

2

as such information is neither exculpatory nor likely to lead to the discovery of exculpatory information.

Request number 7: The government has made available to defense counsel all documents and other evidence which was seized during the course of the investigation which gave rise to the instant charges. Therefore, this portion of the defendant's request has been rendered moot. Insofar as the defendant seeks "any document or other tangible object ... created by the government ... that the government does not intend to introduce into evidence at trial," his request is beyond the scope of the government's <u>Brady</u> obligations as such material is not exculpatory and intrudes upon the work product doctrine. Rule 16(a)(2), Fed.R.Crim.P., specifically states that "this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by the attorney for the government or any other government agent investigating or prosecuting the case." See also, <u>United States v. Mann</u>, 61 F.3d 326, 330 (5th Cir. 1995) (internal government documents produced by government agents in connection with the investigation of a case are exempted from discovery); <u>United States v. Roach</u>, 28 F.3d 729, 734 (8th Cir. 1994) (same).

Request number 9: As set forth in the Government's Response To Defendant Hernandez' Motion For Discovery And Suppression Of Co-Conspirators' Statements (DE 274), the Eleventh Circuit has specifically held that the government is not required to furnish such materials and information. <u>United States v. Orr</u>, 825 F.2d 1537, 1541 (11th Cir. 1987).

Request number 10(a): In this request, the defendant is essentially seeking all information concerning bad acts (uncharged criminal conduct) by potential government witnesses. Prior bad acts of a witness that did not result in an arrest or conviction do not fall within the <u>Brady</u> rule, unless they relate to truthfulness. General bad act evidence is inadmissible to impeach a witness. Consequently,

3

such evidence is not material within the meaning of <u>Brady</u> and its progeny.  See, <u>Delap v. Dugger</u>, 890 F.2d 285, 299 (11th Cir. 1989) (undisclosed evidence is not material when its admissibility at trial is uncertain); Rule 608, Fed.R.Evid. (questions concerning specific evidence of misconduct may only be posed to a witness if probative of truthfulness).  Thus, in <u>Mills v. Singletary</u>, 63 F.3d 999 1015 (11th Cir. 1995), the court held that the <u>Brady</u> rule was not violated when the government failed to disclose to the defense that a government witness had admitted that he had stolen a gun in the past with the intent to kill someone.  The court found that there was no <u>Brady</u> violation because this information was of dubious admissibility to impeach the government witness and was not directly exculpatory.  Therefore, to the extent that the defendant herein seeks information concerning bad acts by witnesses which do not bear on the witnesses' truthfulness, his request exceeds the scope of the government's <u>Brady</u> obligations.

Request number 10(b): Pursuant to the Standing Discovery Order entered in the instant case, the government has provided, and will continue to provide, the NCIC records of potential government witnesses.  To the extent that the defendant seeks the contents of raw intelligence files maintained by various government agencies, his request exceeds the scope of the government's <u>Brady</u> obligations.

Request numbers 13(1) and 13(3): The government does not object to providing information concerning a witness having given prior inconsistent statements concerning the subject matter of his anticipated testimony.  Insofar as the defendant's request seeks to have the government cull its files to discover what, if any, minor inconsistencies may exist among the various witnesses who have been interviewed with reference to the instant case, notwithstanding whether such information is exculpatory, his request exceeds the scope of the government's <u>Brady</u> obligations.

4

Request number 14: The defendant's request exceeds the scope of the government's <u>Brady</u> obligations insofar as he seeks the identities and locations of witnesses notwithstanding whether the information which they possess is exculpatory in nature. As set forth in the government's initial Response herein, a defendant is not entitled under <u>Brady</u> to information that is neutral or incriminating. <u>Stafford v. Ward</u>, 59 F.3d 1025, 1027-28 (10th Cir. 1995); <u>United States v. McGuire</u>, 45 F.3d 1177, 1185 (8th Cir. 1995).

   C.   <u>Request by Ariel Hernandez For Specific Brady Material and Memorandum of Law and For Immediate Disclosure (DE 191).</u>

The government has provided, and/or will provide, information in its possession which  is of the type described in the defendant's requests numbered 3, 7, 8, 13 and 14. The government's objections to providing information of the type described in the defendant's remaining requests are as follows:

Request number 1: The instant indictment charges, in Count 1, paragraph 8(n), and in Count 20, that co-defendant Frederick J. Massaro did solicit and agree with others to commit the murder of defendant Hernandez following Hernandez having committed the murder of Jeanette Smith. Relevant tape recordings concerning this act have been furnished to the defendant pursuant to discovery. Thus, to the extent that the defendant seeks further information concerning unspecified "threats" to the defendant, he has failed to make any showing of materiality, which is a prerequisite to such a request. See, e.g., <u>United States v. Burger</u>, 773 F.Supp. 1419, 1426 (D.Kan. 1991) and cases cited therein.

Request number 2: The defendant's request exceeds the government's <u>Brady</u> obligations insofar as he seeks the identities of witnesses notwithstanding whether the information which they

5

possess is exculpatory in nature.

Request number 4: The defendant's request exceeds the government's <u>Brady</u> obligations insofar as he has failed to establish his burden of proving the materiality of the requested information. See, <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985); <u>United States v. Barnett</u>, 587 F.2d 252, 258 (5th Cir. 1979). In the instant case, given that the indictment charges that the murder in question was associated with a criminal enterprise which operated within the Southern District of Florida and elsewhere, it is immaterial where, specifically within the Southern District of Florida, Ms. Smith expired. The discovery provided by the government sufficiently notifies the defendant that Jeanette Smith was strangled within room 121 of the Olympia Village Motel in Sunny Isles, Florida, and that her body was later discovered at a specific location in western Broward County, Florida.

Requests number 5 and 6: The defendant's requests exceed the government's <u>Brady</u> obligations insofar as he seeks information notwithstanding whether the information is exculpatory in nature.

Requests number 9, 12 and 13: The defendant's requests exceed the government's <u>Brady</u> obligations insofar as he seeks information concerning his own relationship with the victim herein when such information is already particularly within his knowledge. As set forth in the government's initial Response, the defendant is not entitled to information because the government may be able to use it to rebut a defense position or because it would have dissuaded the defendant from proffering easily impeached testimony. <u>United States v. Stevens</u>, 985 F.2d 1175, 1180 (2d Cir. 1993). See also, <u>United States v. Ross</u>, 511 F.2d 757, 762-763 (5th Cir. 1975) (in determining the materiality of a defendant's <u>Brady</u> request, the Court must consider the availability of the material

6

from other sources, "including the defendant's own knowledge.").

Requests number 10 and 11: In these requests, the defendant seeks evidentiary detail concerning the government's case in a manner that is "more like a set of written interrogatories in a civil case than a motion for specific Brady information ..." United States v. Molinaro, 683 F.Supp. 205, 210 (E.D.Wis. 1988), aff'd, 877 F.2d 1341 (7th Cir. 1989) (denying Brady motion without in camera review). As set forth in the government's initial Response herein, at pp. 2-4, the defendant is not entitled to complete disclosure of the government's files and, absent a showing that such information is exculpatory and material, this Court should summarily deny the requests.

WHEREFORE, given that the defendants' requests to which the government objects are improper, and in light of the fact that the defendants have failed to make any showing of materiality in support of the requests which they have made, the government respectfully requests that this Court deny those portions of the defendants' motions for Brady material set forth hereinabove.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By:  _____
LAWRENCE D. LaVECCHIO
Assistant U.S. Attorney
Fla. Bar No. 0305405
500 E. Broward Blvd., 7th Floor
Ft. Lauderdale, Florida 33394
(954) 356-7255/(954) 356-7230 - fax

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by U.S. mail to the following on this 23rd day of _August_ 2001.

Richard K. Houlihan, Esq. **(for Anthony Trentacosta)**
300 Aragon Avenue, Ste. 310
Coral Gables, Florida 33134

Stephen H. Rosen, Esq. **(for Anthony Trentacosta)**
Suite 1020
1221 Brickell Avenue
Miami, Florida 33131

Fred Haddad, Esq. **(for Frederick J. Massaro)**
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394

Samuel D. DeLuca, Esq. **(for Francis Ruggiero)**
3451 John F. Kennedy Blvd.
Jersey City, New Jersey 07307

Jeffrey Weinkle, Esquire **(for Ariel Hernandez)**
1035 NW 11th Avenue
Miami, Florida 33136

Donald Spadaro, Esquire **(for Julius B. Chiusano)**
1000 S. Federal Highway, Suite 103
Fort Lauderdale, Florida 33316

Michael G. Smith, Esquire **(for Adam Todd Silverman)**
633 SE 3rd Avenue, Suite 4F
Fort Lauderdale, Florida 33301

Albert Z. Levin, Esquire **(for Carlos Garcia)**
888 Brickell Avenue, Sixth Floor
Miami, Florida 33131

Thomas Almon **(for Charles P. Monico)**
321 NE 26th Street
Miami, Florida 33137

Manuel Gonzalez, Esquire **(for Anthony R. Banks)**
782 NW Le Jeune Road, Suite 440
Miami, Florida 33126

LAWRENCE D. LaVECCHIO
Assistant United States Attorney

8