00-6273.rr6

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6273 CR HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ARIEL HERNANDEZ et. al.

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This Cause is before the Court on Defendant Hernandez' Motion to Suppress Intercepted Wire Communications (D.E. 231). The Court has reviewed the motion, the response, and all pertinent portions of the file.

### Facts and Discussion

Defendant moves to suppress as evidence at trial all intercepted wire communications in this case. In support of this motion, Defendant adopts the argument made in his Motion to Strike Government's Discovery Response for Failure to Provide True and Accurate Copies of Intercepted Wire Communications and to Order Production of "Line Sheets," that the copies of the wiretap communications which were produced in discovery do not reflect the actual results of the wiretaps in this case. On August 6, 2001, this Court denied that motion as moot, based on the Government's representation in its response that additional discovery provided to Defendant clarified any alleged inconsistency in the discovery originally provided.

Accordingly, this Court respectfully recommends that the Motion to Suppress Intercepted



Wire Communications be **DENIED**.[1]

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** this 29th day of August, 2001 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:   Honorable Paul C. Huck
      AUSA Lawrence D. LaVecchio
      Richard Houlihan, Esq.
      Fred Haddad, Esq.
      Samuel D. DeLuca, Esq.
      Jeffrey Weinkle, Esq.
      Donald Spadaro, Esq.
      Michael G. Smith, Esq.
      Albert Z. Levin, Esq.
      Manuel Gonzales, Esq.
      Thomas Almon, Esq.

---

[1] Furthermore, the Government notes that the grounds asserted by Defendant for suppression are inadequate, in that 18 U.S.C. § 2518(10)(a) provides that an aggrieved person may only move for suppression of wiretap evidence if: (i) the communication was unlawfully intercepted; (ii) the order of authorization or approval under which it was intercepted is insufficient on its face; or (iii) the interception was not made in conformity with the order of authorization or approval.