UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6273-CR-HUCK

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

ARIEL HERNANDEZ, et al.,

    *Defendant,*
_____/

**MOTION TO:**

**I. IMMEDIATELY TRANSFER DEFENDANT FROM BROWARD COUNTY JAIL TO FEDERAL DETENTION CENTER-MIAMI**

**II. GRANT DEFENDANT IMMEDIATE ACCESS TO COMPUTER EQUIPMENT FOR REVIEW OF WIRETAP INTERCEPTS**

Or in the Alternative

**III. TO CONTINUE THE TRIAL OF THIS CAUSE**

THE DEFENDANT, ARIEL HERNANDEZ, by and through the undersigned counsel, respectfully moves this Honorable Court for entry of an Order for the immediate transfer of the defendant from Broward County Jail to The Federal Detention Center-Miami, and giving the defendant immediate access to computer equipment for review of wiretap intercepts. Alternatively, the Defendant moves for continuance of the trial date to permit him to review the wiretap evidence that will be introduced into evidence against him, and in support thereof the defendant would state:

    1. The defendant is charged in the instant Indictment with:

    Count 1    RICO Conspiracy    18 U.S.C. 1962(d)




<u>United States v. Ariel Hernandez</u>
<u>CASE NO. 00-6273-CR-HUCK</u>

| | | |
|---|---|---|
| Count 2-16 | Bank Fraud | 18 U.S.C. 1344 |
| Count 17 | Conspiracy to Commit Violent Crimes in of Racketeering (Murder) | 18 U.S.C. 1959(a)(5) |
| Count 18 | Violent Crimes in of Racketeering (Murder) | 18 U.S.C. 1959(a)(1) |
| Count 21 | Making, Uttering and Possessing Counterfeit Securities | 18 U.S.C. 513(a) |

2. The Defendant has previously been adjudged insolvent. The undersigned counsel represents the Defendants pursuant to an appointment under the Criminal Justice Act.

3. As the Court is well aware, the government has supplied what has been estimated to approximate 30,000 wiretap intercepts on CD-Rom. In order to review these wiretap intercepts it is necessary to utilize the "Media Player" or equivalent software on a Windows equipped computer. The undersigned has attempted to provide the Defendant with the appropriate computer equipment, initially through the Public Defender's Office and subsequently through the Federal Detention Center.

4. The Public Defender's Office informed the undersigned that FDC may have an established procedure to accomplish this. The undersigned then contacted FDC to ascertain the procedures. Through numerous telephone conversations and written correspondence with the legal department at FDC the undersigned has received many promises that arrangements were being made, but no computer or even electrical hook up (read this as electrical outlet) has been made.

5. Additionally, the defendant has been transferred to Broward County on at least two occasions to attend a status conference on the murder charge pending before Judge Joyce Julian. The first time he was there for a few days to a week before being transferred automatically back to FDC. Upon arrival he found that his personal property, including legal documents, had been misplaced.

*United States v. Ariel Hernandez*
*CASE NO. 00-6273-CR-HUCK*

Although he now has most of these documents returned to him he still maintains that substantial portions have never been returned.

6. Most recently, on or about October 2, 2001 the Defendant was once again transferred to the Broward County Jail for a status conference. However, this time he was not brought back to FDC, and as of October 22, 2001, the defendant remains in the custody of the Broward County Jail notwithstanding that AUSA Lavecchio has attempted to obtain a Writ to transfer the defendant back to FDC. Moreover, when Michael Tenzer, Esq., Mr. Hernandez's counsel for the State charges attempted to have him transferred back to Miami, the Marshall's Service, he was informed that he was no needed back here and he would stay in Broward until his presence was required in Miami.

7. As mentioned above, the undersigned has attempted to obtain the appropriate computer equipment for the defendant while in FDC. However, as of this date FDC has not been able to make these arrangements. The undersigned has been informed that the co-defendants have had access to the appropriate computer equipment at FDC and that this was able to be accomplished since they are in general population. Mr. Hernandez, has been confined to the Special Housing Unit during his stay at FDC apparently because the Indictment contains allegations that the co-defendant(s) plotted his assignation.[1] His confinement status in SHU has operated to deprive him of the opportunity to view the evidence which the government will introduce in this trial.

8. Attached hereto, are copies of the various correspondence and faxes the undersigned has

---

[1] It still escapes comprehension why the subject of the assassination plot should be held in solitary confinement while the alleged assassins should be permitted the benefits of confinement in general population.

3

*United States v. Ariel Hernandez*
*CASE NO. 00-6273-CR-HUCK*

sent to FDC regarding computer equipment for the defendant. (Composite Exhibit 1).

9. The defendant submits that unless he is immediately transferred back to FDC-Miami and given immediate access to the appropriate computer equipment that he will not be prepared for trial as presently scheduled and requests that this Court continue the trial date.

10. The undersigned has attempted to contact AUSA Larry Levicchio regarding the Government's position with regard to this Motion. Mr. Levicchio has no objection to the defendant being returned to FDC and to his being given access to computer equipment. The government does object to a continuance of the trial date.

WHEREFORE, the Defendant respectfully moves this Honorable Court to enter its Order for the immediate transfer of the defendant from Broward County Jail to The Federal Detention Center-Miami, and giving the defendant immediate access to computer equipment for review of wiretap intercepts. Alternatively, the Defendant moves for continuance of the trial date

Respectfully submitted,

JEFFREY D. WEINKLE, ESQ.
FBN: 271934

4

*United States v. Ariel Hernandez*
CASE NO. 00-6273-CR-HUCK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed/delivered this __17th__ day of __September__, 2001, to: UNITED STATES ATTORNEY'S OFFICE, **AUSA Lawrence Lavecchio**, 500 E. Broward Blvd., Suite 700, Ft. Lauderdale, FL 33394 (Fax: 954-356-7230); and to:

Stephen Rosen, Esq.
Suite 1020
1221 Brickell Avenue
Miami, FL 33131
(Attorney for Trentacosta)

Samuel D. Deluca
3451 John f. Kennedy Blvd.
Jersey City, New Jersey 07307
(Attorney for Ruggiero)

Michael Smith, Esq.
633 SE 3rd Street
Suite 4F
Ft. Lauderdale, Fl
(Attorney for Silverman)

Thomas Almon, Esq.
321 NE 26th Street
Miami, FL 33137
(Attorney for Monico)

HADDAD & HESTER, P.A.
Fred Haddad
One Financial Plaza, Suite 2612
Ft. Lauderdale, FL 33394
(Attorney for Massaro)

Donald Spadero, Esq.
1000 S. Federal Highway
Suite 103
Ft. Lauderdale, FL 33316
(Attorney for Chiusano)

Alejandro Taquechel, Esq.
Suite 238
3750 W. 16th Avenue
Hialeah, FL 33012
(Attorney for Carlos Garcia)

Manuel Gonzalez, Esq.
782 NW Le Jeune Road
Suite 440
Miami, FL 33126
(Attorney for Banks)

JEFFREY D. WEINKLE, ESQ.
1035 NW 11th Avenue
Miami, FL 33136-2911
Tel: 305-373-4445
Fax: 305-545-8514

JEFFREY D. WEINKLE

5

# COMPOSITE EXHIBIT 1

LAW OFFICES OF
# JEFFREY D. WEINKLE, P.A.
1035 N.W 11TH AVENUE
MIAMI, FLORIDA 33136-2911

TELEPHONE (305) 373-4445                                                                           FACSIMILE (305) 545-8514

July 27, 2001

Elizabeth Garcia, Esq.
Federal Detention Center - Miami                                                     Transmitted by Fax:
Legal Dept.                                                                                            305-982-1271
33 NE 4th Street
Miami, FL

Re:    USA v. Ariel Hernandez, et al
       Case No. 00-6273-CR-HUCK
       Reg #36717-004

Dear Ms. Garcia:

As you may be aware, Mr. Hernandez was recently transferred temporarily to the Broward County Jail for attendance in State Court proceedings. I have been advised that, upon his return he found that many of his personal belongings have been either removed or misplaced. Among these materials is a box of legal documents that pertain directly to his pending case.

I consider this to be a matter of extreme urgency. His legal documents are essential to preparation of his case for trial. Most, if not all of these materials are of a confidential nature. Should they fall into unauthorized hands they may well compromise his defense.

Please give this matter your immediate attention and let me know if you have been able to locate his missing personal effects.

Thank you for your attention to these details.

Very truly yours,

JEFFREY D. WEINKLE

JDW/ow
cc: Client



**U.S. DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF PRISONS**

*Federal Detention Center*
*33 N.E. Fourth Street*
*Miami, FL 33132-2112*
*Tel: (305) 982-1270*
*Fax: (305) 982-1271*

July 30, 2001

Jeffrey D. Weinkle                                   Via Fax: 305-545-8514
1035 N.W. 11th Avenue
Miami, FL 33136

Re:   Ariel Hernandez, # 36717-004

Dear Mr. Weinkle:

I received your letter of July 27, 2001, regarding your client Ariel Hernandez's property. Specifically, you state that upon Mr. Hernandez's return from county jail, he realized that some of his property, including legal material was missing.

On July 10, 2001, Mr. Hernandez's property was released to him. Upon review of the inventory, Mr. Hernandez indicated on his property form that some of his property including legal materials were missing. Mr. Hernandez advised the Special Housing Unit Property Officer of the missing property. On July 11, 2001, Mr. Hernandez received the remainder of his personal property and legal materials. Mr. Hernandez signed for this property indicating that all of his missing legal property was received.

I am confident that Mr. Hernandez has received all of his legal materials, and I trust that this has allayed your concerns. If you have any questions, please feel free to contact me.

Sincerely,

Elizabeth Garcia, Esq.

LAW OFFICES OF
**JEFFREY D. WEINKLE, P.A.**
1035 N.W 11TH AVENUE
MIAMI, FLORIDA 33136-2911

TELEPHONE (305) 373-4445                                                                                    FACSIMILE (305) 545-8514

August 25, 2001

Elizabeth Garcia, Esq.
Federal Detention Center - Miami                             Transmitted by Fax:
Legal Dept.                                                                       305-982-1271
33 NE 4th Street
Miami, FL

Re:   USA v. Ariel Hernandez, et al
      Case No. 00-6273-CR-HUCK
      Reg #36717-004

Dear Ms. Garcia:

I have been unable to obtain any information regarding the procedures for Mr. Hernandez to gain access to a computer to review the approximate 30,000 intercepted telephone calls that may be introduced into evidence in his trial. These are on CD-Rom and can only be reviewed on a computer with Windows Media-Player.

Please let me know if any arrangements can be made without the necessity of a Court Order. We have a status conference on September 4th and I would like to be able to advise Judge Huck that this matter has been taken care of.

Please let me know about these arrangements as soon as possible. Trial is set for November and these arrangements must be made immediately.

Very truly yours,

JEFFREY D. WEINKLE

JDW/ow
cc: Client



PHONE CALL
FOR: Jeff
DATE: 8/29   TIME: 12:43 P.M.
M: Liz Garcia
OF: Atty @ EOC Miami
PHONE: (305) 982-1270
MESSAGE: Re: Letter you sent on Ariel Hernandez. They're in the process of making arrangements to get a computer.
[X] TELEPHONED
SIGNED: OL



**U.S. DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF PRISONS**

*Federal Detention Center*
*33 N.E. Fourth Street*
*Miami, FL 33132-2112*
*Tel: (305) 982-1270*
*Fax: (305) 982-1271*

August 30, 2001

Jeffrey D. Weinkle
1035 NW 11 Avenue
Miami, FL 33136

Via Fax: 305-545-8514

Re:   Ariel Hernandez, register number 36717-004

Dear Mr. Weinkle:

This is to follow-up on the telephone message I left with your secretary yesterday. I have received you letter dated August 25, 2001, wherein you request information as to how Mr. Hernandez may gain access to a computer to review CD-Roms. As I informed your secretary, we are in the process of making arrangements to have a computer available in the Special Housing Unit.

If you have any questions or concerns, please do not hesitate to contact the Legal Department at (305)982-1270.

Sincerely,

Elizabeth Garcia, Esq.

cc:   chrono file

LAW OFFICES OF
# JEFFREY D. WEINKLE, P.A.
1035 N.W 11TH AVENUE
MIAMI, FLORIDA 33136-2911

TELEPHONE (305) 373-4445                                                                                                    FACSIMILE (305) 545-8514

October 1, 2001

Elizabeth Garcia, Esq.
Federal Detention Center - Miami                                      Transmitted by Fax:
Legal Dept.                                                           305-982-1271
33 NE 4th Street
Miami, FL

Re:   USA v. Ariel Hernandez, et al
      Case No. 00-6273-CR-HUCK
      Reg #36717-004

Dear Ms. Garcia:

My last correspondence on August 25, 2001 once again discussed the problems that I was having in arranging for my client to gain access to a computer to review approximately 30,000 wiretaps. On August 29, 2001 you left a telephone message indicating that you were n the process of making arrangements for my client to have access to a computer. Because of your message, I did not bring this problem to the Court's attention at the status conference on September 4, 2001.

I spoke with Mr. Hernandez last week. He advised me that he still has not been given access to a computer.

Please let me know about these arrangements as soon as possible. Trial is set for November. I am doubtful that given the limited time now available, Mr. Hernandez will be able to review all of the wiretaps. These arrangements must be made immediately.

Very truly yours,

JEFFREY D. WEINKLE

JDW/ow
cc: Client

LAW OFFICES OF
# JEFFREY D. WEINKLE, P.A.
1035 N.W 11ᵀᴴ AVENUE
MIAMI, FLORIDA 33136-2911

TELEPHONE (305) 373-4445                                                                                          FACSIMILE (305) 545-8514

October 3, 2001

Elizabeth Garcia, Esq.
Federal Detention Center - Miami
Legal Dept.
33 NE 4th Street
Miami, FL

Transmitted by Fax:
305-982-1271

Re:   USA v. Ariel Hernandez, et al
      Case No. 00-6273-CR-HUCK
      Reg #36717-004

Dear Ms. Garcia:

As a follow-up to my letters and telephone calls regarding the inability of my client to gain access to a computer in order to listen to the wiretaps in his pending case, please be advised that there is a status conference before Judge Huck, tomorrow, October 4, 2001 at 4:30 PM. I intend to address this problem at that status conference and I would very much appreciate your presence at that hearing to address this matter from the perspective of FDC and to help resolve this situation.

Very truly yours,

JEFFREY D. WEINKLE

JDW/ow
cc: Client



**U.S. DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF PRISONS**

*Federal Detention Center*
*33 N.E. Fourth Street*
*Miami, FL 33132-2112*
*Tel: (305) 982-1270*
*Fax: (305) 982-1271*

October 4, 2001

Jeffrey D. Weinkle                    Via Fax: 305-545-8514
1035 NW 11 Avenue
Miami, FL 33136

Re:   Ariel Hernandez, register number 36717-004

Dear Mr. Weinkle:

This is to follow-up on the telephone conversation I had with you yesterday, regarding Mr. Hernandez's access to a computer to review CD-Roms. As I informed you earlier, the FDC is making arrangements to have a computer available in the Special Housing Unit. Unfortunately, the process has taken longer than we anticipated, but I want you to know that we are working on it.

In the meantime, I am sure you are aware, you may ask the Warden for permission to bring a laptop into the institution in order to review CD-Rom material during your legal visits. You may do this by submitting a written request to the Legal Department. As I stated to you yesterday, we hope to have a computer in the Special Housing Unit within the next few days.

On another note, regarding your statement that Mr. Hernandez claims that he may only make one (1) call a month, and he must choose whether it be a legal call or social call, I have investigated that allegation. Please be advised that this is completely untrue. Mr. Hernandez was found guilty of violating policy regarding telephone use, and he was sanctioned to a loss of telephone privileges. That loss of privileges only pertains to social calls. Mr. Hernandez may continue to request and receive legal calls.

If you have any questions or concerns, please do not hesitate to contact the Legal Department at (305)982-1270.

Sincerely,

Elizabeth Garcia, Esq.

**JEFFREY D. WEINKLE, P.A.**
1035 North West 11th Avenue
MIAMI, FLORIDA 33136

TELEPHONE: (305) 373-4445                          FACSIMILE: (305)545-8514

# facsimile TRANSMITTAL

**Date:**   October 15, 2001
**To:**     Legal Division
            Elizabeth Garcia, Esq.
            Federal Detention Center - Miami
            33 NE 4th Street
            Miami, FL
**Fax #:**  (305) 982-1271
**Re:**     Mr. Ariel Hernandez
            Reg #36717-004
**Pages:**  [ 1 ], including cover sheet.

IF YOU DO NOT RECEIVE THE INDICATED NUMBER OF PAGES,
PLEASE CALL US AT THE ABOVE-REFERENCED NUMBER.

*Privileged and Confidential*
*This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. Any unauthorized dissemination of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone. Thank you.*

Dear Ms. Garcia:

As I am sure you are aware, Mr. Hernandez has been TEMPORARILY moved to the Broward County Jail. His presence there is no longer required and the AUSA on this case has indicated that he is doing the paperwork (Writ) to bring him back. The last time Mr. Hernandez was transported to the Broward County Jail, upon his return, he found that many items of property, including his legal documents, had been misplaced. Please take whatever steps are necessary to prevent this from occurring again.

Additionally, I want to remind you that upon his return he will need immediate access to a computer capable of running "Windows" and specifically "Windows Media Player."

Should you have any questions regarding this matter, please do not hesitate to contact me.

Very truly yours,

JEFFREY D. WEINKLE