UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6273-CR-HUCK

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

ARIEL HERNANDEZ, et al.,

    *Defendant,*

_____/



## NOTICE OF FILING

THE DEFENDANT, ARIEL HERNANDEZ, by and through the undersigned counsel, gives notice of filing as follows:

1. On October 22, 2001 the defendant filed a pleading entitled:

### MOTION TO:

**I. IMMEDIATELY TRANSFER DEFENDANT FROM BROWARD COUNTY JAIL TO FEDERAL DETENTION CENTER-MIAMI**

**II. GRANT DEFENDANT IMMEDIATE ACCESS TO COMPUTER EQUIPMENT FOR REVIEW OF WIRETAP INTERCEPTS**

Or in the Alternative

**III. TO CONTINUE THE TRIAL OF THIS CAUSE**

1. Upon review of the defendant's copy it appears that pages three and four of the original motion did not copy when processed through the copy machine.



*United States v. Ariel Hernandez*
CASE NO. 00-6273-CR-HUCK

 2. Therefore, the defendant has filed and enclosed herein pages three and four of the above-referenced motion.

 DATED this 23rd day of October, 2001.

          Respectfully submitted,

          JEFFREY D. WEINKLE, ESQ.
          FBN: 271934

*United States v. Ariel Hernandez*
*CASE NO. 00-6273-CR-HUCK*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed/delivered this __23rd__ day of __October__, 2001, to: UNITED STATES ATTORNEY'S OFFICE, **AUSA Lawrence Lavecchio**, 500 E. Broward Blvd., Suite 700, Ft. Lauderdale, FL 33394 (Fax: 954-356-7230); and to:

Stephen Rosen, Esq.
Suite 1020
1221 Brickell Avenue
Miami, FL 33131
(Attorney for Trentacosta)

Samuel D. Deluca
3451 John f. Kennedy Blvd.
Jersey City, New Jersey 07307
(Attorney for Ruggiero)

Michael Smith, Esq.
633 SE 3rd Street
Suite 4F
Ft. Lauderdale, Fl
(Attorney for Silverman)

Thomas Almon, Esq.
321 NE 26th Street
Miami, FL 33137
(Attorney for Monico)

HADDAD & HESTER, P.A.
Fred Haddad
One Financial Plaza, Suite 2612
Ft. Lauderdale, FL 33394
(Attorney for Massaro)

Donald Spadero, Esq.
1000 S. Federal Highway
Suite 103
Ft. Lauderdale, FL 33316
(Attorney for Chiusano)

Alejandro Taquechel, Esq.
Suite 238
3750 W. 16th Avenue
Hialeah, FL 33012
(Attorney for Carlos Garcia)

Manuel Gonzalez, Esq.
782 NW Le Jeune Road
Suite 440
Miami, FL 33126
(Attorney for Banks)

JEFFREY D. WEINKLE, ESQ.
1035 NW 11th Avenue
Miami, FL 33136-2911
Tel: 305-373-4445
Fax: 305-545-8514

_____
JEFFREY D. WEINKLE

3

*United States v. Ariel Hernandez*
*CASE NO. 00-6273-CR-HUCK*

Although he now has most of these documents returned to him he still maintains that substantial portions have never been returned.

6. Most recently, on or about October 2, 2001 the Defendant was once again transferred to the Broward County Jail for a status conference. However, this time he was not brought back to FDC, and as of October 22, 2001, the defendant remains in the custody of the Broward County Jail notwithstanding that AUSA Lavecchio has attempted to obtain a Writ to transfer the defendant back to FDC. Moreover, when Michael Tenzer, Esq., Mr. Hernandez's counsel for the State charges attempted to have him transferred back to Miami, the Marshall's Service, he was informed that he was no needed back here and he would stay in Broward until his presence was required in Miami.

7. As mentioned above, the undersigned has attempted to obtain the appropriate computer equipment for the defendant while in FDC. However, as of this date FDC has not been able to make these arrangements. The undersigned has been informed that the co-defendants have had access to the appropriate computer equipment at FDC and that this was able to be accomplished since they are in general population. Mr. Hernandez, has been confined to the Special Housing Unit during his stay at FDC apparently because the Indictment contains allegations that the co-defendant(s) plotted his assignation.[1] His confinement status in SHU has operated to deprive him of the opportunity to view the evidence which the government will introduce in this trial.

8. Attached hereto, are copies of the various correspondence and faxes the undersigned has

---

[1] It still escapes comprehension why the subject of the assassination plot should be held in solitary confinement while the alleged assassins should be permitted the benefits of confinement in general population.

3

<u>United States v. Ariel Hernandez</u>
CASE NO. 00-6273-CR-HUCK

sent to FDC regarding computer equipment for the defendant. (Composite Exhibit 1).

9. The defendant submits that unless he is immediately transferred back to FDC-Miami and given immediate access to the appropriate computer equipment that he will not be prepared for trial as presently scheduled and requests that this Court continue the trial date.

10. The undersigned has attempted to contact AUSA Larry Levicchio regarding the Government's position with regard to this Motion. Mr. Levicchio has no objection to the defendant being returned to FDC and to his being given access to computer equipment. The government does object to a continuance of the trial date.

WHEREFORE, the Defendant respectfully moves this Honorable Court to enter its Order for the immediate transfer of the defendant from Broward County Jail to The Federal Detention Center-Miami, and giving the defendant immediate access to computer equipment for review of wiretap intercepts. Alternatively, the Defendant moves for continuance of the trial date

Respectfully submitted,

JEFFREY D. WEINKLE, ESQ.
FBN: 271934

4