

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273-CR-HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

ARIEL HERNANDEZ,

    Defendant.
_____/

### GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

COMES NOW the United States of America, by and through its undersigned Assistant United States Attorneys, and hereby files its abbreviated response to the objections to the presentence investigation report (hereinafter "PSR") filed by defendant Ariel Hernandez.

1. The undersigned received Hernandez's objections to the PSR on Monday, April 22, 2002. In light of the receipt of the objections on the eve of sentencing, the Government files this abbreviated response.

2. Hernandez objects to the following paragraphs of the PSR, 22, 25, 30, 33 and 36. These objections are contrary to the jury's findings and the evidence presented at trial. Hernandez also objected to various paragraphs in the PSR regarding the number of times he saw a psychologist (120), his military service (121 & 130) and his employment record (141). None of these objections affect the guideline computation.

3. Hernandez challenges Probation's enhancement of his sentence for obstruction of



justice pursuant to U.S.S.G. Section 3C1.1. This objection should be overruled based upon Application Note 4 to U.S.S.G. Section 3C1.1. Application Note 4 states in pertinent part:

> The following is a non-exhaustive list of examples of the types of conduct to which this adjustment applies: (a) threatening, intimidating, or otherwise unlawfully influencing a ... witness ..., directly or indirectly, or attempting so to do; (c) ... producing ... a false, altered, or counterfeit document or record during an official investigation ...; (d) destroying or concealing or procuring another person to destroy or conceal evidence that is material to an official investigation or judicial proceeding (e.g., shredding a document or destroying ledgers upon learning that an official investigation has commenced or is about to commence), or attempting so to do; (g) providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense.

In *United States v. Garcia*, 208 F.3d 1258 (11th Cir. 2000) the sentencing court found beyond a reasonable doubt that the defendant did obstruct and attempt to obstruct justice by the following activities subsequent to the murder of his victim. First the defendant buried guns used in the murder, second, he instructed his secretary to dispose of other evidence and third, he traveled to Canada to avoid arrest. The Eleventh Circuit held that the factual and legal sufficiency of the destruction of evidence ordered by defendant is such that discussion of the burial of the guns and the flight to Canada is not needed. *Id.* at 1261. Furthermore, the Court found that there is no requirement that defendant's obstructive acts occur subsequent to the formal commencement of an investigation. *Id., citing, United States v. Query*, 928 F.2d 383, 386 (11th Cir.1991). In the instant case following the murder of Jeanette Smith, Hernandez and Massaro enlisted others to help them dispose of the body,

2

       destroy evidence from the motel room, obtain a false identification document (Florida driver's license) and evade arrest. Furthermore, Hernandez tried to intimidate and prevent Adam Todd Silverman from assisting law enforcement in the homicide investigation and he provided the lead homicide detective with numerous false leads pre-arrest and materially false and misleading information concealing the full extent of the murder post-arrest. Hernandez's objection should be overruled.

4.    Paragraph 149. Hernandez claims that since the jury did not make a specific finding concerning which violent offense was committed in Count 18, *Apprendi v. New Jersey* (citations omitted) dictates a maximum sentence of three years' imprisonment. Hernandez overlooks the fact that the indictment specifically charges Hernandez with the VICAR murder of Jeanette Smith pursuant to 18 U.S.C. Section 1959(a)(1) and that the jury was instructed on the VICAR murder of Jeanette Smith. The maximum sentence pursuant to the murder provision of Section 1959(a)(1) is death or life imprisonment. *Apprendi* has no application to, or effect on, cases where a defendant's sentence falls at or below that maximum penalty. *United States v. Sanchez*, 269 F.3d 1250, 1268 (11th Cir. 2001). Since Hernandez's potential sentence is not beyond the prescribed statutory maximum penalty for the crime of conviction, his objection should be overruled.

For the reasons set forth above, the above-mentioned objections, filed on behalf of defendant Ariel Hernandez, should be overruled in all respects.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
JEFFREY H. SLOMAN
Assistant United States Attorney
Florida Bar No. 378879
500 E. Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33394
Telephone: (954) 356-7255x3576
Facsimile: (954) 356-7336

_____
LAWRENCE D. LaVECCHIO
Assistant United States Attorney
Florida Bar No. 0305405
500 E. Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33394
Telephone: (954) 356-7255x3588
Facsimile: (954) 356-7230

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail and facsimile this 22nd day of April 2002 to:

Jeffrey Weinkle, Esquire (Attorney for Ariel Hernandez)
1035 NW 11th Avenue
Miami, Florida 33136

Thomas E. Felasco, USPO
Room 315
300 N.E. 1st Avenue
Miami, Florida 33132

_____
JEFFREY H. SLOMAN
Assistant United States Attorney