UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-06273-CR-HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ARIEL HERNANDEZ,

    Defendant.

_____/



### DEFENDANT, ARIEL HERNANDEZ'S REPLY TO GOVERNMENT'S RESPONSE TO REQUEST FOR IMMEDIATE TRANSFER TO FDC-MIAMI

COMES NOW the Defendant, Ariel Hernandez, by and through his undersigned counsel, and respectfully replies to the Government's Response to Hernandez's Request for Immediate Transfer to FDC-Miami, and urges this Honorable Court to grant the Defendant's request and transfer Ariel Hernandez to FDC-Miami, and as grounds and in support thereof states as follows:

1.     While it is true that Defendant, Ariel Hernandez, has the ability to speak with his court-appointed appellate counsel while housed in the Broward County Jail, Ariel Hernandez has no access to a law library, and is being denied his rights to due process of law under the United States and Florida Constitutions by being forced to be housed in the Broward County Jail rather than being in federal custody.

2.     A Judgment was entered in the federal case, and the Defendant was ordered to be imprisoned in the federal prison system. He was remanded into federal custody, and should remain in federal custody.

3.     Contrary to the Government's representation, Rule 38(b), Federal Rules of Criminal

1259-00001 368560 1



LAW OFFICES OF RICHARD L. ROSENBAUM
350 EAST LAS OLAS BOULEVARD, SUITE 1700, LAS OLAS CENTRE • FORT LAUDERDALE, FLORIDA 33301 • TELEPHONE (954) 522-7007

Procedure, does not require a request that a defendant be confined near the place of trial or appeal for a period reasonably necessary to permit the defendant to assist in preparing the appeal to be lodged contemporaneously with sentencing. First, Ariel Hernandez requested that he remain in federal custody and be housed at FDC-Miami at the time of sentencing. Secondly, bonafide reasons support his request for his transfer to FDC-Miami.

4. The Eleventh Circuit Court of Appeals has recently ordered a limited remand for the purpose of recreating the records surrounding tape recorded evidence played at trial and during closing argument. A copy of the Order regarding the limited remand is attached hereto as Exhibit "A" and incorporated herein by reference. Pursuant to the Order, Ariel Hernandez shall need to be placed back in federal custody so that he can attend the hearing which is in the process of being scheduled in front of this Honorable Court.

5. Further, because Ariel Hernandez lived through his trial proceedings, and undersigned counsel was appointed pursuant to the Criminal Justice Act well after sentencing, Ariel Hernandez has the "best evidence" concerning what transpired when the tape recorded evidence was played to the jury.

6. Undersigned counsel has supplied Defendant, Ariel Hernandez, with a copy of the Government's Answer Brief, and has obtained an enlargement of time in which to file Reply Brief. Undersigned counsel anticipates filing a Reply Brief in this cause, and has filed a request for an enlargement pending a ruling by the Eleventh Circuit Court of Appeals on the Government's Motion to Supplement the Record on Appeal.

7. Defendant, Ariel Hernandez, has been in contact with undersigned counsel telephonically and has numerous matters which he believes are relevant to the Government's Answer Brief which he believes should be included in the Reply Brief. However, Defendant, Ariel Hernandez, needs access to a law library so that he can assist undersigned counsel by

offering suggestions with regards to the Reply Brief.

8.  Defendant, Ariel Hernandez, does not have access to a law library while in state custody.

9.  The prison conditions at FDC-Miami are much better than the prison conditions for inmates housed in the Broward County Jail. Accordingly, Defendant, Ariel Hernandez, requests that he be transferred to FDC-Miami based upon his Fifth, Sixth and Eighth Amendment concerns.

WHEREFORE, based upon the foregoing grounds and authority, the Defendant, Ariel Hernandez, respectfully requests this Honorable Court enter an Order transferring Ariel Hernandez from the Broward County Jail to FDC-Miami.

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was furnished by mail this **25th day of July, 2003** to: Office of the U.S. Attorney, 99 NE 4th Street, Miami, FL 33132.

Respectfully Submitted,

RICHARD L. ROSENBAUM, ESQ.
LAW OFFICES OF RICHARD L. ROSENBAUM
Attorney for Appellant/Defendant, Hernandez
350 East Las Olas Boulevard
Suite 1700
Ft. Lauderdale, Florida 33301
Telephone: (954) 522-7007
(954) 522-7003 (Facsimile)
FLA BAR NO: 394688

BY: _____
     RICHARD L. ROSENBAUM

cc:  Ariel Hernandez
     Michael L. Tenzer, Esq.
     Charles Kaplan, Esq.

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 1 7 2003
THOMAS K. KAHN
CLERK

No. 02-12352-AA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDERICK J. MASSARO,
ARIEL HERNANDEZ,
ANTHONY TRENTACOSTA,
a.k.a. Tony Pep

JUL 2 1 2003

Defendants-Appellants.

On Appeal from the United States District Court for the
Southern District of Florida

BEFORE: TJOFLAT and CARNES, Circuit Judges.

BY THE COURT:

Appellee's motion to supplement the record on appeal is currently pending before the Court. In that motion, Appellee asks this Court to supplement the record on appeal with the tapes played to the jury at trial and the corresponding transcripts reviewed by the jury. Appellant Hernandez objects to this motion on the grounds that, because the Court Reporter failed to transcribe those tapes as they were played to the jury, this Court will be unable to determine what tapes were actually played, or to determine when during trial a specific tape was played to the jury.

"A"

To the extent that any of the tapes referenced by Appellee were actually played to the jury, such tapes should be part of the record on appeal. However, Appellant is also correct in that, without clarification as to what tapes were played and when, this Court will be unable to determine the proper state of the record on appeal.

Accordingly, on its own motion, the Court REMANDS this matter to the District Court on a limited basis for purposes of clarifying the record on appeal, and to determine, if possible, what tapes were played to the jury and when during trial they were played. The District Court is requested to act on this matter expeditiously.

Appellants Massaro's and Hernandez' motions for extension of time to file their reply briefs are GRANTED. Appellants' reply briefs will be due on July 28, 2003.

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

July 17, 2003

Clarence Maddox
Clerk, U.S. District Court
301 N. Miami Avenue
Miami FL 33128

RE: 02-12352-AA    USA v. Frederick J. Massaro
DC DKT NO.: 00-06273 CR-PCH

Enclosed is a certified copy of an order remanding the referenced appeal for further proceedings. JURISDICTION OF THIS APPEAL IS BEING RETAINED BY THE ELEVENTH CIRCUIT.

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Shirley Brown (404) 335-6170

Enclosures:

Volume(s) of Record

Box(es) of Exhibits

Envelope(s) of Exhibits

JUL 2 1 2003

## LIMITED REMAND

CLK-3 (8-2002)