UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-06273-CR-HUCK

UNITED STATES OF AMERICA,

Plaintiff,

v.

ARIEL HERNANDEZ,

Defendant.
_____/



## MEMORANDUM OF LAW RE: ARIEL HERNANDEZ'S ATTENDANCE AT THE RECONSTRUCTION HEARING

COMES NOW the Defendant, Ariel Hernandez, by and through his undersigned counsel, pursuant to Rule 43, Federal Rules of Criminal Procedure, and the United States Constitution, and respectfully requests this Honorable Court enter an Order allowing the Defendant's presence at the reconstruction of the record hearing, and as grounds and in support thereof, states as follows:

1. A limited remand has been ordered by the Eleventh Circuit Court of Appeals so that the transcript and Record on Appeal can include previously untranscribed portions of the trial.

2. Ariel Hernandez, on appeal, has argued that the portions of the trial transcript which were not transcribed are substantial and significant omissions, requiring reversal. See *United States vs. Charles*, 313 F.3d 1278 (11th Cir. 2002)

3. At a recent hearing, defense counsel suggested to the Court that Ariel Hernandez's presence was required at any reconstruction hearing. The



LAW OFFICES OF RICHARD L. ROSENBAUM
350 EAST LAS OLAS BOULEVARD, SUITE 1700, LAS OLAS CENTRE • FORT LAUDERDALE, FLORIDA 33301 • TELEPHONE (954) 522-7007

> Government advised that it had no objection to Ariel Hernandez being transported from the Broward County Jail, in the Southern District of Florida, to the Miami Federal Courthouse, likewise in the Southern District of Florida, to be in attendance at the reconstruction hearing.

4. This Honorable Court issued an Order questioning whether the Defendant, Ariel Hernandez, has a right to be present at reconstruction proceedings.

5. Defendant, Ariel Hernandez, vehemently objects to his forced absence from any reconstruction hearing wherein the record is being reconstructed. He maintains that the reconstruction proceedings are a critical stage, and since undersigned counsel was not trial counsel, undersigned counsel is not in a position to agree or disagree with the Government's representations as to what portions of tape recorded evidence were played to the jury, and at what time.

6. Undersigned counsel has spoken with the prosecutors and corresponded in an attempt to resolve this issue. Undersigned counsel provided the appellate Assistant United States Attorney with portions of the record wherein tape recorded evidence was played to the jury, but not transcribed. Rather than responding to those portions, one of the trial Assistant United States Attorneys responded with written correspondence concerning Closing Argument. See correspondence received on August 28, 2003, a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference.

7. Unfortunately, the Government's response does not quell the concerns of the appellate Court, nor does it allow for substantial and complete compliance with

the Court Reporters Act, Title 28 U.S.C. Section 753.

8. The closest case undersigned counsel was able to research was a New Mexico Supreme Court case wherein the court held that "whenever his [a defendant] has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge," his appearance is required at the hearing. *New Mexico vs. Martinez*, 43 P. 3d 1042 (NM 2002) [A copy of which is attached hereto as Exhibit "B"] ; see *United States vs. Gagnon*, 470 U.S. 522, 526, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985) (*per curiam*) [A copy of which is attached hereto as Exhibit "C"], quoting *Snyder vs. Massachusetts*, 291 U.S. 97, 105-106, 54 S.Ct. 330, 78 L.Ed.2d 674 (1934). In *Gagnon*, the court determined that it was required that a defendant be present "at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict and the imposition of any sentence, except as otherwise provided by this rule."

9. In *Martinez*, the New Mexico Supreme Court held that it was "not concerned with the fact that a reconstruction hearing does not fit neatly into the category of a "stage of the trial." The court ruled the defendant's presence was required at the reconstruction hearing.

10. In this case, a reconstruction hearing has been ordered to develop evidence from which the appellate tribunal can restore a factual account of the trial. As the subject of the trial evidence, Ariel Hernandez could very well provide important evidence that will aid in his defense. Ariel Hernandez took copious

notes at trial and shall be able to assist counsel in determining which tapes were played at trial and whey they were played.

11. As stated by the New Mexico Supreme Court, "the few jurisdictions that have addressed this issue have resolved it with such clarity and resolve as to make it seem irrefutable." *Id.* at 37. Clearly, Ariel Hernandez is entitled to be present at the reconstruction hearing.

12. In *People vs. Braithwaite*, 190 A.D. 2d 572, 593 N.Y.S. 2d 464 (N.Y. App Div. 1993), the court reviewed a reconstruction hearing conducted to replace the missing record of a suppression hearing. Upon remand, the court conducted the reconstruction hearing "in defendant's absence, and without any indication that defendant effectively waived his right to be present." *Id.* The appellate court held, and the state conceded that "the matter must be remanded for a reconstruction hearing at which defendant, in the absence of knowing and voluntary waiver, has the right to be present. *Id.* See also *State vs. Casimono*, 298 N.J. Super. 22, 688 A.2d 1093, 1095 (N.J. Super Ct. App Div. 1997) "At a minimum.....the defendant must have an opportunity to attend the [reconstruction] proceeding...."; *Cole vs. United States*, 478 A.2d 277, 287 (D.C. 1984) ["We are reluctant to find harmless error based on an account of appellant's testimony at trial which appellant has not had an opportunity to supplement or contest."]

13. In *Martinez*, the New Mexico Supreme Court agreed with the aforementioned cases and ordered a new reconstruction hearing at which the defendant was

required to be present. The same result should occur herein.

14. Defendant, Ariel Hernandez, specifically does not waive, and in fact insists that his appearance is required in light of the facts and circumstances herein.

WHEREFORE, based upon the foregoing grounds and authority, because the reconstruction of the Record on Appeal is a "critical stage" of the proceedings, Ariel Hernandez's presence is required under Rule 43, Federal Rules of Criminal Procedure, and the United States Constitution.

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was furnished by mail this **29th day of AUGUST, 2003** to: LIST OF ATTACHED COUNSEL.

Respectfully Submitted,

LAW OFFICES OF RICHARD L. ROSENBAUM
ATTORNEY FOR DEFENDANT, HERNANDEZ
350 EAST LAS OLAS BOULEVARD (SUITE 1700)
FT. LAUDERDALE, FL 33301
PHONE NO: (954) 522-7007
FAX NO:    (954) 522-7003
FLA. BAR NO. 394688

BY_____
   RICHARD L. ROSENBAUM

USA v. ARIEL HERNANDEZ
UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA
CASE NO: 00-06273-CR-HUCK

AUSA Lawrence D. Lavecchio
Office of the U.S. Attorney
500 E. Broward Boulevard (7th Floor)
Ft. Lauderdale, FL 33394

AUSA Lisa Hirsch
Office of the U. S. Attorney
99 N. E. Fourth Street
Miami, FL 33132

AUSA Jeffrey H. Sloman
Office of the U.S. Attorney
500 E. Broward Boulevard (7th Floor)
Ft. Lauderdale, FL 33394

Clerk of Court
U.S. District Courthouse
301 North Miami Avenue
Miami, FL 33128

Fred Haddad, Esq.
One Financial Plaza
Suite 2612
Ft. Lauderdale, FL 33394-0002

Jeffrey D. Weinkle, Esq.
1035 N. W. 11th Avenue
Miami, FL 33136

Stephen H. Rosen, Esq.
1221 Brickell Avenue
Suite 1020
Miami, FL 33131

Benedict P. Kuehne, Esq.
100 S. E. Second Street
Suite 3550
Miami, FL 33131-2154

Daniel Samuel, Esq.
3151 Maple Dr., NE
Atlanta, GA 30305

Richard L. Rosenbaum, Esq.
350 E. Las Olas Boulevard
Suite 1700
Ft. Lauderdale, FL 33301



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

Jeffrey H. Sloman
*Assistant United States Attorney*

*500 East Broward Boulevard, 7th Floor*
*Fort Lauderdale, FL 33394*
*Tel. No. (954) 356-7255*
*Fax No. (954) 356-7230*

August 26, 2003

Richard L. Rosenbaum, Esq.
350 E. Las Olas Boulevard, Suite 1700
Las Olas Centre II,
Fort Lauderdale, Florida 33301

AUG 2 8 2003

Ariel

Re: United States v. Hernandez, et al.

Dear Mr. Rosenbaum:

Here is a list of the government exhibits (referred to as "GX __") portions of which were played during the government's rebuttal closing argument, the page numbers of the transcripts as well as the corresponding page number of the trial transcript from 12/13/01. Where there is no reference to a page number next to the government exhibit indicates that the transcript is very short and no page number is necessary to identify which portion was played.

| GX | Trial Transcript from 12/13/01 |
|---|---|
| GX 544 | p. 155 |
| GX 588 | p. 157 |
| GX 614, pages 10 - 11 | p. 157 |
| GX 514 | p. 164 |
| GX 517, page 3 | p. 165 |
| GX 518 page 2 | p. 167 |
| GX 521, page 2 | p. 167 |
| GX 526 | p. 168 |
| GX 527 | p. 168 |
| GX 529, pages 2 - 3 | p. 171 |
| GX 530, pages 2 - 3 | p. 171 |
| GX 532, page 8 | p. 171 |
| GX 533 | p. 172 |
| GX 547 | p. 173 |
| GX 548, pages 2 - 7 | p. 173 - 4 |
| GX 552 | p. 175 |
| GX 557 | p. 175 |
| GX 558 | p. 176 |

EXHIBIT "A"

|   |   |
|---|---|
| GX 559, pages 3 & 5 | p. 176 |
| GX 560, page 4 | p. 177 |
| GX 567, page 2 | p. 178 |
| GX 585, pages 2 - 3 | p. 179 |
| GX 593, pages 5 & 6 | p. 179 |
| GX 623, pages 3 & 4 | p. 179 |

Should you have any further questions please feel free to contact me.

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

JEFFREY H. SLOMAN
ASSISTANT UNITED STATES ATTORNEY

*132 N.M. 32, \*; 2002 NMSC 8, \*\*;*
*43 P.3d 1042, \*\*\*; 2002 N.M. LEXIS 132*

1. STATE OF NEW MEXICO, Plaintiff-Appellee, v. FRANK MARTINEZ, Defendant-Appellant.

Docket No. 23,463

SUPREME COURT OF NEW MEXICO

132 N.M. 32; 2002 NMSC 8; **43** P.3d 1042; 2002 N.M. LEXIS 132; 41 N.M. St. B. Bull. 17

March 12, 2002, Filed

**PRIOR HISTORY:** APPEAL FROM THE DISTRICT COURT OF CIBOLA COUNTY. Martin G. Pearl, District Judge.

**DISPOSITION:** Sentence vacated; remanded for new reconstruction hearing to replace missing transcript of the plea hearing.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant appealed the judgment of the District Court of Cibola County (New Mexico), convicting him of murder and sentencing him to death.

**OVERVIEW:** Defendant pleaded guilty, and the transcript of his plea hearing was subsequently lost. A reconstruction hearing was conducted to replace the transcript. The supreme court determined that defendant's waiver of jury sentencing was not voluntary, knowing, and intelligent, as the trial court failed to advise him of the requirement of jury unanimity. The supreme court ruled that the acceptance of that deficient waiver constituted a fundamental error. Defendant's guilty plea stood, but the transcript of that plea had to be reconstructed in accordance with the following instructions: (1) defendant must be present at the new reconstruction hearing; and (2) the trial judge may not preside over the hearing, but may testify. The presiding judge would determine whether the reconstructed record affirmatively demonstrated that the original plea was voluntarily, knowingly, and intelligently entered, in accordance with N.M. R. Ann. 5-303(F).


EXHIBIT "A"

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

[**16] We also direct that a judge other than the original trial judge preside over the new reconstruction hearing. The general rule is that the "judge presiding at the trial may not testify in that trial as a witness." Rule 11-605 NMRA 2002. In keeping with this rule, Judge Pope refused to provide his recollection of the answers to a series of questions that he routinely asks pleading defendants. In the interests of facilitating the unhindered testimony of Judge Pope, the new reconstruction hearing must be conducted by another judge. Judge Pope may be called as a witness at the new proceeding.

## IV. DEFENDANT'S ABSENCE FROM THE RECONSTRUCTION HEARING

[**14] **Defendant** asserts that his absence from the reconstruction hearing violated his due process right to be present at a proceeding "whenever his **presence** has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge." United States v. Gagnon, 470 U.S. 522, 526, 84 L. Ed. 2d 486, 105 S. Ct. 1482 (1985) (per curiam) (quoting Snyder v. Massachusetts, 291 U.S. 97, 105-06, 78 L. Ed. 674, 54 S. Ct. 330 (1934)). In keeping with Gagnon, Rule 3-612(A) NMRA 2002 demands that a defendant be present "at the arraignment, at the time of the plea, at every stage of the trial including the impanelling of the jury and the return of the verdict and the imposition of any sentence, except as otherwise provided by this rule." We are not concerned with the fact that a reconstruction hearing does not fit neatly into the category of a "stage of the trial." We ordered the reconstruction hearing in order to develop evidence from which we could restore a factual account of the plea hearing. As the subject of the plea hearing, Defendant could very well have provided important information that would have aided his defense.

[**15] The few jurisdictions that have addressed this issue have resolved it with such clarity and resolve as to make it seem irrefutable. In People v. Braithwaite, 190 A.D.2d 572, 593 N.Y.S.2d 464 (N.Y. App. Div. 1993), the court reviewed a reconstruction hearing conducted to replace the missing record [***1048] [*38] of a suppression hearing. Upon remand, the trial court had conducted the reconstruction hearing "in defendant's absence, and without any indication that defendant effectively waived his right to be present." Id. In response, the court held, and the State conceded, that "the matter must be remanded for a reconstruction hearing at which defendant, in the absence of knowing and voluntary waiver, has the right to be present." Id. See also State v. Casimono, 298 N.J. Super. 22, 688 A.2d 1093, 1095 (N.J. Super. Ct. App. Div. 1997) "At a minimum . . . the defendant must have an opportunity to attend the [reconstruction] proceeding . . ."); Cole v. United States, 478 A.2d 277, 287 (D.C. 1984) ("We are reluctant to find harmless error based on an account of appellant's testimony at trial which appellant has not had an opportunity to supplement or contest."). We agree with these cases and order a new reconstruction hearing at which Defendant must be present. n5

- - - - - - - - - - - - Footnotes - - - - - - - - - - - -

n5 We disagree with the dissent's conclusion that Chessman v. Teets, 354 U.S. 156, 1 L. Ed. 2d 1253, 77 S. Ct. 1127 (1957), precludes our holding. Chessman questioned the right of a defendant, who had personally submitted some 200 corrections to an existing transcript, to be represented at a proceeding to determine the accuracy of that transcript. Limiting itself to the facts of that case, the Supreme Court held that Chessman was entitled to be represented in person or by counsel at such a hearing. In the present case, we are dealing with a reconstruction hearing, rather than an accuracy hearing. A missing transcript, rather than an existing one, and a defendant who, unlike Chessman, was deprived of any personal participation in the proceeding. Moreover, we note that, based upon the Supreme Court's holding in the ex parte nature of the transcript audit, Chessman was entitled to a new hearing. When this Court recognized that a defendant's presence at a reconstruction hearing is essential . . .

470 U.S. 522, *; 105 S. Ct. 1482, **;
84 L. Ed. 2d 486, ***; 1985 U.S. LEXIS 67

conference nor, either before or after the conference, filed any objections to or motions concerning the conference. A district court need not get an express waiver from a defendant for every trial conference which a defendant may have a right to attend. The conclusion that respondents waived their Rule 43 rights comports both with the Rule's language and with the everyday practicalities of conducting a trial.

**OPINIONBY:**

PER CURIAM

**OPINION:** [*523] [***488] [**1482] PER CURIAM.

The four respondents were indicted on various counts and tried together in Federal District Court for participation in a large-scale cocaine distribution conspiracy. During the afternoon recess on the first [**1483] day of trial the District Judge was discussing matters of law in open court with the respondents, their respective counsel, and the Assistant United States Attorney, outside the presence of the jury. The bailiff entered the courtroom and informed the judge that one of the jurors, Garold Graham, had expressed concern because he had noticed respondent Gagnon sketching portraits of the jury. Gagnon's attorney admitted that Gagnon had been sketching jury members during the trial. The District Judge ordered that the practice cease immediately. Gagnon's lawyer suggested that the judge question the juror to ascertain whether the sketching had prejudiced the juror against Gagnon. The judge then stated, still in open court in the presence of each respondent and his counsel: "I will talk to the juror in my chambers and make a determination. We'll stand at recess." No objections were made by any respondent and no respondent requested to be present at the discussion in chambers.

The District Judge then went into the chambers and called for juror Graham. The judge also requested the bailiff to bring Gagnon's counsel to chambers. There the judge, in [*524] the company of Gagnon's counsel, discussed the sketching with the juror. The juror stated:

". . . I just thought that perhaps because of the seriousness of the trial, and because of -- whichever way the deliberations go, it kind of -- it upset me, because -- of what could happen afterwards."

The judge then explained that Gagnon was an artist, meant no harm, and the sketchings had been confiscated. The juror was assured that Gagnon would sketch no more. Graham [***489] stated that another juror had seen the sketching and made a comment to him about it but no one else seemed to have noticed, and no other jurors had discussed the matter. The judge then elicited from Graham his willingness to continue as an impartial juror. Gagnon's counsel asked two questions of the juror and then stated that he was satisfied. The *in camera* meeting broke up, and the trial resumed. A transcript of the *in camera* proceeding was available to all of the parties; at no time did any respondent mention or object to the *in camera* interview of the juror. No motions were made to disqualify Graham or the other juror who witnessed the sketching, nor did any respondent request that cautionary instructions be given to the jury. After the jury returned guilty verdicts no post-trial motions concerning the incident were filed with the District Court.

On the consolidated appeal, however, each respondent claimed that the District Court's discussion with the juror in chambers violated respondents' Sixth Amendment rights to an impartial jury and their rights under Federal Rule of Criminal Procedure 43 n1 to be present at all stages of [**1484] the [*525] trial. A divided panel of the Court of Appeals for the Ninth Circuit reversed the convictions of all respondents, holding that the *in camera* discussion with the juror violated respondents' rights under Rule 43 and the Due Process Clause of the Fifth Amendment. 721 F.2d 672 (1983).

---

n1 Rule 43 provides:

"(a) Presence Required. The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

"(b) Continued Presence Not Required. The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived his right to be present whenever a defendant, initially present,

"(1) voluntarily absents himself after the trial has commenced (whether or not he has been informed by the court of his obligation to remain during the trial), or

"(2) after being warned by the court that disruptive conduct will cause him to be removed from the courtroom, persists in conduct which is such as to justify his being excluded from the courtroom.

"(c) Presence Not Required. A defendant need not be present in the following situations:

"(1) A corporation may appear by counsel for

all purposes.

"(2) In prosecutions for offenses punishable by fine or by imprisonment for not more than one year or both, the court, with the written consent of the defendant, may permit arraignment, plea, trial, and imposition of sentence in the defendant's absence.

"(3) At a conference or argument upon a question of law.

"(4) At a reduction of sentence under Rule 35."

The Court of Appeals held that all four respondents had due process and Rule 43 rights to be personally present at the *in camera* discussion, and these rights were substantial enough to be noticed as plain error on appeal under Federal Rule of Criminal Procedure 52(b), notwithstanding respondents' failure to preserve the issue by raising it in the District Court. Although the juror was only worried about Gagnon's conduct, the Court of Appeals held that the juror's potential prejudice against Gagnon might harm all respondents because they were joint actors charged and tried together for conspiracy.

The court stated that it could find nothing in the record to "conclusively determine" that respondents [\*\*\*490] waived their Rule 43 rights. The Court of Appeals found "no indication of whether Gagnon or the other defendants expressly or impliedly implicated their willingness to be absent from the [\*526] conference." 721 F.2d, at 677. That no objection was made to holding the conference without respondents was, to the court, irrelevant on the question of voluntary absence under Rule 43. Because the court found no waiver of the Rule 43 right to be present, it stated that *a fortiori* it could not conclude that respondents had made an intentional and knowing relinquishment of their due process right to be present. *Ibid.*, citing *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). Finally, the court held that the harmless-error rule did not excuse the errors committed by the District Court.

[\*\*\*HR1] We think it clear that respondents' rights under the Fifth Amendment Due Process Clause were not violated by the *in camera* discussion with the juror. "[The] mere occurrence of an *ex parte* conversation between a trial judge and a juror does not constitute a deprivation of any constitutional right. The defense has no constitutional right to be present at every interaction between a judge and a juror, nor is there a constitutional right to have a court reporter transcribe every such communication." *Rushen v. Spain*, 464 U.S. 114, 125-126 (1983) (STEVENS, J., concurring in judgment).

The constitutional right to presence is rooted to a large extent in the Confrontation Clause of the Sixth Amendment, *e. g., Illinois v. Allen*, 397 U.S. 337 (1970), but we have recognized that this right is protected by the Due Process Clause in some situations where the defendant is not actually confronting witnesses or evidence against him. In *Snyder v. Massachusetts*, 291 U.S. 97 (1934), the Court explained that a defendant has a due process right to be present at a proceeding "whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge. . . . [The] presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Id.*, at 105-106, 108; see also *Faretta v. California*, 422 U.S. 806, 819, n. 15 (1975). The Court also cautioned in *Snyder* that the exclusion of a defendant from a trial proceeding [\*527] should be considered in light of the whole record. 291 U.S., at 115.

In this case the presence of the four respondents and their four trial counsel at the *in camera* discussion was not required to ensure fundamental fairness or a "reasonably substantial . . . opportunity to defend against the charge." See *Snyder, supra.* The encounter between the judge, the juror, and Gagnon's lawyer was a short interlude in a complex trial; the conference was not the sort of event which every defendant had a right personally to attend under the Fifth Amendment. Respondents [\*\*1485] could have done nothing had they been at the conference, nor would they have gained anything by attending. *Id.*, at 108. [\*\*\*491] Indeed, the presence of Gagnon and the other respondents, their four counsel, and the prosecutor could have been counterproductive. Juror Graham had quietly expressed some concern about the purposes of Gagnon's sketching, and the District Judge sought to explain the situation to the juror. The Fifth Amendment does not require that all the parties be present when the judge inquires into such a minor occurrence.

The Court of Appeals also held that the conference with the juror was a "stage of the trial" at which Gagnon's presence was guaranteed by Federal Rule of Criminal Procedure 43. We assume for the purposes of this opinion that the Court of Appeals was correct in this regard. We hold, however, that the court erred in concluding that respondents had not waived their rights under Rule 43 to be present at the conference with the juror.

[\*\*\*HR2A] The Court of Appeals found the record insufficient to show a valid waiver of respondents' rights under Rule 43 because there was no proof that respondents expressly or impliedly indicated their willingness to be absent from the conference. The record shows, however, that the District Judge, in open court, announced her intention to speak with the juror in chambers, and then called a recess. The *in camera* discussion took place during the recess, and trial resumed

470 U.S. 522, *; 105 S. Ct. 1482, **;
84 L. Ed. 2d 486, ***; 1985 U.S. LEXIS 67

shortly [*528] thereafter with no change in the jury. Respondents neither then nor later in the course of the trial asserted any Rule 43 rights they may have had to attend this conference. Respondents did not request to attend the conference at any time. No objections of any sort were lodged, either before or after the conference. Respondents did not even make any post-trial motions, although post-trial hearings may often resolve this sort of claim. See Fed. Rule Crim. Proc. 33; *Rushen, supra*, at 119-120, citing *Smith v. Phillips*, 455 U.S. 209, 216-219 (1982); *Remmer v. United States*, 347 U.S. 227, 230 (1954). We disagree with the Court of Appeals that failure to object is irrelevant to whether a defendant has voluntarily absented himself under Rule 43 from an *in camera* conference of which he is aware. The district court need not get an express "on the record" waiver from the defendant for every trial conference which a defendant may have a right to attend. As we have noted previously, "[there] is scarcely a lengthy trial in which one or more jurors does not have occasion to speak to the trial judge about something, whether it relates to a matter of personal comfort or to some aspect of the trial." *Rushen, supra*, at 118. A defendant knowing of such a discussion must assert whatever right he may have under Rule 43 to be present.

Our holding today is in accord with our prior cases and is also consistent with the approach taken by many Courts of Appeals. n2 In *Taylor* [***492] v. *United States*, 414 U.S. 17 (1973), the defendant did not return to the courthouse after the first morning of trial. The trial continued in his absence, resulting in guilty verdicts. After his later arrest and sentencing the defendant claimed that he was denied a right to be present [*529] at trial under Rule 43 because mere voluntary absence was not an effective waiver of that right. We rejected this claim, *id.*, at 19-20, and held that the defendant need not be expressly warned of rights under Rule 43. Nor did we require any type of waiver to exist on the record; [**1486] the defendant's failure to assert his right was an adequate waiver. Similarly, respondents' total failure to assert their rights to attend the conference with the juror sufficed to waive their rights under Rule 43.

n2 See, e. g., *United States v. Washington*, 227 U. S. App. D. C. 184, 191-193, 705 F.2d 489, 496-498 (1983); *United States v. Provenzano*, 620 F.2d 985, 997-998 (CA3), cert. denied, 449 U.S. 899 (1980); *United States v. Bufalino*, 576 F.2d 446, 450-451 (CA2), cert. denied, 439 U.S. 928 (1978); *United States v. Brown*, 571 F.2d 980, 987 (CA6 1978).

[***HR2B] This analysis comports both with the language of Rule 43 and with the everyday practicalities of conducting a trial. If a defendant is entitled under Rule 43 to attend certain "stages of the trial" which do not take place in open court, the defendant or his counsel must assert that right at the time; they may not claim it for the first time on appeal from a sentence entered on a jury's verdict of "guilty." Rule 43(b) states that "the defendant shall be considered to have waived his right to be present whenever a defendant, initially present . . . voluntarily absents himself . . . ." See also Advisory Committee Notes on Fed. Rule Crim. Proc. 43, 18 U. S. C. App., p. 646. Respondents knew the District Judge was holding a conference with the juror and with Gagnon's attorney, yet neither they nor their attorney made any effort to attend. Timely invocation of a Rule 43 right could at least have apprised the District Court of the claim, and very likely enabled it to accommodate a meritorious claim in whole or in part. Unlike the Court of Appeals, we find nothing in Rule 43 which requires that latter-day protests of the District Court's action with respect to a relatively minor incident be sustained, and the case tried anew. We hold that failure by a criminal defendant to invoke his right to be present under Federal Rule of Criminal Procedure 43 at a conference which he knows is taking place between the judge and a juror in chambers constitutes a valid waiver of that right. The petition for certiorari and respondents' motion to supplement [*530] the record are granted, and the judgment of the Court of Appeals is

*Reversed.*

JUSTICE POWELL took no part in the consideration or decision of this case.

**DISSENTBY:**

BRENNAN

**DISSENT:**

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

Last Term this Court divided sharply in a case involving an *ex parte* contact between a judge and juror during a criminal trial. *Rushen v. Spain*, 464 U.S. 114, (1983) *(per curiam)*. Five separate opinions issued. Two Justices urged the Court to decide the "important constitutional questions" raised by such *ex parte* juror contacts, see *id.*, at 131 (MARSHALL, [***493] J., dissenting); *id.*, at 123 (STEVENS, J., concurring in judgment), but diverged significantly in their analyses and conclusions. Compare *id.*, at 140 (MARSHALL, J., dissenting) (*ex parte* contacts implicate three constitutional rights: "The right to counsel, . . . the 'right to be present,' . . . [and] the right to an impartial jury") with *id.*, at 125 (STEVENS, J., concurring in judgment) ("[The] mere occurrence of an *ex parte* conversation

470 U.S. 522, *; 105 S. Ct. 1482, **; 84 L. Ed. 2d 486, ***; 1985 U.S. LEXIS 67

between a trial judge and a juror does not constitute a deprivation of any constitutional right"). JUSTICE BLACKMUN and I dissented, arguing that the case should be either given plenary consideration, *id.*, at 122 (BRENNAN, J., dissenting), or not reviewed at all, *id.*, at 150-153 (BLACKMUN, J., dissenting).

In the face of this controversy, the bare *per curiam* majority explicitly declined to consider "[whether] the error [or *ex parte* contact] was of constitutional dimension," *id.*, at 117-118, n. 2, and held only that any error demonstrated on the particular facts at issue was harmless. *Id.*, at 121.

Today, without so much as a nod to this recent reservation of the question, the Court decides that the odd facts of this case do not constitute "the sort of event which every defendant [has] a right personally to attend under the Fifth Amendment," citing the lone Member of the Court who would have [*531] so decided last Term. *Ante*, at 526-527. No guiding standard for future application is provided; the [**1487] Court simply invokes its power to decide *this* case. Such ad hoc resolutions invariably engender more problems than solutions for lower courts.

Moreover, the parties directly affected by today's decision have not even been permitted an opportunity to brief and argue the merits. Given the highly fact-specific nature of the case, my preference would be to deny the petition for certiorari. But if the merits are to be addressed, I would do so only upon full consideration after briefing and oral argument. Accordingly, I respectfully dissent.

**REFERENCES:** Return To Full Text Opinion
Defendant's right, under Rule 43 of Federal Rules of Criminal Procedure, to be present at federal criminal proceedings--Supreme Court cases

21A Am Jur 2d, Criminal Law 694-699, 919; 32 Am Jur 2d, Federal Practice and Procedure 394; 75 Am Jur 2d, Trial 1001

9 Federal Procedure, L Ed, Criminal Procedure 22:767

7 Federal Procedural Forms, L Ed, Criminal Procedure 20:243

24 Am Jur Proof of Facts 2d 633, Jury Misconduct Warranting New Trial

USCS, Constitution, 5th Amendment; Federal Rules of Crim Procedure, Rule 43

US L Ed Digest, Criminal Law 49, 50

L Ed Index to Annos, Criminal Law; Judges; Jury

ALR Quick Index, Judges; Jury and Jury Trial; Presence or Absence

Federal Quick Index, Absence and Presence; Judges; Jury and Jury Trial

Annotation References:

Accused's right, under Federal Constitution, to be present at his trial-- Supreme Court cases. 25 L Ed 2d 931.

Propriety and prejudicial effect, in federal criminal cases, of communications between judge and jury members made in the absence of counsel, regarding the ability of jury members to continue deliberations. 64 ALR Fed 874.

Sufficiency of showing defendant's "voluntary absence" from trial for purposes of Criminal Procedure Rule 43, authorizing continuance of trial notwithstanding such absence. 21 ALR Fed 906.

470 U.S. 522, \*; 105 S. Ct. 1482, \*\*;
84 L. Ed. 2d 486, \*\*\*; 1985 U.S. LEXIS 67

LEXSEE 470 U.S. 522, AT 526

## UNITED STATES v. GAGNON ET AL.

### No. 84-690

### SUPREME COURT OF THE UNITED STATES

470 U.S. 522; 105 S. Ct. 1482; 84 L. Ed. 2d 486; 1985 U.S. LEXIS 67; 53 U.S.L.W. 3665

**March 18, 1985, Decided**

**SUBSEQUENT HISTORY:**

Petition For Rehearing Denied May 13, 1985; As Amended.

**PRIOR HISTORY:**

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT.

**DISPOSITION:**

Certiorari granted; 721 F.2d 672, reversed.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**SYLLABUS:**

At a recess during respondents' Federal District Court trial for participation in a cocaine distribution conspiracy, the bailiff informed the judge -- in the presence of respondents, their respective counsel, and the Assistant United States Attorney, but outside the jury's presence -- that one of the jurors had expressed concern because he had noticed respondent Gagnon sketching jurors during the trial. After Gagnon's attorney admitted that Gagnon had been sketching jurors, the judge ordered that the practice cease immediately, and, upon such attorney's suggestion, the judge stated that she would speak with the juror in chambers. No respondent filed any objection or requested to be present at the discussion in chambers. At the *in camera* meeting, which Gagnon's counsel attended, the juror was informed that Gagnon was an artist and meant no harm, that the sketchings had been confiscated, and that Gagnon would sketch no more. The juror, upon being questioned by the judge and by Gagnon's counsel, indicated his willingness to continue as an impartial juror. The trial then resumed; a transcript of the *in camera* proceeding was made available to all of the parties; no objections to the proceeding or motions to disqualify the juror were made; and, after guilty verdicts were returned against all of the respondents, no post-trial motions concerning the incident were made. On a consolidated appeal, the Court of Appeals reversed all of the respondents' convictions, holding that the *in camera* proceeding violated their rights under Federal Rule of Criminal Procedure 43 to be present "at every stage of the trial," as well as their right to be present under the Due Process Clause of the Fifth Amendment.

*Held*:

1. Respondents' rights under the Fifth Amendment Due Process Clause were not violated by the *in camera* discussion with the juror. The defense has no constitutional right to be present at every interaction between a judge and a juror. The right to presence, while rooted to a large extent in the Confrontation Clause of the Sixth Amendment, is protected by the Due Process Clause in some situations where the defendant is not actually confronting witnesses or evidence against him. However, a defendant's presence is a condition of due process only to the extent that a fair and just hearing would be thwarted by his absence. Here, the presence of respondents and their counsel at the *in camera* discussion was not required to ensure fundamental fairness or a reasonably substantial opportunity to defend against the charge.

2. Assuming that the conference with the juror was a "stage of the trial" for purposes of Rule 43, the Court of Appeals erred in concluding that respondents had not waived their rights under the Rule to be present at the conference. Respondents neither requested to attend the


EXHIBIT C

**OUTCOME:** The sentence was vacated and ordered, assuming defendant's judgment of conviction stood after the reconstruction hearing, that defendant be advised of the jury unanimity requirement before determining whether or not to waive his right to jury sentencing.

**CORE TERMS:** reconstruction, plea hearing, sentencing, guilty plea, sentence, fundamental error, missing, death penalty, unavailable, sentenced, sentencing jury, unanimity, settle, advice, jury unanimity, prosecutor, verbatim, waived, pleaded guilty, reconstructed, withdraw, constitutional right, manifest injustice, intelligent, death sentence, plea agreement, inform, settlement, sentencing hearing, reconstruct