UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6273-CR-HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ARIEL HERNANDEZ, et al.,

    Defendants.
_____/

### DEFENDANT, ARIEL HERNANDEZ'S, MEMORANDUM REGARDING TAPES AND STATEMENT OF THE EVIDENCE

COMES NOW the Defendant, Ariel Hernandez, by and through his undersigned counsel, and respectfully files this Memorandum of Law regarding the tape recordings and the Defendant's Statement of the Evidence pursuant to Rule 10, Fed.R.App.P., and states as follows:

1. On July 20, 2003, the Eleventh Circuit Court of Appeals remanded this case to the District Court in order for the District Court to determine "what tapes were played to the jury and when during trial they were played."

2. The Record on appeal in this case is replete with occasions when tape recorded evidence was played to the jury but not recorded by the court reporter. Not only were hundreds of intercepted conversations played to the jury but not transcribed, it is unclear in many instances what portions of which tapes were played to the jury and when. Even more disconcerting is the court reporter's failure to transcribe Ariel Hernandez' recorded statements played to the jury at trial (R 408-113-115; 584-50).

3. Recently, in *United States v. Charles,* 313 F.3d 1278 (11th Cir. 2002), the Eleventh Circuit addressed a similar although far less egregious omission in the record based upon the

1259-00001 368820.1



LAW OFFICES OF RICHARD L. ROSENBAUM
350 EAST LAS OLAS BOULEVARD, SUITE 1700, LAS OLAS CENTRE • FORT LAUDERDALE, FLORIDA 33301 • TELEPHONE (954) 522-7007

court reporter's failure to transcribe tape recorded evidence. In *Charles,* tape-recorded conversations and transcripts were not transcribed by the reporter, but, as they were in Creole, were translated and transcribed, used as demonstrative aides and supplemented in the Record without objection. The Eleventh Circuit in *Charles* stated:

> We have developed a bifurcated standard for determining whether an incomplete trial transcript entitles an appellant to a new trial. *United States v. Preciado-Cordobas,* 981 F.2d 1206, 1212 (11th Cir. 1993) (citing *United States v. Selva,* 559 F.2d 1303 (5th Cir. 1977)). If the same attorney represents an appellant at trial and on appeal, a new trial may be granted 'only if the defendant can show that the failure to record and preserve a specific portion of the trial visits a hardship on him and prejudices his appeal.' *Id.* But if a new attorney represents the appellant on appeal, a new trial is necessary if there is a substantial and significant omission from the trial transcript.

*Id.*

4.   As the United States Supreme Court determined in *Antoine v. Byers & Anderson, Inc., et al.,* 508 U.S. 449, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993), the function of a court reporter is to record a verbatim transcript of trial proceedings, which does not require the exercise of discretionary judgment, and is not therefore functionally comparable to the function of a judge. In *Antoine,* the court concluded that court reporters were not protected by the doctrine judicial immunity in an analogous civil case. On appeal, the judgment of the court of appeals upholding the grant of summary judgment to a court reporter and reporting company was reversed and the cause was remanded for further proceedings. The *Antoine* court stated:

> Court reporters are required by statute to 'record verbatim' court proceedings in their entirety under Title 28 U.S.C. Section 753(b).
>
> * * *
>
> They are afforded no discretion in the carrying out of this duty; they are to record, as accurately as possible what transpires in court. See *McLallen v. Hendersen,* 492 F.2d 1298, 1299 (8th Cir. 1994).

*Id.* at 2172.

5.  The Defendant/Appellant has asserted on appeal that the mere absence of substantial and significant portions of the Record requires reversal under the facts and circumstances of this case. *See United States v. Selva,* 559 F.2d 1303, 1305-6 (5th Cir. 1977), *accord United States v. Preciado-Cordobas,* 981 F.2d 1206, 1212 (11th Cir. 1993).

6.  Because the defendant is represented by new counsel on appeal, he is not required to show prejudice.

7.  The requirement of a verbatim record of criminal proceedings is designed "to safeguard a defendant's right to appellate review." *See United States v. Wood,* (4th Cir. March 30, 1998)[1999 U.S. App. LEXIS 5805][unpublished]. It has been repeatedly stated that "non-compliance [with Section 753] seems fraught with potential for mistake and possible prejudice." *See also United States v. Snead,* 527 F.2d 590, 591 (4th Cir. 1975). The Fourth Circuit has repeatedly stated that "the direction [of section 753] is simple and clear; the statute should be obeyed." *Wood, supra; United States v. Hanno,* 21 F.3d 42, 48 (4th Cir. 1994); *Snead* at 591.

8.  The requirements of Section 753(b) are thus properly regarded as mandatory. *See United States v. Winstead,* 74 F.3d 1313, 1321 (D.C. Cir. 1996). In criminal cases, these requirements apply to the presentation of evidence at trial, as well as to all activities such as the entry of a guilty plea, jury selection, side bar conferences, and argument of counsel. *See Hanno* at 48; *Parrott v. United States,* 314 F.2d 46, 47 (10th Cir. 1963); *United States v. Sierra,* 981 F.2d 123, 127 (3d Cir. 1992); *United States v. Bebik,* 333 F.2d 736, 738 (4th Cir. 1964). The responsibility to insure compliance with the statute lies with the court, not the court reporter or the parties. *See Wood, supra; United States v. Gallo,* 763 F.3d 1504, 1530 (6th Cir. 1984); *United States v. Garner,* 581 F.2d 481, 488 (5th Cir. 1978). The requirements of Title 28 U.S.C. Section 753(b), the Court Reporters Act "are mandatory not permissive." *In Re:*

*Progressive Games, Inc.,* 194 F.3d 1329 (D.C. Cir. 1999); *Veillon v. Exploration Services,* 876 F.2d 1197, 1200 (5th Cir. 1989).

9.   Ariel Hernandez asserts that because he is represented on appeal by counsel different than his attorney at trial, and because of the court reporter's failure to transcribe critical testimony, a new trial is required. Pursuant to Title 28 U.S.C. Section 753 "all proceedings in criminal cases had in open court" are required to be recorded *verbatim.* See 28 U.S.C. Section 753(b). "The duty to comply with Section 753(b) lies with the court, not the parties." *United States v. Nolan,* 910 F.2d 1553, 1560 (7th Cir. 1990), *cert. denied* 499 U.S. 942, 113 L.Ed.2d 457, 111 S.Ct. 1402 (1991).

10.  In this case, Ariel Hernandez suffered specific prejudice resulting from the court reporter's failure to record key tape recordings, including wiretap intercepts, his confession, and other crucial evidence presented by the Government at trial. The testimony and evidence were the crux of the alleged conspiracy. Now, on appeal, despite the fact that the Appellant ordered transcription of all of the trial proceedings from the outset, crucial evidence which was presented to the jury is unavailable through no fault of Ariel Hernandez. No agreement can be reached as to supplementation of the Record.

11.  Who knows what the jury actually heard at trial? That is the exact reason for the statutory requirement that all proceedings be taken down *verbatim.* Because of the close questions raised via the sufficiency of the evidence, Ariel Hernandez was prejudiced by the court's failure to have a complete Record on appeal, including a complete trial transcript of all of the trial proceedings, through no fault of his own. Clearly, Ariel Hernandez' substantive rights have been effected. *See Bergerco U.S.A. v. Shipping Corp. of India, Ltd.,* 896 F.2d 1210, 1215 (9th Cir. 1990). Reversal and remand is required.

12.  Defendant, Ariel Hernandez' memory of the portions of the tapes played to the jury,

and when they were played, greatly differs of that of the Assistant United States Attorneys. Unfortunately, because the Federal Bureau of Prisons has retained Ariel Hernandez' rough notes, he is presently unable to allow the attachment of the same. In any event, the Government has refused to turn over their rough notes. Accordingly, the Defendant, urges this court to look at the omission of substantial portions of the transcript presented to the appellate court, and order a new trial.

13. While the Government has specified which tapes were played, and their recollection of which portions of the tapes were played at what time, there is no assurance of accuracy in light of the court reporter's failure to transcribe everything the jury heard and when they heard it.

14. In this case, it is clear that the court reporter is unable to reproduce significant and substantial portions of trial, requiring a new trial

WHEREFORE, based upon the failure of the court reporter to comply with the Court Reporter's Act, Title 28 U.S.C. Section 753, Defendant, Ariel Hernandez objects to the reconstruction of the Record proposed by the government as being inaccurate and not based upon appropriate information, and suggests that a new trial is appropriate.

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was furnished by mail and/or via fax this **5th day of September, 2003** to: LIST OF ATTACHED COUNSEL.

Respectfully Submitted,

LAW OFFICES OF RICHARD L. ROSENBAUM
ATTORNEY FOR DEFENDANT, HERNANDEZ
350 EAST LAS OLAS BOULEVARD (SUITE 1700)
FT. LAUDERDALE, FL 33301
PHONE NO: (954) 522-7007
FAX NO: (954) 522-7003
FLA. BAR NO: 394688

BY: ______________________
RICHARD L. ROSENBAUM

1259-00001 368820.1

USA v. ARIEL HERNANDEZ
UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA
CASE NO: 00-06273-CR-HUCK

AUSA Lawrence D. Lavecchio
Office of the U.S. Attorney
500 E. Broward Boulevard (7th Floor)
Ft. Lauderdale, FL 33394

AUSA Lisa Hirsch
Office of the U. S. Attorney
99 N. E. Fourth Street
Miami, FL 33132

AUSA Jeffrey H. Sloman
Office of the U.S. Attorney
500 E. Broward Boulevard (7th Floor)
Ft. Lauderdale, FL 33394

Clerk of Court
U.S. District Courthouse
301 North Miami Avenue
Miami, FL 33128

Fred Haddad, Esq.
One Financial Plaza
Suite 2612
Ft. Lauderdale, FL 33394-0002

Jeffrey D. Weinkle, Esq.
1035 N. W. 11th Avenue
Miami, FL 33136

Stephen H. Rosen, Esq.
1221 Brickell Avenue
Suite 1020
Miami, FL 33131

Benedict P. Kuehne, Esq.
100 S. E. Second Street
Suite 3550
Miami, FL 33131-2154

Daniel Samuel, Esq.
3151 Maple Dr., NE
Atlanta, GA 30305

1259-00001 368820.1