

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CRIMINAL DIVISION

Case No. 00-6273-Cr-Huck

UNITED STATES OF AMERICA,

vs.

Ariel Hernandez,

    Defendant.

---

## GOVERNMENT'S MEMORANDUM OF
## LAW REGARDING TAPE RECORDINGS

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files it memorandum of law regarding the tape recordings and the record on appeal. The government requests that the court make findings indicating the tapes played to the jury and the completeness of the record on



appeal. In support thereof, the government states as follows:

## MEMORANDUM OF LAW

On appeal, Hernandez has claimed that he has a right to a new trial because the court reporter failed to transcribe key portions of the trial (Hernandez Brief at p. 32). Hernandez claims that it is unclear what tapes were played to the jury and when (Hernandez Memorandum Regarding Tapes and Statement of the Evidence, ¶ 2). On July 20, 2003, the Eleventh Circuit remanded this case to the district court in order for the district court to determine what tapes were played for the jury during trial. The Eleventh Circuit stated that "[t]o the extent that any of the tapes referenced by Appellee were played to the jury, such tapes should be part of the record on appeal." The court remanded for the district court to determine "what tapes were played to the jury and when during trial they were played."

In United States v. Charles, 313 F.3d 1278, 1283 (11th Cir. 2002), cert. denied, 123 S.Ct. 2588, 2591 (2003), the Eleventh Circuit noted that an incomplete trial transcript requires a new trial only if there is a "substantial and significant omission from the trial transcript." The right to a new trial "based on a deficiency of the record, however, is 'premised upon the district court's inability to reconstruct the record.'" Charles, 313 F.3d at 1283. The Court stated that a "reconstructed record," even if not identical, is sufficient as long as it can "accord effective appellate review."

Id (citations omitted).

The government requests that this court, using its recollection, as well as any other means it deems necessary, reconstruct the record to clarify for the Court of Appeals which tapes were played to the jury. The government has submitted a statement of which tapes were played for the court's review and requests that this court make a finding that such tapes were in fact played to the jury. The government further requests that this court find that the reconstructed record "discloses an accurate account of the trial." United States v. Preciado-Cordobas, 981 F.2d 1206, 1213 (11th Cir. 1993).

Hernandez's claim that the record is unclear should be rejected. Hernandez complains that the court reporter failed to transcribe Hernandez's recorded statements which were played to the jury, citing to "R 408-113-15." R 408 is a transcript of the pre-trial suppression hearing which was held on September 4, 2001. At the pages Hernandez has cited to, the tape and transcript of Hernandez's confession were offered into evidence without objection, but not played (R13:115). The other record cite offered by Hernandez "584-50" appears to refer to a pre-trial status conference held on September 27, 2001 (R16). That transcript contains only 14 pages and appears irrelevant to the issue at hand.

The record on appeal does reflect that the tape recording of Hernandez's

3

March 27, 1999 telephone call to police was not played to the jury; the transcript was read into the record (R24:52-75). The record also reflects that Hernandez's redacted post-arrest statement and a redacted transcript were admitted into evidence and the tape was played to the jury during Detective Ilarraza's testimony (R28:162-63).

Hernandez's claim that the record is unclear or insufficient to afford effective appellate review should be rejected by this court. The government requests that the court make findings made regarding the playing of the tapes for the jury and that the record discloses an accurate account of the trial.

WHEREFORE, the United States of America, respectfully submits its memorandum of law regarding the tape recordings.

> Respectfully submitted,
>
> MARCOS D. JIMENEZ
> UNITED STATES ATTORNEY
>
> By: _____
> Lisa A. Hirsch
> ASSISTANT UNITED STATES ATTORNEY
> FLORIDA BAR NO. 0691186
> 99 N.E. 4th Street
> Miami, Florida 33132-2111
> Tel: (305) 961-9214

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by facsimile this 8th day of September, 2003, to: Fred Haddad, Esq., One Financial Plaza, Suite 2612, Fort Lauderdale, Florida 33394; Benedict P. Kuehne, Sale & Kuehne, P.A., 100 S.E. 2nd Street, Suite 3550, Miami, Florida 33131-2154; Stephen Rosen, Esq., 1221 Brickell Avenue, Suite 1020, Miami, Florida 33131; Richard L. Rosenbaum, 350 East Las Olas Boulevard, Suite 1700, Las Olas Centre II, Fort Lauderdale, Florida 33301; Donald F. Samuel, 3151 Maple Drive, N.E., Atlanta, Georgia 30305; and Jeffrey Weinkle, Esq., 1035 N.W. 11th Avenue, Miami, Florida 33136.

_____
Lisa A. Hirsch
Assistant United States Attorney