UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6273-CR-HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ARIEL HERNANDEZ, et al.,

    Defendants.
_____/

## MOTION TO ALLOW COUNSEL ACCESS TO LAPTOP COMPUTERS DURING COURT PROCEEDINGS

COMES NOW the Defendant, Ariel Hernandez, by and through his undersigned counsel, pursuant to the Fifth and Sixth Amendment to the United States Constitution, and respectfully requests this Honorable Court enter an Order allowing defense counsel access to a Laptop computers during the court proceedings in this matter, and as grounds and in support thereof states as follows:

1.    Undersigned counsel represents the Defendant, Ariel Hernandez.

2.    Hearings and court proceedings are anticipated in this matter.

3.    Defendant, Ariel Hernandez, asserts that in order to insure effective assistance of counsel, his attorney, Richard L. Rosenbaum, should be permitted to bring his Laptop computer into the Federal Courthouse.

4.    Undersigned counsel has been permitted and have utilized in the past, a computer in Federal cases in the Southern and Northern Districts of Florida and in the Eastern District of Pennsylvania.

5.    The computer which will be utilized during pretrial and trial proceedings is <u>extremely</u> quiet and shall neither disrupt court proceedings nor distract the court in any manner.



1259-00001 368835.1

6.  Allowance of the introduction of Laptop computer into the Federal Courtroom shall allow undersigned access to all Supreme Court and Federal cases (Federal Reporter, Federal Second Reporter, Federal Third Reporter, as well as United States Code Annotated and other materials).

7.  Undersigned counsel is amenable to the United States Marshals Service fully inspecting any and/or all computer materials prior to undersigned seeking to introduce them into the Federal Court facility.

8.  Computerized research and note keeping is no longer "the wave of the future." Many Federal judges utilize computers on a daily basis. To prohibit undersigned counsel from utilizing computerized research and note taking equipment shall deny Defendant, Ariel Hernandez, effective assistance of counsel and due process of law pursuant to the Fifth and Sixth Amendments to the United States Constitution.

9.  "The practice of law is built on decision, statutes, regulations and directives ... the list of resources is growing, particularly in the governmental area. The legal researcher is well-advised to make periodic forays into the [Internet] system to discover more sources." How to Use the Internet for Legal Research, The Florida Bar News, August 1, 1995, p. 32.

10. The use of personal computers is an integral part of practicing law.[1] Getting Lawyers to Use Computers Can be Tricky, The Florida Bar News, October 15, 1995, p. 24. [The

---

[1] "General change is upon us. Not many years ago, my law school offered popular optional training in basic word processing. Now, nearly everyone enters the school with that knowledge, if not his or her own personal computer as well. Of course, some law students, lawyers and judges still do not or will not use computers. Although undoubtedly a significant number, these technological doubters ought not to be given undue attention. Somewhere a few lawyers probably insist on drafting documents with quill pens. Notably, many of us still have quill pens, but only as mementos of bygone years."
3 Emory L.J. 1095, 1096 (1994), Fredric I. Lederes

1994 Survey of Automation in Smaller Law Firms, conducted by the ABA's Legal Technology Resource Center noted that 83% of the respondents reported using a personal computer in their practice.]

11.  The instant availability of up to date case law will reduce trial errors. 3 Emory L.J. 1095, 1108 (1994) [The ability to have instant access to a case when unsure as to its applicability may greatly improve the accuracy of legal rulings. Indeed, the mere knowledge by counsel that they may be called on their legal authorities in public by the court may raise the standard of practice]. Communication is the heart of litigation. Id. at 1113.

WHEREFORE, based upon the foregoing, the Defendant, Ariel Hernandez, respectfully requests this Honorable Court enter an Order permitting his counsel access to a Laptop computer and accessories during all pretrial and trial proceedings.

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was furnished by mail and/or via fax this 9th day of **September, 2003** to: LIST OF ATTACHED COUNSEL.

Respectfully Submitted,

LAW OFFICES OF RICHARD L. ROSENBAUM
ATTORNEY FOR DEFENDANT, HERNANDEZ
350 EAST LAS OLAS BOULEVARD (SUITE 1700)
FT. LAUDERDALE, FL 33301
PHONE/NO: (954) 522-7007
FAX NO: (954) 522-7003
FLA. BAR/NO. 394688

BY _____
RICHARD L. ROSENBAUM

1259-00001 368835.1

USA v. ARIEL HERNANDEZ
UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA
CASE NO: 00-06273-CR-HUCK

AUSA Lawrence D. Lavecchio
Office of the U.S. Attorney
500 E. Broward Boulevard (7th Floor)
Ft. Lauderdale, FL 33394

AUSA Lisa Hirsch
Office of the U. S. Attorney
99 N. E. Fourth Street
Miami, FL 33132

AUSA Jeffrey H. Sloman
Office of the U.S. Attorney
500 E. Broward Boulevard (7th Floor)
Ft. Lauderdale, FL 33394

Clerk of Court
U.S. District Courthouse
301 North Miami Avenue
Miami, FL 33128

Fred Haddad, Esq.
One Financial Plaza
Suite 2612
Ft. Lauderdale, FL 33394-0002

Jeffrey D. Weinkle, Esq.
1035 N. W. 11th Avenue
Miami, FL 33136

Stephen H. Rosen, Esq.
1221 Brickell Avenue
Suite 1020
Miami, FL 33131

Benedict P. Kuehne, Esq.
100 S. E. Second Street
Suite 3550
Miami, FL 33131-2154

Daniel Samuel, Esq.
3151 Maple Dr., NE
Atlanta, GA 30305

1259-00001 368835.1