

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00#-6273-CR-HUCK/BROWN

UNITED STATES OF AMERICA,

        PLAINTIFF,

v.

ARIEL HERNANDEZ,

        DEFENDANT.
_____/

## GOVERNMENT'S RESPONSE TO EMERGENCY MOTION
## TO WITHDRAW AS CO-APPELLATE COUNSEL

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and files this Response in opposition to the motion of attorney Jeffrey D. Weinkle seeking his withdrawal as co-counsel in the pending appeal of Ariel Hernandez.

1. In the pending appeal of Hernandez' convictions and sentence, appointed counsel Richard Rosenbaum has raised several issues, including his alleged inability to determine, based upon the record on appeal, what specific evidence was presented to the jury. In his brief, Mr. Rosenbaum asserted that there were "substantial and significant portions of the Record" which were not transcribed and, further, that "[b]ecause the defendant is represented by new counsel on appeal, he is not required to show prejudice." Initial Brief of Appellant Ariel Hernandez, pp 35-36.

2. By order dated September 8, 2003, this Court re-appointed Mr. Weinkle as co-appellate counsel for Ariel Hernandez. That appointment has been acknowledged and accepted by the Eleventh Circuit Court of Appeals. See, attached correspondence dated September 18,

2003 from the Eleventh Circuit Court of Appeals to Mr. Weinkle.

3. The re-appointment of Mr. Weinkle to assist Mr. Rosenbaum in Hernandez' appeal clearly works to the detriment of the defendant by, in part, undercutting Mr. Rosenbaum's assertions that (a) appellate counsel is unable to determine what matters occurred during trial, and (b) given that appellate counsel was not present at trial, the government need not establish prejudice in order for a new trial to be mandated.[1]

4. It is apparent that, in an effort to gain strategic advantage on appeal, the defendant Hernandez has issued threats to the person and property of Mr. Weinkle in order to cause his withdrawal from the case. This blatant and criminal attempt by the defendant to manipulate the judicial system cannot be countenanced by this Honorable Court or by the Eleventh Circuit Court of Appeals.

5. In United States v. Jennings, 855 F.Supp. 1427 (M.D.Pa. 1994), affirmed, 61 F. 3d 897 (3d Cir. 1995), after the defendant's motion to appoint new counsel was denied on the eve of trial, the defendant physically assaulted his court-appointed counsel. The court thereupon dismissed court-appointed counsel and refused to appoint new counsel, finding that, by his actions the defendant had forfeited his right to counsel. In reaching its decision, the court noted that, "concerning the manipulation of the right to counsel, the most appropriate response to this tactic is to refuse to allow the manipulation, in the sense that the defendant should not be provided with the advantage sought." Id. at 1444. Similarly, in United States v. McLeod, 53 F.3d 322 (11th Cir. 1995), the defendant was verbally abusive to his attorney and threatened to harm him. The trial court allowed the attorney to withdraw, but refused to appointed new

---

[1]For the record, the government disputes both of these contentions on appeal.

counsel for him, finding that the defendant's treatment of his lawyer constituted a waiver of his right to counsel at the hearing on his motion for new trial.

6. In the case at bar, this court should not, under any circumstances, be a party to the criminal designs of the defendant. The government respectfully submits that, consistent with the terms of the court's earlier re-appointment, Mr. Weinkle can continue to assist Mr. Rosenbaum in the pending appeal.[2]

7. Moreover, given that the case is now once again pending before the Eleventh Circuit Court of Appeals, the pending Motion is properly filed before that Court. Addendum Four, Eleventh Circuit Plan Under the Criminal Justice Act, Section (e)(2) states, in pertinent part, the following:

> If trial counsel appointed under the Act by the district court wishes to be relieved from the duty of representing the party on appeal, counsel shall file with the clerk of the court of appeals an original and one copy of a motion asking for such relief and stating the grounds therefor, but shall nevertheless continue to represent the party on appeal until relieved by the court of appeals.[3]

Wherefore, based upon the above and foregoing, the government respectfully suggests that Mr. Weinkle's motion should properly be denied and that he be required to continue

---

[2]To the extent that this court may be concerned that Mr. Weinkle may be conflicted based upon the allegations set forth in his pending motion, the Fourth Circuit has held that no such prohibition lies where, as here, "a defendant, represented by co-counsel, receives effective assistance from his conflict-free counsel at all critical statges of the criminal process, while his conflicted attorney plays a subsidiary role." Hoffman v. Leeke, 903 F.2d 280, 287 n. 3 (4th Cir. 1990), quoted in Turner v. Williams, 812 F.Supp. 1400, 1434 (E.D.Va. 1993).

[3]The Act further provides that the district court may also relieve such counsel "provided it substitutes counsel as provided under subsection (c) of the Act." However, given the nature and purpose of Mr. Weinkle's re-appointment in the instant case, the government respectfully submits that this section is inapplicable in the instant case.

3

assisting Mr. Rosenbaum in the instant case; or, in the alternative, that Mr. Weinkle be required to address his motion to the Court of Appeals.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: _____
LAWRENCE D. LaVECCHIO
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 305405
299 East Broward Boulevard
Fort Lauderdale, Florida 33394
954/356-7255/ 356-7230 - fax

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by facsimile on this 6th day of October 2003 to the following:

Jeffrey Weinkle, Esquire (305-377-2324)

Richard Rosenbaum, Esquire (954-522-7003)

Stephen Rosen, Esquire (305-371-6966)

_____
LAWRENCE D. LaVECCHIO

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Thomas K. Kahn
Clerk

In Replying Give Number
Of Case And Names of Parties

September 19, 2003

Jeffrey David Weinkle
19 W FLAGLER ST STE 407
Biscayne Bldg.
MIAMI FL 33130-4404

RE: 02-12352-AA   USA v. Frederick J. Massaro
DC DKT NO.: 00-06273 CR-PCH

Party To Be Represented: Ariel Hernandez

Dear Counsel:

We are pleased to advise that you have been appointed to represent on appeal the indigent litigant named above. This work is comparable to work performed pro bono publico. The fee which you will receive likely will be less than your customary one due to limitations on the hourly rate of compensation contained in the Criminal Justice Act (18 U.S.C. § 3006A).

Enclosed are the following:

1. Criminal Justice Act (CJA) Voucher
2. Instructions for Completing CJA Voucher
3. Notice to Court-Appointed Counsel of Public Disclosure of Attorney Fee Information
4. Addendum Four to the Eleventh Circuit Rules entitled "Eleventh Circuit Plan Under the Criminal Justice Act"

Your claim for compensation under the Act should be submitted **within 60 days** after issuance of mandate or filing of a cert. petition, consistent with the requirements outlined in the accompanying materials. We request that you enclose with your completed CJA Voucher one additional copy of each brief, petition for rehearing, and cert. petition which you have filed. Please ensure that your voucher includes a detailed description of the work you performed.

Thank you for accepting this appointment under the Criminal Justice Act.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Andrea Ware (404) 335-6218

CJA-1 (02-2002)