UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273-CR-HUCK/BROWN

UNITED STATES OF AMERICA,

PLAINTIFF,

v.

ARIEL HERNANDEZ,

DEFENDANT.
_____/

### GOVERNMENT'S SUPPLEMENTAL RESPONSE TO EMERGENCY MOTION TO WITHDRAW AS CO-APPELLATE COUNSEL

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and files this Supplemental Response in opposition to the motion of attorney Jeffrey D. Weinkle seeking his withdrawal as co-counsel in the pending appeal of Ariel Hernandez.

1. On October 2, 2003, attorney Jeffrey Weinkle filed an Emergency Motion to Withdraw as Co-Appellate Counsel. On October 6, 2003, the government filed its initial Response to that Motion. During a telephone status conference on October 7, 2003, this Court requested that the parties file supplemental pleadings specifically addressing the issue as to whether this Court has jurisdiction to rule upon the pending Motion.

2. In United States v. Tovar-Rico, 61 F.3d 1529 (11th Cir. 1995), the court stated the following:

> In the usual case, with limited exceptions not present here, the filing of a notice of appeal divests the district court of jurisdiction over the aspects of the case involved in the appeal. "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an



> event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal" ... This serves to avoid the confusion and waste of time that would result from dual jurisdiction.

Id. at 1532. There are some limited exceptions to this general rule, see, e.g., United States v. Vicaria, 963 F.2d 1412, 1415 n.2 (11th Cir. 1995), however the undersigned's research has uncovered no decision in which the Eleventh Circuit has addressed the district court's retention of jurisdiction over an attorney's motion to withdraw from a case once the appeal is actually pending before that court.

3. By contrast, the Seventh Circuit has consistently and unequivocally held that, "once judgment has been entered in the district court any motion to withdraw by counsel must be filed in this court." United States v. Flowers, 789 F.2d 569, 571 (7th Cir. 1986). See also, United States v. Blanton, 884 F.2d 973, 976 n.1 (7th Cir. 1989); United States v. De La Cruz, 870 F.2d 1192 (7th Cir. 1989); Williams v. United States, 805 F.2d 1301, 1307 (7th Cir. 1986). In reaching its conclusion, the Seventh Circuit pointed to its own Circuit Rule 2(c) which provides, inter alia, that "[a]ny motion to withdraw for good cause must be filed in the court of appeals." United States v. Flowers, supra., 789 F.2d at 570 n.1.

4. As set forth in the government's initial Response herein, the rules of the Eleventh Circuit Court of Appeals similarly provide that "[i]f trial counsel appointed under the [Criminal Justice] Act by the district court wishes to be relieved from the duty of representing the party on appeal, counsel shall file with the clerk of the court of appeals an original and one copy of a motion asking for such relief and stating the grounds therefor, but shall nevertheless continue to represent the party on appeal until relieved by the court of appeals." Addendum Four, Eleventh Circuit Plan Under The Criminal Justice Act, Section (e)(2) (emphasis supplied). That provision further provides that "[t]he

district court may also relieve counsel appointed under the Act <u>provided it substitutes counsel</u> as provided under subsection (c) of the Act." (Emphasis supplied). It iappears that, in context, this latter provision is designed to address those situations where trial counsel, immediately following trial but prior to the institution of the appeal, seeks to withdraw; it allows the trial court to substitute counsel in order that the defendant not be without advice of counsel through a critical stage of the proceedings. However, the government respectfully submits that, in situations such as those presented in the instant case, where the defendant's appeal is ongoing, jurisdiction to allow appellate counsel to withdraw is properly assumed by the Court of Appeals.[1] This is made apparent by Subsection (e)(3) of Addendum Four, which states, "If a party for whom counsel was appointed by the district court under the Act wishes appointed counsel relieved and replacement counsel appointed, <u>the party shall file with the clerk of the court of appeals a motion requesting such relief</u>, and the clerk shall submit this motion to the court for ruling." Addendum Four, Eleventh Circuit Plan Under The Criminal Justice Act, Section (e)(3) (emphasis supplied). Therefore, jurisdiction to determine the pending Motion may properly vest in the Eleventh Circuit Court of Appeals.

5. Notwithstanding any jurisdictional bar to this Court's ruling on the pending Motion, the government asserts that this Court should refrain from ruling on the pending Motion for practical reasons. Given the unique circumstances presented here, the Court of Appeals should address the Motion as it may determine, in accordance with the decisions of other courts, that a defendant who has maliciously threatened the person or property of his court-appointed attorney in order to attempt

---

[1] Moreover, it is apparent that this latter portion of Subsection (e)(2) is inapplicable in the instant case, where this court is not, under any circumstances, being called upon to "substitute counsel." Mr. Weinkle has been appointed as additional counsel, for the defendant's benefit, in light of Mr. Rosenbaum's (his other appellate counsel's) asserted inability to determine from the record what transpired during the trial of this case.

3

to gain a strategic advantage on appeal has forfeited his right to have the benefit of any court-appointed counsel, and may see fit to discharge the services of Mr. Rosenbaum as well. See, e.g., United States v. Jennings, 855 F.Supp. 1427 (M.D.Pa. 1994), affirmed, 61 F. 3d 897 (3d Cir. 1995); and United States v. McLeod, 53 F.3d 322 (11th Cir. 1995), explained in the government's initial Response herein. See also, United States v. Thompson, 335 F.3d 782, 785 (8th Cir. 2003) (Court of Appeals allowed appellate counsel to withdraw after defendant threatened to kill him and refused to appoint new counsel); United States v. Leggett, 162 F.3d 237, 249-51 (3d Cir. 1998) (defendant forfeited his right to counsel at sentencing after physically attacking his attorney); United States v. Travers, 996 F.Supp. 6 (S.D.Fla. 1998) (defendant forfeited his right to court-appointed counsel at trial after intentionally provoking conflicts with several court-appointed attorneys). Alternatively, the Court of Appeals may find that, given the defendant's criminal attempts to thwart the remedial action taken by this court in response to his counsel's assertions that certain errors took place during his trial, the defendant has effectively abandoned that issue on appeal. See, United States v. Lewis, 524 F.2d 991, 992 (5th Cir. 1975) and cases cited therein (defendant cannot complain on appeal of errors invited or induced by himself).

Wherefore, based upon the above and foregoing, coupled with the facts and citations set forth in the government's initial Response, the government respectfully suggests that Mr. Weinkle's motion should properly be denied and that he be required to continue assisting Mr. Rosenbaum in

the instant case; or, in the alternative, that Mr. Weinkle be required to address his motion to the Court of Appeals.

                                        Respectfully submitted,

                                        MARCOS DANIEL JIMENEZ
                                        UNITED STATES ATTORNEY

By: _____
                                LAWRENCE D. LaVECCHIO
                                ASSISTANT UNITED STATES ATTORNEY
                                Florida Bar No. 305405
                                299 East Broward Boulevard
                                Fort Lauderdale, Florida 33394
                                954/356-7255/ 356-7230 - fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by facsimile on this 10th day of October 2003 to the following:

Jeffrey Weinkle, Esquire (305-377-2324)

Richard Rosenbaum, Esquire (954-522-7003)

Stephen Rosen, Esquire (305-371-6966)

                                                _____
                                                LAWRENCE D. LaVECCHIO