Date: November 2. 2003   Sunday

From:   Ariel Hernandez, #50796824
        Main Jail Bureau, unit: 7-D-1
        P.O. Box 9356
        FT. Lauderdale, FL. 33310



FILED BY _____ D.C

03 NOV -5 PM 3:58

CLARENCE HADDOX
CLERK U.S. DIST. CT.
S.D. OF FL - MIAMI

United States District Court, Southern District of
Florida

United States of America,
                Plaintiff,                 case no.: 00-6273-cr-HUCK/BROWN

v.s.

Ariel Hernandez,
                Defendant.
————————————————————/

Memorandum To The Judge
-- Defendant's personal objection to Mr. Weinkle's co-counsel appointment --

Dear Your Honor,

    This defendant, Ariel Hernandez, is compelled to strongly alert,
object, and protest the actions of this Court -- forcing upon this
defendant a known counsel of conflict of interest for representation --
which effects a bias and prejudice against this defendant or in
favor of the Government, and harm and fear such actions are
causing this defendant as effecting the fairness of this appeal and
right to due process. May the actions be reversed or corrected,

————————                              (next page)



661
rt

page 2
memo. to. Judge.

or, may trial Judge Huck recuse himself and the order of the action in the appointment of a conflict-counsel be remanded for fair, unbias and unprejudice consideration and judgment. This defendant avers the following in support:

1. This defendant was convicted of first degree murder and racketeering.[1] Defense trial counsel was Mr. Weinkle. After sentencing, counsel was granted a Motion to Withdraw, declaring, in addition, very serious "irreconcilable differences."[2]    On direct appeal, case was remanded back to trial Judge Huck for an important reconstruction portion of the record, involving played tapes before the jury, that the court reporter failed to record verbatim.[3]    During this reconstruction hearing, problems evolved which effects a bias and prejudice against this defendant or in favor of the Government, further effecting the fairness and due process of this appeal.

2. On September 8, 2003, date of commencement to the limited remand to reconstruct, Mr. Weinkle, former trial counsel, without invitation, audaciously stood and presented himself as counsel of record, declaring "Counsel for the defendant."[4] All to this defendant's shock.  Protest and objections

                                                                (next page)
_____

[1]  Convicted December, 2001, of RICO and VICAR.
[2]  Motion to Withdraw as Appellate [sic] Counsel, July 19th, 2002; granted. Emergency Motion to Withdraw as Co-appellate Counsel, October 2, 2003;
[3]  Remand granted June, 2003.
[4]  This "self-appointment" -- holding ulterior motives as strongly asserted by this defendant -- is contrary not only to very serious and well known conflict of interest, but also note in Motions to Withdraw, sue Footnote 2.

page 3
memo. to Judge.

erupted from this defendant and his actual appellate counsel, Mr. Rosenbaum, to Weinkle's "self-appointment".

3. The problem. The problem at the limited remand hearing to reconstruct, September 8 and 12, 2003, was an inability to accurately have a crucial portion of the record reconstructed; leading only for the Government and defense to stipulate that "tapes were played", but to no agreeable concensus as to what portions, order, and content. Leading to Judge Huck to appoint [conflict counsel] Mr. Weinkle to defendants team against defendant's objections, Huck added, "I don't care what defendant wants, I'm doing this anyway," to remedy reconstructions' lack of concensus.    Disregarding the following:

a) That this defendant is entitled to conflict-free effective assistance of counsel per the U.S. Constitution Amendment.

b) That the Court, either by order or subpoena, could have Mr. Weinkle turn over any physical evidence (i.e. notes) relative to the reconstruction-issue -- instead of forcing this defendant to accept a counsel with whom very serious irreconcilable differences to include distrust exist between this attorney and defendant.

c) That the judge's forced appointment of a conflict-counsel negates this defendant from questioning -- for accuracy, completeness, and veracity -- information submitted in this defendants' name

_____

(next page)

page 4
memo. to. Judge.

coming from a distrusted and questionable representation, as strongly asserted by this defendant. Thus,

d) Judge Huck's forced appointment and disregard of defendant's objections is an action of prejudice and bias against this defendant or in favor of the Government lending to violations in Due Process and effective assistance of counsel rights, despite of other viable alternatives such as **b** above.

4. Conclusion: "I never saw him take any handwritten notes at the trial ... But I did see him enter + delete, enter + delete notes into a laptop computer," asserts this defendant.    This may be unfair in reference to evidence-notes on the reconstruction-issue, because on such a digital medium how does one check for authenticity from a laptop system presumably in constant use +12 months after the fact? Then there is the latest false assertion, noted on the Emergency Motion to Withdraw -- that defendant was "content" with Weinkle's trial representation -- not only false, as attested by this defendant, and contrary to the actual motion to withdraw from trial, see footnote **2**, but clearly meant to undermine the motion's very effort to withdraw. A specious undertaking which this defendant is all too aware stemming from the trial representation.[5] Adding, how does this defendant stop this from continuing and, now, affecting his appeal, when, it's even the trial judge compelling upon this defendant the same "broken" representation from trial? There is no trust in this counsel. Is anyone listening?

_____ (next page)

[5] Misrepresentation, as harmful to the defendant, implicitly or explicitly, directly or indirectly, is exactly the evolved distrust and fear this defendant has of Mr. Weinkle.

Page 5
Memo. to Judge.

5. Unnotarized oath. Under penalty of perjury, I, Ariel Hernandez, affirm that everything said in this memorandum is true.

Respectfully,

Date: November 2, 2003

Ariel Hernandez, # 50996824

encl.:

1) letter, Clerk, 11ᵗʰ Cir., 9/19/03;

2) Emergency motion to withdraw, 10/2/03;

3) Government's response, 10/6/03;

4) Motion to withdraw, 7/19/02.

cc: Judge Huck; Mr. R. Rosenbaum; Ms. L. Hirch; Mr. L. La Vecchio; Clerk of Court; Mr. J. Weinkle; my file.

p.s. This defendant has received information from the 11ᵗʰ Circuit Court of Appeal, clerk, now appointing Mr. Weinkle as this defendant's "appellate counsel". Which begs the question: what are the chances that the Clerk randomly, or next-in-line, picked Weinkle? Obviously, someone, who this defendant suspects is the Government and/or Weinkle, is perpetuating the unfairness of this conflict-counsel appointment. See attached clerk letter, 11ᵗʰ Cir., September 19, 2003.

_____

⁶ Even the Government condones this appointment of a conflict-counsel upon this defendant, as noted in their motion to sustain appointment, because they know it serves them a "tactical" advantage, regardless of its unfairness. See Government response against counsel's motion to withdraw, dated October 6, 2003, attached.

*Hernandez*

Richard L. Rosenbaum
Law Offices of Richard L. Rosenbaum
350 E. Las Olas Blvd.-Suite 1700
Fort Lauderdale FL 33301

SEP 2 3 2003

---

September 19, 2003

RE: 02-12352-AA     USA v. Frederick J. Massaro
DC DKT NO.:  00-06273 CR-PCH

-----------------------------------------------------------------------------
**Once an appearance form has been filed, please go to http://www.ca11.uscourts.gov
and click on the Electronic Filing link to upload your brief. For your convenience,
your Login ID is: 047873042**
-----------------------------------------------------------------------------

TO:    Jeffrey David Weinkle

CC:    Benedict P. Kuehne

CC:    Donald Samuel

CC:    Richard L. Rosenbaum

CC:    Lawrence D. LaVecchio

CC:    Anne R. Schultz

CC:    Lisa A. Hirsch

CC:    Eduardo I. Sanchez

CC:    Administrative File

# United States Court of Appeals
### Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

September 19, 2003

SEP 2 3 2003

Jeffrey David Weinkle
19 W FLAGLER ST STE 407
Biscayne Bldg.
MIAMI FL 33130-4404

RE: 02-12352-AA    USA v. Frederick J. Massaro
DC DKT NO.: 00-06273 CR-PCH

Party To Be Represented: Ariel Hernandez

Dear Counsel:

We are pleased to advise that you have been appointed to represent on appeal the indigent
litigant named above.  This work is comparable to work performed pro bono publico.  The fee
which you will receive likely will be less than your customary one due to limitations on
the hourly rate of compensation contained in the Criminal Justice Act (18 U.S.C.§ 3006A).

Enclosed are the following:

1. Criminal Justice Act (CJA) Voucher
2. Instructions for Completing CJA Voucher
3. Notice to Court-Appointed Counsel of Public Disclosure of Attorney Fee Information
4. Addendum Four to the Eleventh Circuit Rules entitled "Eleventh Circuit Plan Under
   the Criminal Justice Act"

Your claim for compensation under the Act should be submitted **within 60 days** after
issuance of mandate or filing of a cert. petition, consistent with the requirements outlined
in the accompanying materials.  We request that you enclose with your completed CJA Voucher
one additional copy of each brief, petition for rehearing, and *cert.* petition which you have
filed.  Please ensure that your voucher includes a detailed description of the work you
performed.

Thank you for accepting this appointment under the Criminal Justice Act.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Andrea Ware (404) 335-6218

CJA-1 (02-2002)

USCA# 02-12352-AA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273-CR-HUCK

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ARIEL HERNANDEZ,

Defendant.
_____/





## ORDER

THIS MATTER is before the Court pursuant to an Order remanding to the District court

on a limited basis for purposes of clarifying the record on appeal.  A hearing was set for

September 8, 2003, after hearing argument from counsel, it is

ORDERED and ADJUDGED that Attorney Jeffrey Weinkle is hereby re-appointed as co-

appellate counsel for Defendant Ariel Hernandez.

DONE and ORDERED in Chambers at Miami, Florida this _9_ day of September, 2003.

PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

cc:    Lawrence Lavecchio, AUSA
       Jeffrey Sloman, AUSA
       Lisa Hirsch, AUSA
       Richard Rosenbaum, Esq.
       Jeffrey Weinkle, Esq.
       Stephen Rosen, Esq.
       Daniel Samuel, Esq.
       Appellate Court

SEP 2 3 2003

644
A.A.

OCT 11 2003 10:41M FROM:JEFFREY WEINKLE 305 377 2524      TO:19545227003      P:2/4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6273-CR-HUCK

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

ARIEL HERNANDEZ, et al.,

    *Defendant,*

_____/

## EMERGENCY
## MOTION TO WITHDRAW AS CO-APPELLATE COUNSEL

THE UNDERSIGNED COUNSEL, respectfully moves this Honorable Court to enter its Order permitting him to withdrawal as co-appellate counsel for the defendant, and in support there of would state:

1. The undersigned represented the Defendant, Ariel Hernandez, pursuant to an appointment under the Criminal Justice Act. This representation in the District Court included all matters beginning shortly after Indictment and continuing through trial and sentencing. Further, the undersigned has preserved the Defendant's right to appeal the findings of the Jury and the District Court by timely filing a Notice of Appeal with the Eleventh Circuit Court of Appeals. That appeal remains pending at this time.

2. Subsequently, the undersigned was permitted to withdraw as a result of irreconcilable differences between the Defendant/Client.

3. Recently, this matter had been remanded by the Eleventh Circuit Court of Appeals in order to reconstruct a portion of the record. At that time, this Court appointed the undersigned to act as co-appellate counsel with Richard Rosenbaum, Esq.

<u>United States v. Ariel Hernandez</u>
CASE NO. 00-6273-CR-HUCK

4. On Tuesday, September 30, 2003, the undersigned was contacted by Richard Rosenbaum and notified that Mr. Hernandez had made death threats towards the undersigned as well as threats to burn down his house. These threats were allegedly communicated to a friend of his who took them seriously enough to contact Mr. Rosenbaum and advise him of the threats.

5. Mr. Rosenbaum met with Mr. Hernandez on September 30, 2003 and was temporarily put at ease regarding the seriousness of these threats. However, on October 2, 2003 Mr. Rosenbaum contacted the undersigned to notify him that he had received a letter from Mr. Hernandez which made additional threats of death or serious bodily injury against the undersigned if he continues as co-appellate counsel.

6. Mr. Rosenbaum has advised the undersigned that he takes these threats seriously and frankly, given the nature of the conduct for which Mr. Hernandez was convicted, as well as past personal contacts the undersigned has had with him, the undersigned is compelled to also take these threats seriously.[1]

7. The undersigned has attempted to confer with AUSA Jeffrey Sloman, who was unavailable at the time.

---

[1] Mr. Hernandez advised the Court at the conclusion of the hearing to reconstruct the record that he was satisfied with the undersigned as his trial counsel, but that he did not want him to continue as appellate counsel.

2

*United States v. Ariel Hernandez*
CASE NO. 00-6273-CR-HUCK

    WHEREFORE, the undersigned respectfully moves this Honorable Court to permit the him

to withdraw as co-appellate counsel of record for the Defendant.

Respectfully submitted,

JEFFREY D. WEINKLE, ESQ.<br>
FBN: 271934

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed/delivered this

__2nd___ day of __October____, 2003, to: UNITED STATES ATTORNEY'S OFFICE, AUSA

**Jeffrey Sloman**, 500 E. Broward Blvd., Suite 700, Ft. Lauderdale, FL 33394 (Fax: 954-356-7230);

and to:

Stephen Rosen, Esq.  
Suite 1020  
1221 Brickell Avenue  
Miami, FL 33131  
(Attorney for Trentacosta)

Mr. Ariel Hernandez  
c/o Broward County Jail  
555 SE First Ave  
Ft Laud, Fl 33301

JEFFREY D. WEINKLE, ESQ.<br>
Biscayne Building<br>
19 West Flagler Street, Suite 407<br>
Miami, F:L 33130<br>
Tel: (305) 373-4445<br>
Fax: (305) 377-2324

JEFFREY D. WEINKLE, ESQ.

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 006-6273-CR-HUCK/BROWN

UNITED STATES OF AMERICA,

PLAINTIFF,

v.

ARIEL HERNANDEZ,

DEFENDANT.
_____/

GOVERNMENT'S RESPONSE TO EMERGENCY MOTION
TO WITHDRAW AS CO-APPELLATE COUNSEL

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and files this Response in opposition to the motion of attorney Jeffrey D. Weinkle seeking his withdrawal as co-counsel in the pending appeal of Ariel Hernandez.

1. In the pending appeal of Hernandez' convictions and sentence, appointed counsel Richard Rosenbaum has raised several issues, including his alleged inability to determine, based upon the record on appeal, what specific evidence was presented to the jury. In his brief, Mr. Rosenbaum asserted that there were "substantial and significant portions of the Record" which were not transcribed and, further, that "[b]ecause the defendant is represented by new counsel on appeal, he is not required to show prejudice." Initial Brief of Appellant Ariel Hernandez, pp 35-36.

2. By order dated September 8, 2003, this Court re-appointed Mr. Weinkle as co-appellate counsel for Ariel Hernandez. That appointment has been acknowledged and accepted by the Eleventh Circuit Court of Appeals. See, attached correspondence dated September 18,

2003 from the Eleventh Circuit Court of Appeals to Mr. Weinkle.

3. The re-appointment of Mr. Weinkle to assist Mr. Rosenbaum in Hernandez' appeal clearly works to the detriment of the defendant by, in part, undercutting Mr. Rosenbaum's assertions that (a) appellate counsel is unable to determine what matters occurred during trial, and (b) given that appellate counsel was not present at trial, the government need not establish prejudice in order for a new trial to be mandated.[1]

4. It is apparent that, in an effort to gain strategic advantage on appeal, the defendant Hernandez has issued threats to the person and property of Mr. Weinkle in order to cause his withdrawal from the case. This blatant and criminal attempt by the defendant to manipulate the judicial system cannot be countenanced by this Honorable Court or by the Eleventh Circuit Court of Appeals.

5. In United States v. Jennings, 855 F.Supp. 1427 (M.D.Pa. 1994), affirmed, 61 F. 3d 897 (3d Cir. 1995), after the defendant's motion to appoint new counsel was denied on the eve of trial, the defendant physically assaulted his court-appointed counsel. The court thereupon dismissed court-appointed counsel and refused to appoint new counsel, finding that, by his actions the defendant had forfeited his right to counsel. In reaching its decision, the court noted that, "concerning the manipulation of the right to counsel, the most appropriate response to this tactic is to refuse to allow the manipulation, in the sense that the defendant should not be provided with the advantage sought." Id. at 1444. Similarly, in United States v. McLeod, 53 F.3d 322 (11th Cir. 1995), the defendant was verbally abusive to his attorney and threatened to harm him. The trial court allowed the attorney to withdraw, but refused to appointed new

---

[1] For the record, the government disputes both of these contentions on appeal.

2

counsel for him, finding that the defendant's treatment of his lawyer constituted a waiver of his right to counsel at the hearing on his motion for new trial.

6. In the case at bar, this court should not, under any circumstances, be a party to the criminal designs of the defendant. The government respectfully submits that, consistent with the terms of the court's earlier re-appointment, Mr. Weinkle can continue to assist Mr. Rosenbaum in the pending appeal.[2]

7. Moreover, given that the case is now once again pending before the Eleventh Circuit Court of Appeals, the pending Motion is properly filed before that Court. Addendum Four, Eleventh Circuit Plan Under the Criminal Justice Act, Section (e)(2) states, in pertinent part, the following:

> If trial counsel appointed under the Act by the district court wishes to be relieved from the duty of representing the party on appeal, counsel shall file with the clerk of the court of appeals an original and one copy of a motion asking for such relief and stating the grounds therefor, but shall nevertheless continue to represent the party on appeal until relieved by the court of appeals.[3]

Wherefore, based upon the above and foregoing, the government respectfully suggests that Mr. Weinkle's motion should properly be denied and that he be required to continue

---

[2]To the extent that this court may be concerned that Mr. Weinkle may be conflicted based upon the allegations set forth in his pending motion, the Fourth Circuit has held that no such prohibition lies where, as here, "a defendant, represented by co-counsel, receives effective assistance from his conflict-free counsel at all critical statges of the criminal process, while his conflicted attorney plays a subsidiary role." Hoffman v. Leeke, 903 F.2d 280, 287 n. 3 (4th Cir. 1990), quoted in Turner v. Williams, 812 F.Supp. 1400, 1434 (E.D.Va. 1993).

[3]The Act further provides that the district court may also relieve such counsel "provided it substitutes counsel as provided under subsection (c) of the Act." However, given the nature and purpose of Mr. Weinkle's re-appointment in the instant case, the government respectfully submits that this section is inapplicable in the instant case.

3

assisting Mr. Rosenbaum in the instant case; or, in the alternative, that Mr. Weinkle be required to address his motion to the Court of Appeals.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: _____/s/_____

LAWRENCE D. LaVECCHIO
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 305405
299 East Broward Boulevard
Fort Lauderdale, Florida 33394
954/356-7255/ 356-7230 - fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by facsimile on this 6th day of October 2003 to the following:

Jeffrey Weinkle, Esquire (305-377-2324)

Richard Rosenbaum, Esquire (954-522-7003)

Stephen Rosen, Esquire (305-371-6966)

_____/s/_____

LAWRENCE D. LaVECCHIO

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6273-CR-HUCK

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

ARIEL HERNANDEZ, et al.,

    *Defendant,*
_____/

## MOTION TO WITHDRAW AS APPELLATE COUNSEL

THE UNDERSIGNED COUNSEL, respectfully moves this Honorable Court to enter its Order permitting him to withdrawal as counsel for the defendant, and in support there of would state:

1. The undersigned has represented the Defendant, Ariel Hernandez, pursuant to an appointment under the Criminal Justice Act. This representation in the District Court included all matters beginning shortly after Indictment and continuing through trial and sentencing. Further, the undersigned has preserved the Defendant's right to appeal the findings of the Jury and the District Court by timely filing a Notice of Appeal with the Eleventh Circuit Court of Appeals. That appeal remains pending at this time.

2. Subsequent to the imposition of Judgment and Sentence, there have arisen irreconcilable differences between the Defendant/Client and the undersigned which render it virtually impossible to maintain any meaningful attorney/client relationship. These differences have prevented the attorney and the client from being able to reach agreement on issues to be raised on appeal.

3. Additionally, the Defendant/Client has expressed his concerns that the undersigned may have overlooked or otherwise failed to raise certain issues and/or make certain objections during pre-

*United States v. Ariel Hernandez*
*CASE NO. 00-6273-CR-HUCK*

trial motions, trial and sentencing and he would prefer to have other counsel appointed for appellate purposes in order to review the manner in which trial counsel conducted these proceedings.

4. As of this date, the record is still being compiled. Within the last few days, Co-defendant, Massaro has retained new counsel, and no briefs have been filed on behalf of any party. The undersigned submits that permitting him to withdraw at this time would not prejudice any other party or cause any unreasonable delay in the proceedings.

5. The undersigned has conferred with AUSA Lawrence Lavecchio who has advised the undersigned that the Government has no objection to granting the relief sought herein.

WHEREFORE, the undersigned respectfully moves this Honorable Court to permit the him to withdraw as counsel of record for the Defendant for purposes of his appeal.

Respectfully submitted,

JEFFREY D. WEINKLE, ESQ.
FBN: 271934

2

*United States v. Ariel Hernandez*
*CASE NO. 00-6273-CR-HUCK*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed/delivered this

___19th___ day of __July___, 2002, to:  UNITED STATES ATTORNEY'S OFFICE, **AUSA**

**Lawrence Lavecchio**, 500 E. Broward Blvd., Suite 700, Ft. Lauderdale, FL 33394 (Fax: 954-356-

7230); and to:

Stephen Rosen, Esq.
Suite 1020
1221 Brickell Avenue
Miami, FL 33131
(Attorney for Trentacosta)

Mr. Ariel Hernandez
c/o Broward County Jail
555 SE First Ave
Ft Laud, Fl 33301
(Also read to Mr. Hernandez during a
telephone conference on July 17, 2002

HADDAD & HESTER, P.A.
Fred Haddad
One Financial Plaza, Suite 2612
Ft. Lauderdale, FL 33394
(Attorney for Massaro)

Sale & Kuehne, P.A.
Bank of America Tower, Suite 3550
100 S.E. Second Street
Miami, FL 33131

JEFFREY D. WEINKLE, ESQ.
1035 NW 11th Avenue
Miami, FL 33136-2911
Tel: 305-373-4445
Fax: 305-545-8514

JEFFREY D. WEINKLE

2