UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6273-CR-PCH

# The attached hand-written document has been scanned and is also available in the SUPPLEMENTAL PAPER FILE

DE# 715
Docket Clerk

United States District Court
Southern District of Florida

CASE NO. 00-6273-CR-HUCK

United States of America

vs

Ariel A. Hernandez,



## Motion For Copy of Trial Transcript by Indigent Litigant

Come Now The Defendant Ariel A. Hernandez, pro se And pursuant to Federal Statute 28 U.S.C § 753(f) for an order to supply a copy of The Trial Transcripts for the use, and filing a 28 USC § 2255 motion The Defendant Avers The following:

A) The Defendant is indigent and unable to retain a Attorney to file a 28 USC § 2255 motion.

B) The Court has awarded Defendant Indigent status

C) Attorney Appointed for Appeals (Richard Rosenbaum) Received a copy of The Trial Transcript on Computer C.D's This Defendant has no Access to a computer, Therefore These C.D's are useless to him.

715

D Defendant needs to review testimonies from trial to properly pinpoint his trial counsels' ineffectiveness

E This District Court has the Authority to provide This Defendant with a copy of the Transcripts

F The **Seventh** Circuit pointed out that under Federal Statute "Anyone can Inspect the trials' transcripts in the Clerks office if they can get to it. Thus This inmate is prevented from Inspecting and Reviewing the trial transcripts because of his imprisonment from traveling to the clerks office. (see 28 U.S.C. 753 (b) )

6 To Deny This motion would violate the equal protection clause by Denying to indigent inmates what Affluent prisoners could obtain by having their Lawyers pursue the district courts files. Thus the Seventh District concluded "Requests for the pre-existing Record in the underlying criminal proceeding should be granted as by Right of the District Courts to prisoners seeking to use the Record to prepare a collateral attack on their convictions (see Rush v US 559 F.2d 455) (7th cir.1977)

H. In McCollum v US (430 US 321) it was argued that a free transcript ought to be provided based on the prisoners Allegations that he had need for a transcript to demonstrate the non frivolous of his collateral Attack on his conviction. The Defendant reminds the court that a transcript is in existence but was never made available to him. Defendant also sought a copy from his Attorney which he stated that the CJA will not re-imburse him or allow him to make a copy at the courts expense. This is further Hindered because counsel for Defendant Attained the transcripts in computer disks which This Defendant has no Access to a computer whatsoever because of his imprisonment.

I. Since Defendant is on a time limit to file a 28 USC 2255, He needs these trial transcripts without delay.

Wherefore, This Defendant respectfully request that this Honorable Court enter a Order to provide a free copy of the trial transcript to this Defendant so that he may properly and timely file his 28 USC 2255 motion.

UN NOTARIZED oath
under the penalty of perjury all information contained within is true to the best of my knowledge

Certificate of Service

I hereby certify that a copy of the foregoing has been mailed this 9th day of August, 2005 to AUSA Lisa Hirsh, office of the US Attorney, 99 N.E. 4th St. Miami, Fla 33132 and list of Counsel.

Ariel A Hernandez
# 04006 1011
T G K.
7000 N.W. 41 St.
Miami, Fla. 33166.

AUSA Lawrence D. Lavecchio
office for the U.S. Attorney
500 E. Broward Blvd, 7th Floor
Ft Lauderdale, Fla. 33394

AUSA Jeffrey H. Sloman
office for the U.S. Attorney
500 E. Broward Blvd 7th Floor
Ft Lauderdale, Fla. 33394